Giovanni Orantes, Esq. 190060
THE ORANTES LAW FIRM, P.C.
3435 Wilshire Blvd. – 27th Floor
Los Angeles, CA 90010
Tel: 213-389-4362
Fax: 877-789-5776
go@gobklaw.com

General Insolvency Counsel for Debtor
And Debtor-In-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>Jong Uk Byun,<br><br>Debtor and<br>Debtor-In-Possession. | Case No. 2:23-bk-12747-VZ<br><br>Chapter 11 Proceeding<br><br>**CHAPTER 11 STATUS REPORT; SUPPORTING DECLARATIONS**<br><br>**HEARING**<br>**Date**:   June 22, 2023<br>**Time**:   9:30 a.m.<br>**Place**:   Courtroom:1368<br>            255 E Temple St.,<br>            Los Angeles, CA 90012 |

Jong Uk Byun, the debtor and debtor-in-possession in the above Chapter 11 proceeding (the "Debtor"), hereby submits his Status Report as ordered by the Court:

## I.

## General Description of the Debtor.

Jong Uk Byun ("Debtor") commenced his bankruptcy case on May 4, 2023 (the "Petition Date").

The Debtor is a single individual. The Debtor came to the United States from Korea in approximately 1992 and started engaging in the metal recycling business the following year. The Debtor formed Central Metal, Inc. ("CMI") in 1993 and operates that business, though CMI's

-1-

business has changed over time. CMI is a "C" corporation for tax purposes. CMI is currently in the business of renting real property assets that the Debtor rents to it, but Debtor is always attempting to identify new business opportunities and plans to exercise his right to engage in business to enhance his financial wherewithal, as necessary. Central Metal, Inc. filed a chapter 11 petition on January 8, 2010, Case No. 2:10- bk-l 0642-VZ. Central Metal, Inc. and was successful in getting a Plan of Reorganization confirmed on November 2, 2010. A discharge was entered on July 5, 2011. The debtor also filed a personal chapter 11 with his wife (now ex-wife) at about the same time, Case No. 2:10-bk-11241-VZ. He was also successful in getting a chapter 11 plan confirmed by Order entered on March 9, 2011. A discharge was entered on June 24, 2011. The Debtor also filed a case in 2020, which is discussed further below.

    The Debtor's troubles continuing to this date commenced when Central Metal's largest customer Hyundai Steel Company, Ltd. ("Hyundai") breached its contract with Central Metal. From 2007 through mid-2016, Central Metal sold Hyundai more than $180 million in recycled materials pursuant to a Memorandum of Understanding. Despite promises to the contrary, which caused Central Metal to purchase additional material handling equipment and expanding its business, Hyundai stopped buying products from Central Metal in 2016 without any formal notice. In breach of its promises to purchase 1.12 million tons of scrap metal since 2008, Hyundai barely purchased approximately 334,400 tons of scrap metal. As a result of Hyundai Steel's breach of its promises, CMI was never able to recover financially. CMI and, by extension, the Debtor have lost approximately $32 Million from Hyundai's failure to purchase 140,000 tons of scrap metal annually. One important detail here is that Hyundai discontinued performing on its obligations to CMI when it made an equivalent promise to Prime Metals U.S.A., Inc. ("Prime Metals) in exchange for the purchase by Prime Metals of certain mortgages against the Debtor's real properties. Hyundai had previously agreed to purchase these real properties (and be flexible regarding collection) as compensation for Hyundai's breach of purchase agreements with CMI in 2008 (the "Notes").

    Such Notes were the basis for attempting to foreclose on the Debtor's real properties on August 17, 2020.

In short, Hyundai breached agreements with CMI, which caused CMI to incur losses of tens of millions of dollars in depreciating scrap metal and investments in equipment and expansion of operations. Hyundai then purchased the Notes; however, since Hyundai then continued breaching its promises to buy scrap metal, both CMI and the Debtor were unable to perform under the Notes.

The Debtor filed his 2020 personal chapter 11 case to stop a foreclosure sale of his real property by the senior deed of trust holder, Hyundai. The foreclosure sale was set for August 17, 2020. The Debtor had previously listed his Los Angeles properties for sale and secured three buyers to purchase all four properties for $34.8 Million, which is less than what the Debtor believes he would get if given sufficient time for marketing and due diligence by potential purchasers. However, not even those sales could close before August 17, 2020. Hyundai refused to provide the Debtor any further extension even though the total sales price exceeded Hyundai's claims of approximately $24 Million by roughly $10 Million. When the Debtor was unable to convince Hyundai or the Superior Court for the County of Los Angeles to continue the sale, he was forced to file the bankruptcy petition.

The Debtor intended to prosecute litigation against Hyundai as part of his previous bankruptcy case. However, in the end, the Debtor compromised and had to pay off Hyundai to preserve the real estate he still has today and paid off Hyundai as well as several secured creditors with the proceeds of the sale of the Santa Fe Property. More specifically, the Debtor filed a Chapter 11 case in 2020 in the midst of the COVID-19 pandemic which halted real estate transactions and environmental inspections. He got an order dismissing it after he sold his biggest asset for $35,150,000 and paid off his largest lienholders, leaving a total debt of less than $5,000,000, the majority of which was held by parties which consented to the dismissal. The Debtor's biggest asset had an address of 8201 Santa Fe Avenue, Huntington Park, CA 90255 ("Santa Fe Property").

After the case was dismissed, the Debtor planned to pay his remaining debts over time and attempted to pay off his remaining consensual liens with loans secured by his remaining assets with an aggregate value of about $24 Million and reached agreement with his remaining

consensual lienholders on a compromised collective amount of just $2,100,000, which would increase over time depending on when the Debtor could pay the amount. Unfortunately, unlike the Santa Fe Property, the biggest remaining assets were not as easy to use as collateral. For the Santa Fe Property, its sale was held up for months or even years by the need to get environmental reports that COVID then prevented from being completed; however, the environmental reports concluded that only about $25,000 was all that was needed to remediate any issues. For the largest remaining Los Angeles real estate, which was used to engage in the same activities as the Santa Fe Property, however, the environmental analyses so far vary but one estimates that the cost for remediation may be as high as $2-2.5 Million depending on the depth of any contamination. Needless to say, the environmental issues delayed the Debtor from getting a loan against the remaining Los Angeles real estate and when he found lenders who would consider lending him money despite the environmental issues, the lenders withdrew when Packo Investments recorded a notice of default and then set a sale date.

On a parallel track, the Debtor engaged a real estate attorney who reviewed the loans in which Packo Investments was involved with the Debtor over the years and concluded that there were anomalies that warranted the filing of a complaint against Packo Investments, which he shared with Packo Investments weeks before filing it to avoid litigation but received no feedback and had to file it. The Court presiding over that lawsuit initially issued a temporary restraining order against selling the remaining Los Angeles real estate, but ultimately did not issue a preliminary injunction. Thus, the filing of the present Chapter 11 case was needed to preserve the properties with a value of about $19 Million for the benefit of not only the Debtor but also of the few remaining creditors of Mr. Byun other than Packo Investments.

Days before the present bankruptcy petition was filed, the Debtor engaged in negotiations with lenders who were willing to lend him money to pay off Packo Investments to stop the pending foreclosure; however, a transaction could not be completed at that time, but the Debtor may still pursue getting those loans post-petition while also filing a plan of reorganization for confirmation.

## II.

### Disclosure Statement Filing Status

The Debtor, through counsel, is in the process of preparing his Disclosure Statement and Plan. He believes that he will be able to prepare and file a combined Disclosure Statement and Chapter 11 plan in this case soon after the claims bar date period has expired, but may file one sooner, if possible.

## III.

### Proposed Bar Date and Deadline for Claim Objections

The Debtor requests that the Court issue a deadline to file proof of claims. The deadline should be August 25, 2023. The Debtor does not request that a deadline to file objections to claims be set.

## IV.

### Debtor has performed all duties under 11 U.S.C. §§ 521, 1106 and 1107

The Debtor has performed all his duties under 11 U.S.C. §§ 521, 1106 and 1107.

## V.

### Debtor's Post-Petition Operations

The Debtor is currently only renting his properties and depositing the rent in segregated Debtor-In-Possession accounts. Otherwise, he provides management services to his wholly owned company, Central Metal, Inc. He is not using cash collateral.

## VI.

### Professionals

At this time, the Debtor has only hired The Orantes Law Firm, P.C. ("the "Firm"), as his general insolvency counsel. The Firm's employment application was filed on June 2, 2023 as Docket No. 19.

The Debtor will be filing an application to employ a tax attorney and a litigation attorney in the near future as well as a new accountant for the Debtor's accounting needs.

## VI.

### Timing for Filing of Plan and Disclosure Statement

Again, the Debtor can file his Disclosure Statement and Plan soon after the claims bar date expires, but may file it sooner, if possible. The Debtor believes that there will be a distribution to general unsecured creditors in this case.

The Debtor intends to strive diligently to reorganize his financial affairs as expeditiously as possible and hopes to have his plan of reorganization confirmed as expeditiously as possible.

DATED: June 8, 2023

By: /s/Giovanni Orantes
    Giovanni Orantes, Esq.
    General Insolvency Counsel for Debtor and
    Debtor-in-Possession

## DECLARATION OF JONG UK BYUN

I, Jong Uk Byun, hereby declare and state as follows:

1. I am the Debtor (hereinafter the "Debtor") in the case under Chapter 11 of the Bankruptcy Code, Case No. 2:23-bk-12747-VZ ("Case"). Except when based on information and belief, I make this declaration based on facts within my personal knowledge and if called as a witness, could and would testify thereto.

2. I caused to be filed the present case for relief under Chapter 11 on May 5, 2020 (the "Petition Date"). I believe it is important to explain the conditions that required my filing for relief.

3. I am a single individual. I came to the United States from Korea in approximately 1992 and started engaging in the metal recycling business the following year. I formed Central Metal, Inc. ("CMI") in 1993 and manage that business. Central Metal, Inc. filed a chapter 11 petition on January 8, 2010, Case No. 2:10-bk-10642-VZ. Central Metal, Inc. and was successful in getting a Plan of Reorganization confirmed on November 2, 2010. A discharge was entered on July 5, 2011. My then-wife and I also filed a personal chapter 11 at about the same time, Case No. 2:10-bk-11241-VZ. We were also successful in getting a chapter 11 plan confirmed by Order entered on March 9, 2011. A discharge was entered on June 24, 2011. I also filed a case in 2020, which is discussed further below.

4. My troubles continuing to this date commenced when Central Metal's largest customer Hyundai Steel Company, Ltd. ("Hyundai") breached its contract with Central Metal. From 2007 through mid-2016, Central Metal sold Hyundai more than $180 million in recycled materials pursuant to a Memorandum of Understanding. Despite promises to the contrary, which caused Central Metal to purchase additional material handling equipment and expanding its business, Hyundai stopped buying products from Central Metal in 2016 without any formal notice. In breach of its promises to purchase 1.12 million tons of scrap metal since 2008, Hyundai barely purchased approximately 334,400 tons of scrap metal. As a result of Hyundai Steel's breach of its promises, CMI was never able to recover financially. CMI and, by extension, I have lost approximately $32 Million from Hyundai's failure to purchase 140,000 tons of scrap metal annually. One important detail here is that Hyundai discontinued performing on its obligations to CMI when it made an

equivalent promise to Prime Metals U.S.A., Inc. ("Prime Metals) in exchange for the purchase by Prime Metals of certain mortgages against my real properties. Hyundai had previously agreed to purchase these real properties (and be flexible regarding collection) as compensation for Hyundai's breach of purchase agreements with CMI in 2008 (the "Notes").

5. Such Notes were the basis for attempting to foreclose on my real properties on August 17, 2020.

6. In short, Hyundai breached agreements with CMI, which caused CMI to incur losses of tens of millions of dollars in depreciating scrap metal and investments in equipment and expansion of operations. Hyundai then purchased the Notes; however, since Hyundai then continued breaching its promises to buy scrap metal, both CMI and I were unable to perform under the Notes.

7. I filed my 2020 personal chapter 11 case to stop a foreclosure sale of my real property by the senior deed of trust holder, Hyundai. The foreclosure sale was set for August 17, 2020. I had previously listed my Los Angeles properties for sale and secured three buyers to purchase all four properties for $34.8 Million, which is less than what I believed I would get if given sufficient time for marketing and due diligence by potential purchasers. However, not even those sales could close before August 17, 2020. Hyundai refused to provide me with any further extension even though the total sales price exceeded Hyundai's claims of approximately $24 Million by roughly $10 Million. When I was unable to convince Hyundai or the Superior Court for the County of Los Angeles to continue the sale, I was forced to file the bankruptcy petition.

8. I intended to prosecute litigation against Hyundai as part of I previous bankruptcy case. However, in the end, I compromised and paid off Hyundai to preserve the real estate he still has today and paid off Hyundai as well as several secured creditors with the proceeds of the sale of the Santa Fe Property, defined below. More specifically, I filed a Chapter 11 case in 2020 in the midst of the COVID-19 pandemic which halted real estate transactions and environmental inspections. I got an order dismissing it after I sold my biggest asset for $35,150,000 and paid off my largest lienholders, leaving a total debt of less than $5,000,000, the majority of which is held by parties which consented to the dismissal. My biggest asset had an address of 8201 Santa Fe Avenue, Huntington Park, CA 90255 ("Santa Fe Property").

9. After the case was dismissed, I planned to pay my remaining debts over time and attempted to pay off my remaining consensual liens with loans secured by my remaining assets with an aggregate value of about $24 Million and reached agreement with my remaining consensual lienholders on a compromised collective amount of just $2,100,000, which would increase over time depending on when I could pay the amount. Unfortunately, unlike the Santa Fe Property, the biggest remaining assets were not as easy to use as collateral. For the Santa Fe Property, its sale was held up for months or even years by the need to get environmental reports that COVID then prevented from being completed; however, the environmental reports concluded that <u>only about $25,000</u> was all that was needed to remediate any issues. For the largest remaining Los Angeles real estate, which was used to engage in the same activities as the Santa Fe Property, however, the environmental analyses so far vary but one estimates that the cost for remediation may be as high as $2-2.5 Million depending on the depth of any contamination. Needless to say, the environmental issues delayed me from getting a loan against the remaining Los Angeles real estate and when I found lenders who would consider lending me money despite the environmental issues, the lenders withdrew when Packo Investments recorded a notice of default and then set a sale date.

10. On a parallel track, I engaged a real estate attorney who reviewed the loans in which Packo Investments was involved with me over the years and concluded that there were anomalies that warranted the filing of a complaint against Packo Investments, which I shared with Packo Investments weeks before filing it to avoid litigation but received no feedback and had to file it. The Court presiding over that lawsuit initially issued a temporary restraining order against selling the remaining Los Angeles real estate, but ultimately did not issue a preliminary injunction. Thus, the filing of the present Chapter 11 case was needed to preserve the properties with a value of about $24 Million for the benefit of not only me but also of my relatively few remaining creditors other than Packo Investments.

11. Days before the present bankruptcy petition was filed, through my representatives, I engaged in negotiations with lenders who were willing to lend me money to pay off Packo Investments to stop the pending foreclosure; however, a transaction could not be completed at that

time, but I may still pursue getting loans post-petition while also filing a plan of reorganization for confirmation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on June 8, 2023 in Los Angeles, California.

Jong Uk Byun

-4-

## DECLARATION OF GIOVANNI ORANTES

I, Giovanni Orantes, hereby declare and state as follows:

1. I am over the age of eighteen years and am not a party to this action; my business address is 3435 Wilshire Blvd. 27th Floor, Los Angeles, CA 90010, in Los Angeles County, California. I am duly licensed member of the bar of this Court. I have personal knowledge of the foregoing facts and if I am called upon to testify I could and would do so competently thereto.

2. I make this declaration pursuant to the Court's Order: (1) Setting Conference On Status Of Reorganization Case; (2) Requiring Debtors-In-Possession To Appear At Status Conference And File Report On Status Of Reorganization Case, Or Face Possible (A) Conversion Of Case To Chapter 7; (B) Dismissal Of Case; Or (C) Appointment Of Trustee; (3) Requiring Compliance With Standards Re Employment And Fee Applications; (4) Giving Notice Of Probable Use Of Court-Appointed Expert Witness For Contested Valuation Requests; (5) Mandating Use Of Forms For Disclosure Statement And Plan; And (6) Establishing Procedure For (A) Motion For Order Approving Adequacy Of Disclosure Statement; And (B) Motion For Order Confirming Plan; Status Conference hearing to be held on June 22, 2020 at 10:00 a.m.

3. Attached hereto as Exhibit "1" is a true and correct copy of my <u>estimated</u> budget for this case.

**DEBTOR HAS PERFORMED ALL DUTIES UNDER 11 U.S.C. §§ 521, 1106 AND 1107**

4. The Debtor has performed his duties under 11 U.S.C. §§ 521, 1106 and 1107 and will provide documents as requested by the U.S. Trustee at his Initial Debtor Interview or otherwise.

## PROFESSIONALS

5. At this time, the Debtor has only hired The Orantes Law Firm, P.C. ("the "Firm"), as his general insolvency counsel. The Firm's employment application was filed on June 2, 2023 as Docket No. 19.

6. The Debtor will be filing an application to employ a tax attorney and a litigation attorney in the near future as well as a new accountant for the Debtor's accounting needs.

**PROPOSED BAR DATE AND DEADLINE FOR CLAIM OBJECTIONS**

7.      The Debtor requests that the Court issue a deadline to file proof of claims. Deadline should be August 25, 2023.  The Debtor does not request that a deadline to have objections to claims be set.

**TIMING FOR FILING OF PLAN AND DISCLOSURE STATEMENT**

8.      Again, the Debtor can file his Disclosure Statement and Plan soon after the claims bar date expires, but may file it sooner, if possible. The Debtor believes that there will be a distribution to general unsecured creditors in this case.

9.      The Debtor and I intend to strive diligently to reorganize the Debtor's financial affairs as expeditiously as possible and hopes to have his plan of reorganization confirmed as expeditiously as possible.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 8th day of June 2023, at Los Angeles, CA.

/s/ Giovanni Orantes
Giovanni Orantes

- 2 -

# Exhibit 1

**Jong Uk Byun**
**Categories of Services**

| Category: | Asset Recovery/Analysis/Disposition | | |
|---|---|---|---|
| Name and or/Type | Hourly Rate ($/hr) | Estimated # of Hours | Total ($) Estimate |
| Giovanni Orantes, Esq. | $ 500.00 | 25 | $ 12,500.00 |
| Paralegals | $ 160.00 | 25 | $ 4,000.00 |
| Total | | | $ 16,500.00 |

| Category: | Business Operations | | |
|---|---|---|---|
| Name and or/Type | Hourly Rate ($/hr) | Estimated # of Hours | Total ($) Estimate |
| Giovanni Orantes, Esq. | $ 500.00 | 12 | $ 6,000.00 |
| Paralegals | $ 160.00 | 4 | $ 640.00 |
| Total | | | $ 6,640.00 |

| Category: | Case Administration | | |
|---|---|---|---|
| Name and or/Type | Hourly Rate ($/hr) | Estimated # of Hours | Total ($) Estimate |
| Giovanni Orantes, Esq. | $ 500.00 | 20 | $ 10,000.00 |
| Paralegals | $ 160.00 | 20 | $ 3,200.00 |
| Total | | | $ 13,200.00 |

| Category: | Claims Administration and Objections/Litigation | | |
|---|---|---|---|
| Name and or/Type | Hourly Rate ($/hr) | Estimated # of Hours | Total ($) Estimate |
| Giovanni Orantes, Esq. | $ 500.00 | 45 | $ 22,500.00 |
| Paralegals | $ 160.00 | 20 | $ 3,200.00 |
| Total | | | $ 25,700.00 |

| Category: | Fee/Employment Applications/Objections | | |
|---|---|---|---|
| Name and or/Type | Hourly Rate ($/hr) | Estimated # of Hours | Total ($) Estimate |
| Giovanni Orantes, Esq. | $ 500.00 | 12 | $ 6,000.00 |
| Paralegals | $ 160.00 | 18 | $ 2,880.00 |
| Total | | | $ 8,880.00 |

| Category: | Automatic Stay | | |
|---|---|---|---|
| Name and or/Type | Hourly Rate ($/hr) | Estimated # of Hours | Total ($) Estimate |
| Giovanni Orantes, Esq. | $ 500.00 | 25 | $ 12,500.00 |
| Paralegals | $ 160.00 | 25 | $ 4,000.00 |
| Total | | | $ 16,500.00 |

Category: Plan and Disclosure Statement

| Name and or/Type | Hourly Rate ($/hr) | Estimated # of Hours | Total ($) Estimate |
|---|---|---|---|
| Giovanni Orantes, Esq. | $ 500.00 | 45 | $ 22,500.00 |
| Paralegals | $ 160.00 | 25 | $ 4,000.00 |
| Total | | | $ 26,500.00 |

| Total Estimated Fees | | | $ 113,920.00 |
|---|---|---|---|

Expenses (Estimate)

| Document Reproduction (@ $0.10/page) | $6,000.00 |
|---|---|
| Facsimile Charges (@ $0.10/page for receipt only) | $50.00 |
| Postage | $6,000.00 |
| Total | $12,050.00 |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**3435 Wilshire Blve., Suite 2920
Los Angeles, CA 90010**

A true and correct copy of the foregoing document entitled (*specify*): **Chapter 11 Status Report** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 8, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Melody G Anderson on behalf of Creditor Creditors Adjustment Bureau, Inc.
manderson@kjfesq.com

Matthew L Eanet on behalf of Debtor Jong Uk Byun
matt@eanetpc.com, sara@eanetpc.com

David W. Meadows on behalf of Interested Party Courtesy NEF
david@davidwmeadowslaw.com

Kelly L Morrison on behalf of U.S. Trustee United States Trustee (LA)
kelly.l.morrison@usdoj.gov

Giovanni Orantes on behalf of Debtor Jong Uk Byun
go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **June 8, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| United States Bankruptcy Court<br>Honorable Vincent P. Zurzolo<br>255 E. Temple Street, Suite 1360<br>Los Angeles, CA 90012 | Office of The United States Trustee<br>915 Wilshire Blvd., Suite 1850<br>Los Angeles, California 90017 |
|---|---|

☒ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                            F 9013-3.1.PROOF.SERVICE

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 8, 2023 | Andrea M. Castro | /s/ signature |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

## Top 20 Unsecured Creditors

| | | |
|---|---|---|
| Adv. Fin./grand Pacifi<br>5900 Pasteur Ct Ste 200<br>Carlsbad, CA 92008 | Bejac<br>569 S. Van Buren Street<br>Placentia, CA 92870 | Bmw Bank Of North Amer<br>Attn: Bankruptcy<br>Po Box 3608<br>Dublin, OH 43016 |
| Bok Sook Byun<br>c/o Steven Polard<br>1880 Century Park East,<br>Ste. 404<br>Los Angeles, CA 90067 | California Dept. of Tax and Fee Adm<br>Special Ops. MIC 55<br>Sacramento, CA 94279 | Cemex Construction Materials<br>1430 East Santa Clara Street<br>Santa Paula, CA 93060 |
| Complete Business Solutions Group,<br>C/o Joe Cole<br>20 N. 3rd St.<br>Philadelphia, PA 19106 | Creditors adjustment<br>14226 Ventura Blvd.<br>Sherman Oaks, CA 91423 | Daniel Park<br>3435 Wilshire Blvd. Ste. 2700<br>Los Angeles, CA 90010 |
| Deutsche Bank National Trust Co.<br>c/o Ocwen Loan Servicing, LLC<br>Attn: Bankruptcy Dept.<br>PO Box 24605<br>West Palm Beach, FL 33416 | DLI Assets Bravo, LLC<br>Parker, Simon & Kokolis, LLC<br>110 N. Washington Street, Ste. 500<br>Rockville, MD 20850 | DTSC- Site Clean Up Program<br>Po Box 806<br>Sacramento, CA 95812 |
| Eisner Jaffe<br>9601 Wilshire Blvd., 7th Fl.<br>Beverly Hills, CA 90210 | Hose- Man<br>5397 North Irwindale Ave<br>Baldwin Park, CA 91706 | Jinah Oh<br>21856 S. Vermont Ave., #6<br>Torrance, CA 90502 |
| Joan Park<br>c/o Daniel Park<br>3435 Wilshire Blvd., # 2700<br>Los Angeles, CA 90010 | Jourdain DeWard<br>c/o Daniel Park<br>3435 Wilshire Blvd. # 2700<br>Los Angeles, CA 90010 | Resnik Hayes Moradi LLP<br>17609 Ventura Blvd, Ste 314<br>Encino, CA 91316-5132 |
| Sequoia Financial Svcs<br>Attn: Bankruptcy<br>28632 Roadside Dr , Ste 110<br>Agoura Hills, CA 91301 | Wells Fargo Dealer Services<br>Attn: Bankruptcy<br>1100 Corporate Center Drive<br>Raleigh, NC 27607 | |

## Secured Creditors

| | | |
|---|---|---|
| Adv. Fin./grand Pacifi<br>5900 Pasteur Ct Ste 200<br>Carlsbad CA 92008-0000 | Allen Park<br>440 S. Vermont Ave. Ste. 301<br>Los Angeles CA 90010-0000 | Bae Family Trust<br>C/o Young U. Bae<br>C/o Packo Investments, Inc.<br>440 S. Vermont Ave. #301<br>Los Angeles CA 90020-0000 |

| Bank of America<br>Attn: Bankruptcy<br>4909 Savarese Circle<br>Tampa FL 33634-0000 | Bank of Hope<br>C/o Frandzel Robins Bloom & Csato Attn: Hal D. Goldflam<br>1000 Wilshire Blvd., 19th Fl.<br>Los Angeles CA 90017-0000 | BFS West, Inc.<br>Attn: President or Corp. Officer 3301 University<br>Pompano Beach FL 33065 |
|---|---|---|
| Complete Business Solutions Group<br>C/o Joe Cole<br>20 N. 3rd Street<br>Philadelphia PA 19106-0000 | Hyundai Steel Company<br>c/o O'Melveny & Myers LLP<br>Attn: Darren Patrick 400 S. Hope Street, 18th Fl. Los Angeles CA 90071-0000 | Kap Chan Chong<br>C/O Christine Chong, Esq.<br>3580 Wilshire Blvd., Ste. 900<br>Los Angeles CA 90010-0000 |
| Los Angeles County Tax Collector<br>Bankruptcy Unit<br>Po Box 54110<br>Los Angeles CA 90054-0110 | M&A Equitiies, LLC<br>C/o Allen Park<br>440 S. Vermont Ave., Ste. 301<br>Los Angeles CA 90010-0000 | Mohamed Sanfaz<br>C/o Packo Invvestments, Inc.<br>440 S. Vermont Ave., Ste. 301<br>Los Angeles CA 90020-0000 |
| Packo Investments<br>C/o Allen Park<br>440 S. Vermont Ave., Ste. 301<br>Los Angeles CA 90020-0000 | San Bernardino County Tax Collector<br>Attn: Director or Executive Officer 172 West Third St., First Floor<br>San Bernardino CA 92415 | Select Portfolio Servicing, Inc<br>Attn: Bankruptcy<br>Po Box 65250<br>Salt Lake City UT 84165-0000 |
| Soo Yeong Kim<br>Yeon Shim Song 8300 Santa Fe Ave Huntington Park CA 90255-0000 | Southern Counties Oil, Co.<br>1800 W. Katella Ave., Ste. 400 Orange CA 92867-0000 | Toni Ko<br>1100 S. Hope Street Los Angeles CA 90015-0000 |
| Wells Fargo Bank NA<br>Attn: Bankruptcy<br>Po Box 10438<br>Des Moines IA 50306-0000 | Wells Fargo Dealer Services<br>Attn: Bankruptcy<br>1100 Corporate Center Drive<br>Raleigh NC 27607-0000 | Yeon Shim Song<br>C/o J.J. Kim & Associates<br>9252 Garden Grove Blvd., Ste. 23<br>Garden Grove CA 92844 |