1    David W. Meadows (CA Bar No. 137052)
2    **LAW OFFICES OF DAVID W. MEADOWS**
     1801 Century Park East, Suite 1201
3    Los Angeles, California  90067
     Telephone: 310-557-8490
4    david@davidwmeadowslaw.com

5    Counsel to Movant, Packo Investments, Inc., as Assignee of
6    Mohamed Sanfaz, and Packo Investments, Inc. as Assignee
     of The Bae Family Trust
7
8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                **LOS ANGELES DIVISION**

11

12   In re:                                  Case Number 2:23-bk-12747-VZ

13   **JONG UK BYUN,**                       Chapter 11

14          Debtor and Debtor in Possession  **MOTION TO DISMISS OR CONVERT**
15                                            **CHAPTER 11 CASE; MEMORANDUM OF**
                                             **POINTS AND AUTHORITIES IN SUPPORT**
16                                           **THEREOF**

17                                           **DECLARATION OF DAVID W. MEADOWS**
18                                           **AND DECLARATION OF ALLEN PARK, IN**
                                             **SUPPORT THEREOF, FILED SEPARATELY**
19
20                                           **[Filed Concurrently with Motions for Relief**
                                             **from Automatic Stay]**
21
22                                           **Hearing:**

23                                           Date:   July 11, 2023
24                                           Time:   11:00 a.m.
                                             Place:  Courtroom 1368
25                                                     255 E. Temple Street
                                                       Los Angeles, CA 90012
26

27

28

1

# TABLE OF CONTENTS

| | | | |
|---|---|---|---|
| I. | MOTION SUMMARY ............................................................. | | 2 |
| | 1) | Forum Shopping ................................................................. | 3 |
| | 2) | Nothing has changed since the dismissal of the most recent petition ......... | 4 |
| | 3) | Repeat Filings ..................................................................... | 5 |
| | 4) | The Debtor is Unable to Confirm a Chapter 11 Plan........................... | 6 |
| | 5) | The Case is a Bad Faith Filing.................................................... | 7 |
| II | STATEMENT OF FACTS............................................................. | | 8 |
| | A. | List of Chapter 11 Petitions by the Debtor.................................... | 8 |
| | B. | Movant's Loan Documents...................................................... | 8 |
| | C. | Relevant Filings from the Prior Petition...................................... | 9 |
| | D. | The Debtor's April 11, 2023 Superior Court Complaint Alleging Conspiracy Among Two of the Debtor's Former Attorneys, Mr. Daniel E. Park and Ms. Christine Chong, With Mr. Allen Park (Principal of Packo Investments) as an attempt to enjoin the April 17, 2023 Noticed Foreclosure Sale on the Sanfaz Note and Deed of Trust.................................................. | 11 |
| | E. | Relevant Filings from the Current Petition .................................. | 12 |
| III. | ARGUMENT ......................................................................... | | 13 |
| | A. | "Cause" Exists to Dismiss the Chapter 11 Case or Alternatively, to Convert the Case to a Case under Chapter 7 of the Bankruptcy Code, Pursuant to Bankruptcy Code Section 1112(b)(1)................................. | 12 |
| | | 1) The Debtor is Forum Shopping ................................................. | 14 |
| | | 2) Nothing Has Changed Since the Dismissal of the Most Recent Case | 15 |
| | | 3) The Debtor Is a Repeat Filer – This is the Fourth Petition Involving the Same Properties.................................................................. | 16 |
| | | 4) The Debtor is Unable to Confirm a Chapter 11 Plan | 17 |
| | | 5) There is Sufficient Basis in the Facts to Find that the Case was Filed in Bad Faith.................................................................. | 19 |
| | B. | Granting Relief is in the Creditors' and the Estate's Best Interests ................. | 19 |
| IV. | CONCLUSION ..................................................................... | | 22 |

Law Offices of David W. Meadows
Los Angeles, California

i

# TABLE OF AUTHORITIES

STATUTES

Section 1112(b)(1) of the Bankruptcy Code …………………………………………..   3, 13, 14

Section 1112(b)(4) of the Bankruptcy Code …………………………………………..   3, 13, 14


CASE AUTHORITIES

In re Baroni, 36 F.4th 958 (9th Cir. 2022) ……………………………………………….   13

Marsch v. Marsch (In re Marsch), 36 F.3d 825, 828 (9th Cir. 1994) ………………………   13

Gilliam v. Speier (In re KRSM Props., LLC), 318 B.R. 712, 714 (9th Cir. BAP 2004) …..   18

In re WLB-RSK Venture, 296 B.R. 509, 514 (Bankr. C.D. Cal. 2003) …………………   14

In re Silberkraus, 253 B.R. 890, 902-03 (Bankr. C.D. Cal. 2000) …………………………   14

In re Wahlin, 2011 Bankr. LEXIS 1134, fn. 6 (Bankr. D. Idaho 2011) …………………..   13

LAW OFFICES OF DAVID W. MEADOWS
LOS ANGELES, CALIFORNIA

**TO THE HONORABLE VINCENT P. ZURZOLO, TO THE DEBTOR AND DEBTOR IN POSSESSION, AND TO INTERESTED PARTIES:**

Movant Packo Investments, Inc. ("Packo"), as Assignee of The Bae Family Trust (the "Bae Family Trust") and Packo as Assignee of Mohamad Sanfaz ("Sanfaz") (collectively, "Movants"), the Bae Family Trust and Sanfaz each being secured creditors of the Debtor, hereby move this Court for an order in the alternative dismissing the chapter 11 case of Jong Uk Byun, an individual, debtor and debtor in possession (the "Debtor") or converting the case from Chapter 11 to a case under Chapter 7 of the Bankruptcy Code.    This Motion is supported by the Memorandum of Points and Authorities that follows below, the separately filed Declaration of Allen Park, the separately filed Declaration of David W. Meadows, the exhibits attached thereto and incorporated herein, the separately filed and served Notice of Motion, all related pleadings on file.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### MOTION SUMMARY

The Motion is brought pursuant to Bankruptcy Code Section 1112(b), requesting that the Court dismiss the case or alternatively convert the case to one under Chapter 7 of the Bankruptcy Code.   Of the two alternatives, Movant believes dismissal better serves the interests of creditors.   The Motion is brought concurrently with two separate motions for relief from the automatic stay.   One of the relief from stay motions is brought by Packo Investments, Inc. ("Packo") as Assignee of Mohamed Sanfaz, with respect to the Sanfaz Note, defined below.    The second relief from stay motion is brought by Packo as Assignee of the Bae Family Trust with respect to the Bae Family Trust Note, also as defined below.    Movant requests that the Court grant all three (3) motions.

2

The Motion is brought "for cause" under Section 1112(b)(1) of the Bankruptcy Code based on the following:[1]    The factors below do not fall within the enumerated, non-exhaustive list of possible factors set out in Section 1112(b)(4), but nonetheless are sufficient to either dismiss this fourth bankruptcy petition or to convert the case to one under Chapter 7 of the Bankruptcy Code.

1)    **Forum Shopping**:    In order to stop a non-judicial foreclosure sale on the Sanfaz Note sale from occurring on April 17, 2023, the Debtor chose to turn on two of his former attorneys.  In a Superior Court complaint filed on April 11, 2023, the Debtor alleges that his two former attorneys orchestrated and participated in a conspiracy with Mr. Allen Park (the principal of Packo Investments, Inc.) to, among other things, defraud the Debtor with respect to the interest rates and collateral relating to the entire portfolio of loans made to the Debtor.  The complaint even alleges elder abuse by the attorneys and Allen Park.   The Complaint alleges that Mr. Byun does not read English well enough to have understood the documents he was signing and relied on his Korean-speaking attorneys to translate the documents for him.    The Superior Court granted a temporary restraining order, limited only to clarifying dollar amounts sought in the Sanfaz and Bae Family Trust notices of default.   On May 3, 2023, one day before the newest petition was filed, the Superior Court issued a 14-page tentative ruling denying the application for a preliminary restraining order.   On May 4, 2023, approximately one-half hour before the Superior Court was to rule against the Debtor on the application, the Debtor filed his most recent chapter 11 petition.

Having already obtained a temporary restraining order and then sought an injunction in the Superior Court to prevent the April 17, 2023 foreclosure sale from proceeding and not being happy with the obvious result (shown by the posted tentative ruling), the Debtor sought another bite at the apple for

---

[1]    The factual basis for this Motion is substantially the same as that stated in the two motions for relief from stay, all three motions being based on "cause" under either Section 1112(b) or Section 362(d) of the Bankruptcy Code.

LAW OFFICES OF DAVID W. MEADOWS
LOS ANGELES, CALIFORNIA

an injunction by filing this most recent petition, thereby obtaining the benefit of the automatic stay.    The

complaint and a copy of the 14-page tentative ruling by the Superior Court are each attached hereto as

**Exhibits 3 and 5,** respectively, and incorporated herein by the Declaration of David W. Meadows

(hereinafter, the "Meadows Decl."), and are discussed in detail below.[2]

        2)      <u>**Nothing has changed since the dismissal of the most recent petition.**</u>    After the

successful sale of the "Santa Fe" property (defined below), the Debtor, along with Movants and parties

affiliated with Movants, filed the Joint Motion to Dismiss (defined below) the prior chapter 11 case.

The effective date of the dismissal was April 19, 2022.    In May, 2022, more than a full year ago, the

Debtor entered into a Settlement Agreement (defined below) with Sanfaz and the Bae Family Trust.

The Settlement Agreement provided for settlement of the combined Bae and Sanfaz claims for a total,

combined discounted payment of $2,100,000 if paid by June 30, 2022 or $2,200,000 if paid by August

30, 2022.    Of course, no payment was made.    The Settlement Agreement provided that Sanfaz and Bae

would not record a notice of default any earlier than July 8, 2022.    Both Sanfaz and Bae gave the

Debtor even more forbearance than they were obligated to provide, not recording their respective notices

of default until December 21, 2022.

        Since the dismissal of the last case and the filing of the newest case, the Debtor has done

absolutely nothing to pay Movants or take any actions *toward* payment to Movants.    In connection

with his seeking a preliminary injunction, the Debtor declared to the Superior Court that he has "retained

the services of a financial consultant who has been working to obtain financing to satisfy any and all

amounts lawfully due under the notes and to enable tender of payment of the same prior to May 4,

2023." May 4, 2023 was the calendared hearing date on the Debtor's application for a preliminary

---

[2]    The Superior Court complaint is listed as "pending," in Part 4 of the Statement of Financial
Affairs, Dkt. 17, page 55 of 68, a true and correct copy of which is attached to the Meadows Decl. as
Exhibit 1.

injunction to stay the foreclosure sale scheduled by Movant, which had been rescheduled to occur the next day.     Of course, the financial consultant was not identified, nor did the Debtor provide to the Superior Court a copy of a contract with a financial consultant, and showing when that consultant was retained.    All this time*, a full one-year since dismissal of the prior case*, all Mr. Byun has done is have his operating entity, Central Metal, Inc., operate on his properties, paying rent to Mr. Byun. According to the most recent Statement of Financial Affairs, the Debtor has received $846,890 in rental income over the past year.  (Statement of Financial Affairs, Dkt. 17, page 54 of 68.)   The Debtor has taken money from one pocket and put it in his other.    Based on the evidence the Debtor filed in the Superior Court complaint, or the lack of evidence filed by him, *the Debtor has used none of that money* to evaluate the environmental problems on the properties, much less to take the active step of using the rents to hire a contractor and actually remediate whatever environmental contamination exists on the properties.

        3)    **Repeat Filings.**    The Debtor has filed now a total of four (4) chapter 11 cases.    The first case was a joint filing by the Debtor and his then-wife, In re Jong Uk Byun and Bok Soon Byun, Case No. 2:10-bk-11241-VZ.  The second case was filed only by Mr. Byun, In re Byun, Case No. 2: 18-bk-19004-VZ.  The third case was filed by Mr. Byun, In re Byun, Case No. 2:20-bk-17433-VZ.    All the cases involved the same properties, with the only difference being that in the newest case, the Santa Fe property no longer is part of the picture, having been sold to U-Haul in the prior case.   That successful sale though was only a result of two factors that are not factors here.  First, in the prior case, the holder of the first position deed of trust, Hyundai Steel Company, was unwilling to actually foreclose.   This Movant is willing to do so, as proven by the sale that was noticed for April 17, 2023.   Second, due to the Covid pandemic, the Santa Fe property became suddenly and unexpectedly valuable as a logistics location.   Hence, U-Haul and others bid for that property, with a sale ultimately closing for

$35,150,000.  The proceeds of the sale indeed paid several layers of secured debt.   There is no such prospect of a sale of the Debtor's remaining properties.

       4)      **The Debtor is Unable to Confirm a Chapter 11 Plan**.   In addition to the Debtor's secured debt, he owes substantial, pre-petition capital gain tax, both to the State of California Franchise Tax Board (the "FTB") and to the Internal Revenue Service (the "IRS").     The Franchise Tax Board is listed in the Debtor's newest Schedules as a secured creditor having a claim of $2,551,499.31. (Schedules (defined below), Dkt. 17, page 19 of 68).   California Department of Tax & Fee Administration is shown having a zero amount due.  (Dkt 17, page 23 of 68).   The City of Los Angeles likewise is shown at zero.   (Dkt. 17, page 24 of 68).     The Employment Development Department is shown at zero amount due.  (Dkt. 17, page 24 of 68).     The Internal Revenue Service (the "IRS") is shown as having zero amount due.  (Dkt. 17, page 25 of 68).     We know at least with respect to the IRS that statement is not true.    In support of the Joint Motion to dismiss the prior chapter 11 case, the Debtor introduced into evidence the Declaration of Hyung Jin Park, the Debtor's CPA.    (See Meadows Decl., **Exhibit 2**, Mr. H. Jin Park declared that the estimated the capital gain tax resulting from a sale of the Santa Fe property if sold for $30,000,000 would be $5,832,000 to the IRS and approximately $3,253,000 to the State of California.    The combined amount of estimated tax under this testimony is $9,085,000.   The Santa Fe property sold for more than the $30,000,000 estimate, so the actual tax should be higher than the CPA's estimate.

       The Debtor has declared that due to the environmental contamination at his remaining properties – which he has done nothing to address – he can neither sell nor refinance his properties.   While the Debtor does receive substantial monthly rents from the properties, **$76,870.00** per month as represented in the recent set of Schedules and Statement of Financial Affairs, the rents are cash collateral to Movant Sanfaz and to Movant Bae.     Even if there were no secured creditors at all, the rents would not be

Law Offices of David W. Meadows, Los Angeles, California

6

sufficient, even remotely, to satisfy the Debtor's obligation to pay tax claims as set out at Section

1129(a)(9) of the Bankruptcy Code.    Section 1129(a)(9) requires a plan to provide for payment of

priority tax claims under Section 507(a)(8) over a period ending not later than five (5) years from the

petition date, with total value as of the effective date of the plan equal to the allowed amount of the

claim.    The tax claims total at least $9 million.    The current interest rate applicable to federal tax is

7%.    The rate applicable to the State of California is currently the same.    Applying the 7.0% rate to the

estimated combined state and the federal tax, the monthly payment would be $177,177.25 if payments

had commenced one month after the petition date.    That amount is plainly impossible for Debtor to pay,

even ignoring the fact that the rents constitute cash collateral to Sanfaz and Bae.

   The Debtor has no more ability to confirm a plan under this petition than the Debtor had in the

prior case, which was the basis to have it dismissed.

   5)  __The Case is a Bad Faith Filing.__

   As set out in the concurrent motions for relief from stay, where Movants request the Court grant

*in rem* relief under Section 362(d)(4) of the Bankruptcy Code, the Debtor's present case is a case filed as

part of a scheme to hinder and/or delay creditors.    The Debtor knew it could not confirm a chapter 11

plan in the prior case – its third bankruptcy case in that it would incur huge capital gain taxes as part of a

sale and would have no way to pay those administrative priority claims.    The Debtor knew when it

filed this case that neither the facts nor the legal analyses have changed since the last case was

dismissed.    This Debtor is using this most recent filing only as a way to delay and hinder its secured

creditors from pursing their rights.

LAW OFFICES OF DAVID W. MEADOWS
LOS ANGELES, CALIFORNIA

## II.

## STATEMENT OF FACTS

The following Statement of Facts support the Motion, with references to either the bankruptcy court's dockets and/or evidence incorporated in concurrently filed declarations.

**A.** **List of Chapter 11 Petitions by the Debtor:**

1.  On January 12, 2010, the Debtor filed his first petition, <u>In re Jong Uk Byun and Bok Soon Byun,</u> case number 2:10-bk-11241-VZ.

2.  On August 3, 2018, the Debtor filed his second bankruptcy petition, <u>In re Jong Uk Byun</u>, case number 2:18-bk-19004-VZ.

3.  On August 14, 2020, the Debtor filed his third bankruptcy petition, <u>In re Jong Uk Byun</u>, case number 2:20-bk-17433-VZ.

4.  On May 4, 2023, the Debtor filed his most fourth and most recent bankruptcy petition, <u>In re Jong Uk Byun</u>, case number 2:23-bk-12747-VZ.

**B.** **Movants' Loan Documents**

5.  <u>Mohamed Sanfaz</u>:  On September 29, 2022, Mr. Mohammad Sanfaz ("Sanfaz") executed an "Assignment of Deed of Trust, Assignment of Rents and Promissory Note" (the "<u>Sanfaz Assignment</u>") to Packo Investments, Inc. ("<u>Packo</u>"), whereby Sanfaz assigned to Packo all of Sanfaz' rights in the "Deed of Trust with Assignment of Rents as Additional Security Dated May 10, 2022, executed by the Debtor.   This May 10, 2022 deed of trust was executed by the Debtor after the dismissal of the prior case.   By inadvertence, the deed of trust had not been recorded against the Debtor's real property but only against the real property of the Debtor's wholly owned business, Central Metals, Inc. ("CMI").   Pursuant to the May, 2022 Settlement Agreement (defined below), the Debtor agreed to execute the inadvertently omitted deed of trust in favor of Sanfaz, to supplement other deeds

of trust granted to Sanfaz.  The Sanfaz notes and recorded deeds of trust are attached collectively to the

separately filed Declaration of Allen Park (hereinafter, the "Park Decl."), as **Exhibits 1** and **Exhibit 2**.[3]

Copies of the timely recorded assignment of the Sanfaz notes and deed of trust to Packo, and

Substitution of Trustee, are attached collectively to the Park Decl. as **Exhibit 3.**

6.    Bae Family Trust:    The Bae Family Trust note and deed of trust are attached to the

Park Decl. as **Exhibits 4** and **Exhibit 5**.    A true and correct copy of the timely recorded assignment of

the Bae Family Trust note and deed of trust to Packo, and Substitution of Trustee, are attached

collectively to the Park Decl. as **Exhibit 6.**[4]

## C.    **Relevant Filings from the Prior Petition**

7.    On December 22, 2021, the Court entered its order in Case No. 2:20-bk-17433-VZ

entitled, "Order Granting Motion for Sale of 8201 Santa Fe Avenue, Huntington Park, CA" (the "Sale

Order").  The Sale Order authorized the sale of the property commonly known as 8201 Santa Fe

Avenue (the "Santa Fe property") to U-Haul, through its special purpose entity, 8201 Santa Fe (CA),

LLC, for a purchase price of $35,150,000.00.  (Case Number 2:20-bk-17433-VZ, Dkt. No. 446).

8.    Following the sale of the Santa Fe property in the prior chapter 11 case, the Debtor,

Movant and parties affiliated with Movant, filed two joint motions.   One of the joint motions was the

"*Joint Motion by Junior Lienholders and Debtor to Dismiss Chapter 11 Case*" (the "Joint Motion to

---

[3]    The Debtor's most recent Schedules of Assets and Liabilities (the "Schedules") are in error with respect to the scope of lien shown on behalf of Sanfaz.    The Schedules describe the property that secures the Sanfaz secured claim as "2203 S. Alameda Street, Los Angeles, CA  90058."   That statement is correct but incomplete.  The Sanfaz claim is secured by all of the Debtor's properties other than the "Hinkley" property (Schedules, Dkt. 17, Item 1.3, page 6 of 68.)

[4]    A copy of the recorded assignment documents was forwarded to Debtor's former and present bankruptcy counsel, Mr. Orantes, soon after recordation.

LAW OFFICES OF DAVID W. MEADOWS
LOS ANGELES, CALIFORNIA

Dismiss") (filed in Case 2:20-bk-17433-VZ, dkt. 506).    A true and correct copy of the Joint Motion to

Dismiss is attached to the Meadows Decl. as **Exhibit 2.**    In support of the Joint Motion to Dismiss, the

Debtor stated:

> The remaining real estate assets of my bankruptcy case ostensibly have a value of
> about $15,200,000 . . . .    However, my remaining Los Angeles properties have
> environmental issues, such as contaminated groundwater, which has previously
> limited the purchase price offered by interested parties to a small fraction of the
> estimated value of the properties.    Since the sale of my largest real estate asset
> was completed [the sale of the Santa Fe property], which paid off the large
> majority of my debts [excluding tax], I have explored refinancing of my
> remaining assets and even sale; however, obtaining an amount sufficient to pay
> my remaining assets [sic] while paying the capital gains due from the sale of my
> largest property plus several millions of dollars [of additional capital gain tax] that
> would  be due on the sale of each of the remaining three properties has rendered it
> impossible to raise enough money to pay the remaining debts.    So, it does not
> appear that my remaining Los Angeles properties could even be sold so as to get a
> net amount sufficient to pay the remaining creditors after paying the capital gains
> taxes. . . . . Needless to say, given enough time to market the remaining Los
> Angeles properties (which I do not have [during the pending bankruptcy case]) so
> as to get an economically justifiable amount for them, I would be open to sell
> them and not being in an open bankruptcy case may entice more parties to deal
> with me.   I make this statement because many of the parties I have approached to
> refinance or to sell the property to have declined to negotiate with me because the
> bankruptcy case is still open.

Exhibit 2, Joint Motion, Declaration of Jong Uk Byun, page 18 of 52, para. 5.

**D.**    **The Debtor's April 11, 2023 Superior Court Complaint Alleging Conspiracy Among Two of the Debtor's Former Attorneys, Mr. Daniel E. Park and Ms. Christine Chong, With Mr. Allen Park (Principal of Packo Investments) as an Attempt to Enjoin the April 17, 2023 Noticed Non-Judicial Foreclosure Sale on the Sanfaz Deed of Trust.**

9.    Attached to the Meadows Decl. as **Exhibit 3** is a true and correct copy of the verified complaint filed the Debtor, captioned "*JONG UK BYUN, an individual; and CENTRAL METAL, INC., a California corporation, Plaintiffs, v. PACKO INVESTMENTS, INC., a California corporation; M&A EQUITIES, LLC, a California limited liability company; ALLEN H. PARK, an individual; DANIEL E. PARK, an individual;  CHRISTINE CHONG, an individual; JENNIFER BAE and YOUNG BEA [SIC], as trustees for the BAE FAMILY TRUST; MOHAMED SANFAZ, an individual, and DOES 1-100 Inclusive*" (the "Complaint").    The Complaint alleges and seeks:

1.  Fraud and Deceit

2.  Fraud in the Execution

3.  Elder Financial Abuse

4.  Cancellation of Written Instruments (Civ. Code § 3412)

5.  Quiet Title

6.  Breach of Fiduciary Duty

7.  Usury

8.  Conversion

9.  Violation of Penal Code § 496

10.  Civil Conspiracy

11. Aiding and Abetting

11

12. Bus. & Prof. §17200 (Unfair Business Practices)

and demands a jury trial.

10.     In the prayer for relief, the Complaint sought, among other things: "For temporary and

permanent injunctive relief enjoining Defendants from:  a. taking any action to enforce the Bae Trust

Note, the Sanfaz Note, the related Deeds of Trust and Notices of Default; and b., proceeding with any

non-judicial foreclosure of the properties."   (Complaint, page 23, lines 13-16).

11.     Attached to the Meadows Decl. as **Exhibit 4** is a true and correct copy of the Declaration

filed by the Debtor in the Superior Court, to support his application for a preliminary injunction at the

Superior Court hearing calendared for May 4, 2023.

12.     Attached to the Meadows Decl. as **Exhibit 5** is a true and correct copy of the 14-page

"Tentative decision on application for preliminary injunction enjoining foreclosure: denied" (the

"Tentative Ruling.")    The Tentative Ruling was posted on May 3, 2023, the day prior to the hearing on

the application of the Debtor for the preliminary injunction.

13.     Attached to the Meadows Decl. as **Exhibit 6** is a true and correct copy of the Superior

Court's Minute Order, dated May 4, 2023 at 1:30 p.m.    The Minute Order reflects that the Plaintiff (the

Debtor and Central Metals, Inc.) informed the Superior Court that a bankruptcy petition had been filed

by the Debtor on May 4, 2023.

E.     **Relevant Filings from the Current Petition**

14.     Attached to the Meadows Decl. as **Exhibit 1** is a true and correct copy of the Debtor's

most recently filed Official Form 106Sum, the Schedules of Assets and Liabilities, and the Statement of

Financial Affairs (Dkt. 17) (the "Schedules and SOFA" or the "Schedules" or the "Statement of

Financial Affairs"), filed on May 18, 2023.

12

# III.

# ARGUMENT

A.    **"Cause" Exists to Dismiss the Chapter 11 Case or Alternatively to Convert the Case to a Case under Chapter 7 of the Bankruptcy Code, Pursuant to Bankruptcy Code Section 1112(b)(1)**

The Ninth Circuit Court of Appeal in In re Baroni, 36 F.4th 958 (9th Cir. 2022) ("In re Baroni')

recently set out the standard for analysis of dismissal or conversion of a chapter 11 case to a case under

Chapter 7 of the Bankruptcy Code, pursuant to Bankruptcy Code Section 1112.

> The standard for converting a Chapter 11 case to Chapter 7 [or dismissing the case] is set out in 11 U.S.C. § 1112. This statute provides that the bankruptcy court "shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause." 11 U.S.C. § 1112(b)(1). However, even if cause is established, Section 1112(b)(2) prohibits a bankruptcy court from granting relief under Section 1112(b)(1) if the bankruptcy "court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes [one of two enumerated circumstances]." Id. § 1112(b)(2). Thus, depending on the arguments advanced by the parties, there are three primary inquiries: (1) whether cause exists for granting relief under Section 1112(b)(1); (2) whether granting relief is in the creditors' and the estate's best interests; and (3) if so, which form of relief best serves the creditors' and the estate's interests.

36 F.4th at 965.

The first element is "cause," and it exists here, even if not within one of the enumerated

examples of cause set out in Section 1112(b)(4). "Cause" includes any of the factors set out in Section

1112(b)(4), but does not require that one of the sub-part (b)(4) is met. "Cause" under § 1112(b) is not

limited to the statutory examples found in § 1112(b)(4)." In re Wahlin, 2011 Bankr. LEXIS 1134, fn. 6

(Bankr. D. Idaho 2011). *See also* Marsch v. Marsch (In re Marsch), 36 F.3d 825, 828 (9th Cir. 1994)

("Although section 1112(b) does not explicitly require that cases be filed in 'good faith,' courts have

Law Offices of David W. Meadows
Los Angeles, California

overwhelmingly held that a lack of good faith in filing a Chapter 11 petition establishes cause for

dismissal.").    Bankruptcy Code Section 102, Rules of Construction, provides at Section 102(3) that

"includes" and "including" are not limiting.    11 U.S.C. § 102.    That the facts of the case do not fall

within any of the examples of "cause" set out at Section 1112(b)(4) does not in any way limit the

discretion of the Court in finding "cause" under Section 1112(b).

Each of the factors below are sufficient for a finding of "Cause."

### 1)    The Debtor is Forum Shopping

Forum shopping alone is a sufficient basis for a finding of bad faith, which is itself is a sufficient

basis to dismiss the case under Section 1112(b)(1).    In re WLB-RSK Venture, 296 B.R. 509, 514

(Bankr. C.D. Cal. 2003) (citing In re Silberkraus, 253 B.R. 890, 902-03 (Bankr. C.D. Cal. 2000)).    The

Debtor already sought a stay and obtained a temporary restraining order from the Superior Court by

filing the Complaint.    The temporary restraining order enabled the Debtor to provide supplemental

briefing to the Superior Court, and specifically was to provide evidence of any ability to pay the debt

owed on account of the Sanfaz Note, which was the note subject to the scheduled April 17, 2023

foreclosure sale.    The amount due on the Sanfaz Note was approximately $687,829 as of March 23,

2023.    The Superior Court issued a 14-page tentative ruling denying the Debtor's application for a

preliminary injunction.    (Meadows Decl., Exhibit 5).    The Debtor chose to file a fairly outrageous

complaint in the Superior Court, accusing his own two attorneys of conspiring with Mr. Allen Park and

his affiliated entities, to defraud the Debtor, even asserting claims of elder abuse against the very lenders

who helped the Debtor making loans to him.    The Debtor chose to make those allegations in forum of

the Superior Court, and chose that forum to obtain a permanent stay pending the outcome of that

litigation.    On the same day the Superior Court was expected to deny the application for a preliminary

injunction, for the reasons stated by the Court in its posted tentative, the Debtor then chose the

1   Bankruptcy Court as its fallback forum.  The Debtor should not have the benefit of a stay that the

2   Superior Court intended to deny.

3

### 2)   <u>Nothing Has Changed Since the Dismissal of the Most Recent Case</u>

4

5        The Debtor has accomplished nothing since the dismissal of the prior case on April 19, 2022.  He

6   has provided no evidence to Movant that the Debtor has implemented any form of environmental

7   remediation activities on his properties.   The Debtor has had the funds to do so.  The Statement of

8   Financial Affairs states that his rental income from January 1, 2023 through the new petition date of

9   May 4, 2023 is $307,480.00, plus $6,224.00 of Social Security Income.    In calendar year 2022, his

10   rental income was $846,890 and his Social Security Income was $18,679.   In calendar year 2021, his

11   rental income and Social Security Income were the same, $846,890 and $18,678.00 respectively.    Yet

12   he has used none of that income to clean up the environmental contamination on his properties that he

13   admits exist and prevents him from selling or refinancing his properties in order to pay his creditors.

14

15        After the last petition was dismissed, Mohamad Sanfaz and the Bae Family Trust entered into the

16   May 6, 2023 Settlement Agreement with the Debtor.    (Meadows Decl., **Exhibit 7**).   The Settlement

17   Agreement provided that Sanfaz and the Bae Family Trust would accept as a combined, total settlement

18   the amount of $2,100,000 if received by June 30, 2022, and $2,200,000 if received by August 30, 2022.[5]

19   The Debtor made no payments at all.    The Debtor's pre-tax combined income from January 1, 2021

20   through the petition date was $2,044,840.00.    Depending on his reasonable living expenses[6], the

21

22

23

24   [5]   As stated above, both the Sanfaz and The Bae Family Trust positions were acquired by and
assigned to Packo Investments, Inc. on September 29, 2022, and were recorded on the same date.

25

26   [6]   The Debtor apparently has no home mortgage related obligation.  The personal address he
provided in his petition, 3439 Padua Avenue, Claremont, California, 91711, is a property held in the
27   name of "Mi Hyun Kim, a Single Woman," according to the Grant Deed recorded in Los Angeles
County on December 3, 2021.  (Meadows Decl., **Exhibit 8.)**   A deposition or 2004 Examination of Ms.
28   Mi Hyun Kim might be revealing in terms of identifying the source of funds for the acquisition or

LAW OFFICES OF DAVID W. MEADOWS
LOS ANGELES, CALIFORNIA

Debtor could have nearly paid all or a majority of the settlement amount. He could have offered to pay half and ask for further forbearance. Instead, he paid nothing, not even the $687,829 due on the Sanfaz Note, and avoided that foreclosure sale by just paying off the Note. Instead, he chose to file the Superior Court Complaint and now this latest chapter 11 petition.

There *could* have been a substantial change during the past year – the Debtor could have used some of the very substantial money he has put in his pocket and hired an environmental contractor to actually undertake whatever environmental remediation the properties require. Those contractors could have been at work on the properties for a year. The Debtor has done nothing to improve his ability to borrow or sell these properties, at his own choice. The Debtor has done nothing over the past year to improve the prospect of payment of his creditor claims but has only put his own pocket nearly a million dollars.

### 3) <u>The Debtor Is a Repeat Filer – This is the Fourth Petition Involving the Same Properties.</u>

The Debtor has now filed four bankruptcy petitions involving the same properties, and now three bankruptcy petitions involving the current creditors including Movants. The most recent case, dismissed by the Joint Motion to Dismiss on April 19, 2022, was dismissed on the basis of the admitted fact that the Debtor could not refinance or sell his properties and be able to pay his creditors as long as he stayed in Chapter 11. In his declaration in support of the Joint Motion to Dismiss, the Debtor declared, as fully restated above at Section II (C), that "not being in an open bankruptcy case may entice more parties to deal with me." The Debtor also stated that the environmental issues have limited the purchase price offered by interested parties. Yet, during the full year since the dismissal of the last case, the

---

financing of the Padua property, and whether the property could be determined to be an asset of the Debtor's estate.

LAW OFFICES OF DAVID W. MEADOWS
LOS ANGELES, CALIFORNIA

Debtor has done nothing to address the problem, which he could have done. He could have simply hired an environmental engineering contractor and had the contractor build out and install the necessary remediation equipment. It is not as if the Debtor's environmental problems on its real property are any different than any other similarly contaminated property. If the Debtor wanted to solve the problem and wanted to pay his creditors, he would have taken active steps in the past year to do so. This fourth petition is nothing but abuse.

### 4)    The Debtor is Unable to Confirm a Chapter 11 Plan

The Debtor has hinted that his intention is to confirm a chapter 11 plan based on rental income alone. For instance, in the Debtor's same declaration in support of the Joint Motion to Dismiss, he states, "By contrast, continuing to lease the properties and draw rent from them can result in payment to the remaining creditors, even if with monthly payments over a number of years." (Meadows Decl., **Exhibit 2**, Joint Motion to Dismiss, Case No. 2-200-bk-17433-VZ, Dkt. 506, Page 19 of 52, lines 12-14). For the same reasons the Debtor could not confirm a chapter 11 plan in the prior case, a plan is not confirmable now, namely, the tax obligations. Put aside the cram down requirements for the consensual lien held by Sanfaz and by the Bae Family Trust, each of which are secured by not only the real property but also by rents. Even if the Debtor somehow could use all the rents to pay nothing but the tax, it would not be remotely possible to propose a confirmable plan.

Section 1129(a)(9) of the Bankruptcy Code provides: "Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that –

(C)    with respect to a claim of a kind specified in section 507(a)(8) of this title, the holder of such claim will receive on account of such claim regular installment payments in cash –

(i)    of a total value, as of the effective date of the plan, equal to the allowed amount of such claim;

17

(ii)    over a period ending not later than 5 years after the date of the order for relief

under section 301, 302, or 303 . . . .

11 U.S.C. § 1129(a)(8).

The Debtor's pre-petition capital gain tax is a personal property tax that falls within Section

507(a)(8).    Capital gain is a form of income, and falls within Section 507(a)(8).    *See generally,* Gilliam

v. Speier (In re KRSM Props., LLC), 318 B.R. 712, 714 (9th Cir. BAP 2004).    Although the Debtor's

current Schedules do not state the amount of capital gain tax due, other than listing the secured claim of

the Franchise Tax Board in the amount of $2,551,499.31 (Meadows Decl., **Exhibit 1**; Schedules and

Statement of Financial Affairs, Dkt. 17, page 19 of 68, item 2.9), the Debtor previously submitted

evidence that the estimated capital gain attributed to the Santa Fe sale that closed in December, 2021

will amount to more than $9 million.    In support of the Joint Motion to Dismiss (Meadows Decl.,

**Exhibit 2**), the Debtor incorporated the Declaration of Mr. H. Jin Park.    He testified that he estimated

the capital gain tax resulting from a sale of the Santa Fe property in the amount of $30,000,000 as

approximately $5,832,000 to the IRS, and approximately $3,253,000 to the State of California.    The

combined amount under this testimony is **$9,085,000**.    The Santa Fe property sold for more than the

$30,000,000 estimate.

Assuming capital gain of at least $9,000,000, the Debtor will be obligated under Section

1129(a)(8) to provide interest to both the FTB and the IRS, in order to provide present value.    The tax

rate payable to the FTB commencing July 1, 2023 will be 7%.    Likewise, the rate payable to the IRS is

the same, 7%.    Equally amortized over five years (from the petition date), the math comes to

**$177,177.25** per month.    The Debtor's Statement of Financial Affairs represents that the Debtor's

current rental income is **$76,870.00** per month.    (Meadows Decl., Exhibit 1; Statement of Financial

Affairs, Dkt. 17, page 49 of 68).    Of course, this ignores entirely the fact that the rents are collateral to

both Sanfaz and The Bae Family Trust, each of which would be entitled to payment on their claims with interest.

The Debtor has long known that it cannot confirm a chapter 11 plan.    In the prior case, the capital gain was even more impossible to deal with, as it was an administrative priority claim. Impossible and "even more impossible" are functionally the same.    The Debtor cannot confirm a chapter 11 plan or even propose one that has any likelihood of confirmation.

### 5)    There is Sufficient Basis in the Facts to Find that the Case was Filed in Bad Faith.

As set out in the concurrent motions for relief from stay, where Movants request the Court grant *in rem* relief under Section 362(d)(4) of the Bankruptcy Code, the Debtor's present case is a case filed as part of a scheme to hinder and/or delay creditors.    The Debtor knew it could not confirm a chapter 11 plan in the prior case – its third bankruptcy case.  It knew that because the Debtor knew that it would incur huge capital gain taxes as part of a sale and would have no way to pay those administrative priority claims.    The Debtor knew when it filed this case that none of the facts or legal analysis have changed since the last case was dismissed.    This Debtor is using this most recent filing only as a way to delay and hinder its secured creditors from pursing their rights.    The May 23, 2022 Settlement Agreement entered into by the Debtor establishes that the Debtor has no contention that he does not owe the money to Movant.    The Debtor has had the ability, through his substantial income, to pay the Sanfaz debt, but does not want to.    Anything but pay his debts.

Evidence of a scheme orchestrated by the Debtor also is shown by the participation in the scheme by the Debtor's wholly owned operating entity, Central Metal, Inc. ("CMI"), involving a transfer of property.    On March 30, 2023, CMI transferred by Grant Deed to the Debtor CMI's ownership of APN Number 5167-015-068, located at 1746 E. 22nd Street, Los Angeles, California, 90058-1009 ("Parcel 068"), a parcel shown in the Debtor's Schedules as now being owned by the

Debtor.  *(*See Schedules, Item 1.5, Dkt. 17, page 7 of 68).    However*, the property was transferred by CMI to the Debtor in anticipation of the Debtor's newest bankruptcy filing*.  In this way, CMI is benefitted by the Debtor's automatic stay without CMI filing its own bankruptcy petition.    The Bae Family Trust recorded its Notice of Default on December 21, 2022 with respect to Parcel 068.  The Bae Family Trust was prepared to record a Notice of Sale of Parcel 068 shortly after the scheduled foreclosure sale by Packo, as assignee of the Bae note and deed of trust.    The Debtor caused his operating company to make this transfer as part of a scheme to prevent the foreclosure by the Bae Family Trust.  (See Meadows Decl., attaching a true and correct copy of the Grant Deed by CMI to the Debtor recorded on March 30, 2023, **Exhibit 9**.)    The Grant Deed states the amount of Documentary Transfer Tax is $0.00, and represents that ""The grantors and the grantees in this conveyance are comprised of the same parities [sic] who continue to hold the sam [sic] proportionate interest in the property, R&T 11925(d)"".

Taking the series of cases as a whole, the Debtor has done nothing but engage in a long scheme to delay and hinder his creditors. The only reason there was a successful sale in the prior case, which was the only successful aspect of any of the cases, was due to the Covid-related pandemic, causing the Santa Fe property to become valuable as a logistics center.  The Debtor himself did nothing whatsoever to bring about the successful result in the last case.  He has done nothing whatsoever in the past year to enable this new filing to be successful.    While not originally perhaps, it is now only and entirely a scheme to hinder and delay creditors.

These factors are sufficient for a finding of bad faith.    Even without that label or summary description of the Debtor's most recent bankruptcy filing, the facts and factors nonetheless establish "cause" for purposes of Section 1112(b).

**B.**     **Granting Relief is In the Creditors' and the Estate's Best Interests.**

Dismissing the bankruptcy case is in creditors and the estate's best interest.    The only creditors ever active in the Debtor's bankruptcy cases have been Movants and the secured creditors that were paid in the prior case as a result of the sale of the Santa Fe property.    While the Debtor has scheduled many creditors in his Schedules, the only creditors likely to pursue the Debtor other than Movants are taxing authorities, the FTB and the IRS.    These entities are well suited to pursue their own respective remedies, without the benefit or the interference of a bankruptcy case.    Further, there are no assets to be administered for the benefit of any other creditors.    The Debtor admitted in its prior case that he is unable to refinance or sell his properties due to the environmental contamination.    The properties and the rents are Movants' cash collateral.    Even if a buyer were available for the remaining properties, the post-petition sale would create chapter 7 level capital gain.    The Office of the United States Trustee directs a chapter 7 trustee to abandon any property that will, as a result of a foreclosure sale, cause the chapter 7 estate to incur capital gain tax liability.    *See* "Handbook for Chapter 7 Trustees," Effective October 1, 2012 (still the operative version according to the Office of the United States Trustee's website) (estate is liable for any taxable gain upon the sale of property, even if the proceeds are abandoned.  Failure to abandon the property would expose the estate to additional tax liability. . . . An order granting relief from stay does not remove property from the estate."  (Handbook for Chapter 7 Trustees, Page 4-6, sections e., 1) and 2).)    With no assets to administer that are unencumbered or possibly exempt, such as the Debtor's only other source of income, his Social Security income, the conversion of the case to a case under Chapter 7 would only amount to a burden on the chapter 7 trustee.

LAW OFFICES OF DAVID W. MEADOWS
LOS ANGELES, CALIFORNIA

21

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Offices of David W. Meadows
Los Angeles, California

## IV.

## **CONCLUSION**

Movant requests that the Court grant all three of its motions -- the two motions for relief from stay "for cause," and this motion to dismiss the case, likewise "for cause."    All the facts of the Debtor's case and *cases* support the finding of cause.    The filing of the Superior Court Complaint, where the Debtor has turned on his attorneys and alleged conspiracy and elder abuse, resulted in a fair hearing where the application for a preliminary injunction was denied.    The repeat filings.    The lack of any change at all in the facts since the voluntary dismissal of the Debtor's prior case, last April, 2022. The same capital gain tax preventing confirmation of a plan, this time as pre-petition priority tax whereas in the prior case, the tax was administrative priority.    The overall bad faith of the Debtor in filing these cases, never proactively taking the opportunity to use the breathing spell to actually contract with vendors to begin the environmental remediation of this properties.  Having his affiliate, CMI, transfer its property to the Debtor to give CMI the benefit of the Debtor's bankruptcy automatic stay. As shown by the recently filed Schedules, all the Debtor has done for the past year is to put most if not all of **$1,160,584.00** into his pocket since the dismissal of the prior case[7].

---

[7]    The Statement of Financial Affairs show that the Debtor has received as income January 1, 2023 to the petition date $6,224.00 in Social Security Income and $307,470 in rents.    From January 1, 2022 through December 31, 2022, the Debtor reports receiving $18,678.00 in Social Security Income and $846,890.00 in rents.  Those amounts total $1,160,584.00.  The Debtor's prior bankruptcy case was dismissed on April 19, 2022.  Until dismissal, the rents would have been cash collateral.    A portion of the $1,160,584 may have been swept and paid to Hyundai Metal Company, as part of the final stipulation the Debtor reached with Hyundai in the prior case.    However, the rents from April, 2022 through this current petition, all went into the Debtor's pocket.

    The amounts stated in the Statement of Financial Affairs reflects only rental and social security income.    The Debtor is the sole owner of Central Metals, Inc.    One would think that the Debtor would receive income and a salary from that entity, of which is he not only the owner but also President. During the 341(a) meeting of creditors held on June 5, 2023, which was conducted through use of an official translator, Mr. Byun seemed to testify that he did and does receive income from CMI, but the translated testimony was unclear.

1    DATED:   June 13, 2023                    THE LAW OFFICES OF DAVID W. MEADOWS

2

3                                             By:  _____/s/ David W. Meadows_____

4                                                        David W. Meadows

5                                             Counsel to Movant Packo Investments, Inc., as Assignee of
6                                             Mohamed Sanfaz, an individual, and to Packo Investments,
                                              Inc., as Assignee of The Bae Family Trust.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:1801 Century Park East, Suite 1201, Los Angeles, CA  90067.

A true and correct copy of the foregoing document entitled:   **Motion of Movant Packo Investments, Inc., as Assignee of 1) The Bae Family Trust and 2), Mohamad Sanfaz for and Order Dismissing the Chapter 11 Case for Cause under Section 1112(b) or in the Alternative Converting the Case to a Case Under Chapter 7 of the Bankruptcy Code** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 6/15/23, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Melody G Anderson**    manderson@kjfesq.com
- **Matthew L Eanet**    matt@eanetpc.com, sara@eanetpc.com
- **David W. Meadows**    david@davidwmeadowslaw.com
- **Kelly L Morrison**    kelly.l.morrison@usdoj.gov
- **Giovanni Orantes**    go@gobklaw.com, gorantes@orantes-law.com, cmh@gobklaw.com, gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On 6/14/23, I caused to be served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Please see attached.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 6/15/23, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Via FedEx/Messenger
Honorable Vincent P. Zurzolo
United States Bankruptcy Court
255 E. Temple Street, Suite 1368
Los Angeles, CA 90012

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/15/2023 | David W. Meadows | /s/ David W. Meadows |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                            **F 9013-3.1.PROOF.SERVICE**

Label Matrix for local noticing
0973-2
Case 2:23-bk-12747-VZ
Central District of California
Los Angeles
Mon Jun 12 10:43:59 PDT 2023

Creditors Adjustment Bureau Inc
c/o Melody G. Anderson, Esq.
Law Offices of Kenneth J. Freed
4340 Fulton Ave., 3rd Floor
Sherman Oaks, CA 91423-6262

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332


Adv. Fin./Grand Pacific
Attn: President or Corp. Officer
5900 Pasteur Ct., Ste. 200
Carlsbad, CA 92008-7336

Allen Park
440 S. Vermont Ave., Ste. 301
Los Angeles, CA 90020-1988

Amex
Attn: President or Corp. Officer
Po Box 981535
El Paso, TX 79998-1535


BAE Family Trust Dated Aug. 6, 2015
Young U. Bae, c/o Packo Investments
440 S Vermont Ave., Suite 301
Los Angeles, CA 90020-1988

(p)BMW FINANCIAL SERVICES
CUSTOMER SERVICE CENTER
PO BOX 3608
DUBLIN OH 43016-0306

Bank of America
Attn: President or Corp. Officer
4909 Savarese Circle
Tampa, FL 33634-2413


Bank of Hope
Attn: Andrew Park
3200 Wilshire Bldg., 14th Floor
Los Angeles, CA 90010-1325

Bank of Hope
Frandzel Robins Bloom & Csato, L.C
Attention: Hal D. Goldflam
1000 Wilshire Blvd., 19th Floor
Los Angeles, CA 90017-2457

Bejac Corp.
Attn: President or Corp. Officer
569 S. Van Buren St.
Placentia, CA 92870-6613


Bok Sook Byun
C/o Steven Polard
1880 Century Park East, Ste. 404
Los Angeles, CA 90067-1604

Broadway Advance Funding, LLC
Attn: President of Corp. Officer
20 N. 3rd St.
Philadelphia, PA 19106-2118

CP Construction Co., Inc.
Attn: President or Corp. Officer
105 N. Loma Place
Upland, CA 91786-5620


California Department of Tax & Fee
Administration/Special Ops, MIC:55
Po Box 942879
Sacramento, CA 94279-0055

Capital One
Attn: President or Corp. Officer
Po Box 30285
Salt Lake City, UT 84130-0285

Cemex Constrcution Materials
Attn: President or Corp. Officer
1430 E. Santa Clara St.
Santa Paula, CA 93060


(p)OFFICE OF FINANCE  CITY OF LOS ANGELES
200 N SPRING ST RM 101 CITY HALL
LOS ANGELES CA 90012-3224

Coleman & Horowitt, LLP
1880 Century Park East, Suite 404
Los Angeles, CA 90067-1604

Complete Business Solutions Group
Attn: President of Corp. Officer
141 N 2nd St.
Philadelphia, PA 19106-2009


Complete Business Solutions Group
Attn: President of Corp. Officer
20 N. 3rd St.
Philadelphia, PA 19106-2118

Complete Business Solutions Group
Attn: President of Corp. Officer
3255 E South St K-205
Long Beach, CA 90805-4577

Complete Business Solutions Group
C/o Pietragallo Gordon Alfano Bosic
7 West State Street, Suite 100
Sharon, PA 16146-1377


County of San Bernardino
Office of the Tax Collector
268 W. Hospitality Ln., 1st Floor
San Bernardino, CA 92415-0900

(p)CREDITORS ADJUSTMENT BUREAU  INC
ATTN WENDY THOMAS
14226 VENTURA BLVD
SHERMAN OAKS CA 91423-2715

DLI Assets Bravo, LLC
C/o Parker, Simon & Kokolis
110 N. Washington St., Suite 500
Rockville, MD 20850-2230


DTSC- Site Clean Up Program
Attn: President or Corp. Officer
Po Box 806
Sacramento, CA 95812-0806

Daniel Park
3435 Wilshire Blvd., Suite 2700
Los Angeles, CA 90010-2013

Deutsche Bank National Trust
Attn: President or Corp. Officer
Po Box 24605
West Palm Beach, FL 33416-4605

Elsner Jaffe
9601 Wilshire Blvd., 7th Floor
Beverly Hills, CA 90210-5213

Employment Development Department
Bankruptcy Group MIC 92E
Po Box 826880
Sacramento, CA 94280-0001

Environmental Protection Agency
1200 Pennsylvania Ave., NW
Washington, DC 20460-0003


(p)EQUIFAX  INC
1550 Peachtree Street NE
Atlanta, GA 30309

Experian
475 Anton Blvd.
Costa Mesa, CA 92626-7037

First Premier Bank
Attn: President or Corp. Officer
Po Box 5524
Sioux Falls, SD 57117-5524


First Progress
Attn: President or Corp. Officer
Po Box 9053
Johnson City, TN 37615-9053

(p)FIRST SAVINGS BANK   BLAZE
ATTN BANKRUPTCY
1500 S HIGHLINE AVE
SIOUX FALLS SD 57110-1003

Franchise Tax Board
Bankruptcy Section, MS: A-340
Po Box 2952
Sacramento, CA 95812-2952


Genesis FS Card Services
Attn: President or Corp. Officer
Po Box 4477
Beaverton, OR 97076-4401

Hose-Man
Attn: President or Corp. Officer
5397 N. Irwindale Ave.
Banks, OR 97106

Hyundai Steel Company
C/o O'Melveny & Myers LLP
400 S. Hope Street, 18th Fl.
Los Angeles, CA 90071-2801


Internal Revenue Service
Po Box 7346
Philadelphia, PA 19101-7346

Jinah Oh
21856 S. Vermont Ave., #6
Torrance, CA 90502-2112

Joan Park
C/o Daniel Park
3435 Wislhire Blvd., Suite 2700
Los Angeles, CA 90010-2013


Jourdian DeWard
C/o Daniel Park
3435 Wislhire Blvd., Suite 2700
Los Angeles, CA 90010-2013

Kap Chan Chong, Esq.
3580 Wilshire Blvd., Suite 900
Los Angeles, CA 90010-2523

(p)LOS ANGELES COUNTY TREASURER AND TAX COLLE
ATTN BANKRUPTCY UNIT
PO BOX 54110
LOS ANGELES CA 90054-0110


Marco Rivera
C/o Law Offices of David J Chang
5300 Beach Blvd., Ste. 110-521
Buena Park, CA 90621-1250

Mohamed Sanfaz
C/o Packo Investments
440 S Vermont Ave., Suite 301
Los Angeles, CA 90020-1988

Municipal Services Bureau
Attn: President or Corp. Officer
8325 Tuscany Way, Bldg. 4
Austin, TX 78754-4734


Packo Investments, Inc.
Attn: President or Corp. Officer
440 S. Vermont Ave., Suite 301
Los Angeles, CA 90020-1988

Par Funding
Attn: President or Corp. Officer
141 N. 2nd St.
Philadelphia, PA 19106-2009

Prima Financial
Attn: President or Corp. Officer
680 Langsdorf Dr., Ste. 207
Fullerton, CA 92831-3702


Prime Metals USA., Inc.
Attn: President or Corp. Officer
1440 N. Harbor Blvd., #640
Fullerton, CA 92835-4150

Prime Metals USA., Inc.
C/o Lee Anav Chung White Kim Ruger
520 S Grand Ave., Ste. 1070
Los Angeles, CA 90071-2613

Resnik Hayes Moradi LLP
17609 Ventura Blvd., Ste. 314
Encino, CA 91316-5132


Sequoia Financial Services
Attn: President or Corp. Officer
28632 Roadside Dr., Ste.110
Agoura Hills, CA 91301-6074

(p)STATE COMP INS FUND
PO BOX 9102
PLEASANTON CA 94566-9102

Stephen M. Cook
7210 Jordan Ave.
Canoga Park, CA 91303-1223

Synchrony Bank/Amazon
Attn: President or Corp. Officer
Po Box 71737
Philadelphia, PA 19176-1737

Synchrony Bank/Amazon
Attn: President or Corp. Officer
Po Box 965060
Orlando, FL 32896-5060

Synchrony Bank/Chevron
Attn: President or Corp. Officer
Po Box 965060
Orlando, FL 32896-5060


The Bank of Missouri
Attn: President or Corp. Officer
Po Box 788
Kirkland, WA 98083-0788

TransUnion
Po Box 1000
Chester, PA 19016-1000

U.S. Environmental Protection
Region IX
75 Hawthorne St.
San Francisco, CA 94105-3922


U.S. Securities and Exchange
Commission
Attn: Bankruptcy Counsel
444 South Flower Street, Suite 900
Los Angeles, CA 90071-2934

(p)US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

US Small Business Administration
Office of General Counsel
312 N. Spring St., 5th Floor
Los Angeles, CA 90012-2678


United States Attorney s Office
Federal Building, Room 7516
300 North Los Angeles Street
Los Angeles, CA 90012-3336

United States Department of Justice
Ben Franklin Station
Po Box 683
Washington, DC 20044-0683

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560


Wells Fargo Bank, N.A.
Attn: President or Corp. Officer
1 Home Campus Mac X2303-01a
3rd Floor
Des Moines, IA 50328-0001

Zamucen & Curren, LLP
Attn: President or Corp. Officer
17848 Sky Park Cir., Suite C
Irvine, CA 92614-6135

Giovanni Orantes
Orantes Law Firm PC
3435 Wilshire Blvd 27th Fl
Los Angeles, CA 90010-1901


Jong Uk Byun
3439 Padua Ave.
Claremont, CA 91711-2066

Matthew L Eanet
Eanet, PC
550 S. Hope Street Suite 750
Suite 750
Los Angeles, CA 90071-2686


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


BMW
Bank of North America
Attn: President or Corp. Officer
Po Box 3608
Dublin, OH 43016

City of Los Angeles
Office of Finance
Po Box 53233
Los Angeles, CA 90053-0233

Creditors Adjustment Bureau, Inc.
Attn: President or Corp. Officer
4340 Fulton Ave., 3rd Floor
Sherman Oaks, CA 91423


(d)Creditors Adjustment Bureau, Inc.
c/o Law Offices of Kenneth J. Freed
4340 Fulton Ave., Third Floor
Sherman Oaks, CA  91423

Equifax
Po Box 740241
Atlanta, GA 30374

First Savings Bank/Blaze
Attn: President or Corp. Officer
Po Box 5096
Sioux Falls, SD 57117


Los Angeles County Tax Collector
Bankruptcy Unit
Po Box 54110
Los Angeles, CA 90054-0110

State Compensation Insurance Fund
Attn: President or Corp. Officer
Po Box 8192
Pleasanton, CA 94588

US Bank
Attn: President or Corp. Officer
Po Box 5229
Cincinnati, OH 45201