David W. Meadows (CA Bar No. 137052)
**LAW OFFICES OF DAVID W. MEADOWS**
1801 Century Park East, Suite 1201
Los Angeles, California  90067
Telephone: 310-557-8490
david@davidwmeadowslaw.com

Counsel to Movant, Packo Investments, Inc., as Assignee of
Mohamed Sanfaz, and Assignee of The Bae Family Trust

Law Offices of David W. Meadows
Los Angeles, California

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>**JONG UK BYUN,**<br><br>Debtor and Debtor in Possession | Case Number 2:23-bk-12747-VZ<br><br>Chapter 11<br><br>**MOTION TO CONVERT CHAPTER 11 CASE TO CASE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF DAVID W. MEADOWS IN SUPPORT THEREOF**<br><br>**Hearing:**<br><br>Date:  December 12, 2023<br>Time:  11:00 a.m.<br>Place:  Courtroom 1368<br>         255 E. Temple Street<br>         Los Angeles, CA 90012 |

1

**TO THE HONORABLE VINCENT P. ZURZOLO, TO THE DEBTOR AND DEBTOR IN POSSESSION, AND TO INTERESTED PARTIES:**

Movant Packo Investments, Inc., as Assignee of The Bae Family Trust and as Assignee of Mohamad Sanfaz (collectively, "Movants"), each being secured creditors of the Debtor, hereby move this Court for an order converting the chapter 11 case of Jong Uk Byun, an individual, debtor and debtor in possession (the "Debtor") to a case under Chapter 7 of the Bankruptcy Code.   This Motion is supported by the Memorandum of Points and Authorities that follows below, the attached Declaration of David W. Meadows, and the exhibits attached thereto and incorporated therein, the separately filed and served Notice of Motion, and all related pleadings on file.

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

I.

<u>MOTION SUMMARY</u>

The Motion is brought pursuant to Bankruptcy Code Section 1112(b), requesting that the Court convert the case to one under Chapter 7 of the Bankruptcy Code.   The Motion is brought "for cause" under Section 1112(b)(1) of the Bankruptcy Code based on the following.

II.

<u>STATEMENT OF FACTS</u>

1.    On May 4, 2023, the Debtor filed his most fourth and most recent bankruptcy petition, <u>In re Jong Uk Byun</u>, case number 2:23-bk-12747-VZ.

2.    On September 22, 2023, the Court entered its "Order Granting Motion to Approve Adequacy of Disclosure Statement" (the "Disclosure Statement Order") (Dkt. 122).   The Disclosure Statement Order approved the Disclosure Statement on account of the Debtor's "Amended Disclosure Statement and Plan (the "First Amended DS and Plan") (Dkt. 118) and established related dates and

2

deadlines for further briefing relating to the confirmation of the Debtor's Plan.    At Section 5, b. 4 of the Disclosure Statement Order, it was ordered that: "<u>Preliminary Objections</u>: (*Date*) **November 3, 2023** is the deadline for claimants and other parties in interest to file and serve a preliminary objection to confirmation of the Plan."

3.    Pursuant to the Disclosure Statement Order, Packo filed and served the "Preliminary Objection by Packo Investments, Inc. as Assignee of The Bae Family Trust and Assignee of Mohamad Sanfaz to Confirmation of Chapter 11 Plan; Declaration of Allen Park and Declaration of David W. Meadows in Support thereof" (the "<u>Preliminary Objection</u>") (Dkt. 129) on October 31, 2023.    On November 3, 2023, Packo filed an "Errata" to the Preliminary Objection to correct a mathematical error in presenting the Plan payments (Dkt. 131).

4.    At Section 5, b, 5, of the Disclosure Statement Order, it was ordered that: <u>Motion to Confirm Plan</u>: (*Date*) **November 17, 2023** is the deadline for the Debtor to file and serve a Motion to Confirm Plan. The Debtor must use this court's form titled: "VZ CH11.MOTION.PLAN, which must be supported by a declaration as  to the level at which the Plan is accepted."

5.    On November 17, 2023, the Debtor filed and served its Notice of Motion and Motion to Confirm Plan of Reorganization of Debtor" (the "<u>Confirmation Motion</u>") (Dkt. 134).

**III.**

**<u>ARGUMENT</u>**

A.    **<u>"Cause" Exists to Convert the Case to a Case under Chapter 7 of the Bankruptcy Code, Pursuant to Bankruptcy Code Section 1112(b)(1)</u>**

The Ninth Circuit Court of Appeal in <u>In re Baroni</u>, 36 F.4th 958 (9th Cir. 2022) ("<u>Baroni'</u>) set out the standard for analysis of dismissal or conversion of a chapter 11 case to a case under Chapter 7 of the

Law Offices of David W. Meadows
Los Angeles, California

Bankruptcy Code, pursuant to Bankruptcy Code Section 1112.

> The standard for converting a Chapter 11 case to Chapter 7 is set out in 11 U.S.C. § 1112. This statute provides that the bankruptcy court "shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause." 11 U.S.C. § 1112(b)(1).

36 F.4th at 965.

"Cause" includes any of the factors set out in Section 1112(b)(4), but does not require that one of the sub-part (b)(4) is met.[1] "Cause" under § 1112(b) is not limited to the statutory examples found in § 1112(b)(4)." In re Wahlin, 2011 Bankr. LEXIS 1134, fn. 6 (Bankr. D. Idaho 2011). *See also* Marsch v. Marsch (In re Marsch), 36 F.3d 825, 828 (9th Cir. 1994) Bankruptcy Code Section 102, Rules of Construction, provides at Section 102(3) that "includes" and "including" are not limiting.   11 U.S.C. § 102.

### 1.   The Debtor Impliedly Admits that a Chapter 7 Trustee Will Promptly Retain a Real Estate Broker to List Sufficient of the Debtor's Real Property Assets for Sale Whereas the Debtor Will Not.

Consistently during the case, the Debtor has represented in declarations made under penalty of perjury that "he is presently" retaining a loan broker and listing two of his properties for sale.  He has provided evidence of neither.   The Debtor states in his declaration made in support of the Confirmation

---

[1]    The failure of the Debtor to respond to the issues raised in Packo's Preliminary Objections in the Debtor's Motion to Confirm is a failure by the Debtor to comply with the Court's Disclosure Statement Order and thus satisfies Bankruptcy Code Section 1112(b)(4)(E) (failure to comply with an order of the court).   The only partial responses are made in the Declaration of the Debtor and do not address the legal issues raised in the Preliminary Objection.

LAW OFFICES OF DAVID W. MEADOWS
LOS ANGELES, CALIFORNIA

Motion that he has **"received at least one offer for financing an amount enough to pay the claims in [the] bankruptcy estate**."   He attaches as evidence portions of documents as **Exhibit A** to his declaration incorporated in the Confirmation Motion.   (*See* Confirmation Motion, Dkt. 134, page 24 of 37 and pages 26 – 32; see also Exhibit 4 to the attached Meadows Decl.)   **Exhibit A is evidence of no such thing**.

- The offer is *merely an offer by a loan broker*, Logan Investments, to *attempt* to obtain financing.   (2nd bullet, top of page 28 of 37: "Agreement to Procure Lender")

- At page 29 of 37 of Exhibit A, where the Lender is to be identified, the document states "**TO BE DETERMINED**."

- The alleged offer is not signed by the Debtor but <u>was signed by the loan broker, Mr. Ron L. Sentchuk, on August 2, 2023</u>.   This means the Debtor has had this "offer," really just a proposal by a loan broker to go and seek financing, since August, 2023 and yet the Debtor has not signed it, much less filed a motion for approval of any actual financing.

- The alleged offer by the loan broker is to obtain a $7,000,000 loan, at 12.5% interest, all due and payable in one year, with $665,000 mortgage broker commission fee.   The Debtor provides no evidence to establish why the Debtor will qualify for such a loan, or how it would be sufficient to pay the total claims in the Estate of $8,919,957.17, as stated in the DS and Plan, Dkt. 118, page 32 of 76.

- At page 28 or 37, the "Offer" states that it is subject to a "<u>Loan Application (to be fully completed signed and dated by all signors) on each property</u>.   Notably, despite having had this broker offer by Logan Investments since August 2, 2023, the Debtor does not attach any of the required Loan Applications or state that they have been provided or even completed.

In sum, although the Debtor has made the statement under penalty of perjury that he has "received an offer for financing," the accurate statement is that since August, 2023, he has had only an offer by a broker to attempt to locate a lender.  The Logan Investments document attached as Exhibit A to the Byun Declaration is not whatsoever evidence of a financing offer.

The Debtor repeatedly has represented that he is retaining not only a loan broker, but also that he is concurrently listing two of his real estate assets for sale.[2]   The Debtor has never explained why he had not signed a loan broker application or retained real estate brokers prior to his latest petition for relief.   The Debtor easily could have retained a real estate broker post-petition and certainly between July 10, 2023, the date of his first declaration cited below, and today.   Moreover, even though the Debtor's continuing failure to retain the promised real estate brokers was pointed out in Packo's October

---

[2]     His statements made to the Court include the following affirmative representations of retaining a loan and real estate broker:

| "**I am retaining a loan broker** to arrange a loan secured by my real estate assets . . . . Simultaneously, **I am also listing two of my real estate assets for sale**[.]" | Supplemental Declaration of Jong Uk Byun in Support of Oppositions to Motions for Relief from Stay and to Dismiss or Convert filed by Bae and Sanfaz (Dkt 66, para. 3, pg. 2 of 5 (7/10/23) |
|---|---|
| Same declaratory statement. | Disclosure Statement and Plan of Reorganization, Dkt. 67, para. 11, page 27 of 75 (7/11/23) |
| Same declaratory statement. | Supplemental Declaration in Support of Opposition to Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 Filed by Creditors Adjustment Bureau; Dkt. 95, para. 3, page 2 of 5. (8/01/23) |
| Same declaratory statement. | Plan, Dkt. 118, para. 11, page 27 of 76. |

LAW OFFICES OF DAVID W. MEADOWS
LOS ANGELES, CALIFORNIA

31, 2023 Preliminary Objection, the Debtor has still chosen not to retain a real estate broker in the intervening three weeks.    The Debtor has provided no evidence of actually listing two of his properties for sale, identifying the properties, stating the sale prices, or made the required application to approve the retention of a broker.    In the Preliminary Objection, Packo expressly argues that the failure of the Debtor to retain a broker after repeated representations that he would do so, constituted implied evidence that the Debtor would not do so after confirmation of the Plan.    The absence of the action by the Debtor – an action that has been wholly within his control, provides a reasonable inference that the Debtor *will not* do so after confirmation of the Plan.    By now, accepting, arguendo, the Debtor's valuation of his properties, sufficient properties could have been sold to pay all creditors in full, with less interest accruing on both secured and unsecured claims.

Instead of filing an application to retain a broker after the Debtor's receipt of the Preliminary Objection,  the Debtor has merely refiled the same property valuation declarations by the Debtor's real property appraiser, Mr. Caleb Halverson, attaching the same declarations that already were in evidence when they were incorporated as Exhibits to the Debtor's Disclosure Statement.[3]    What these refiled declarations demonstrate according to Mr. Halverson is that the Debtor's real property portfolio is worth $23 million dollars.    While the Debtor has provided no evidence at all that he <u>actually will</u> hire a real estate broker or that he has listed any of his properties for sale, **the Debtor has filed declaratory**

---

[3]    On November 13, 2023, the Debtor filed the "Declaration of Caleb Halverson Regarding Appraisal for Property Located at 1746 East 22nd Street (Dkt 132), signed by Mr. Halverson on June 24, 2023.    This same declaration is attached to the DS as part of Exhibit "1," at page 59 of 76.    Likewise, on November 13, 2023, the Debtor filed the "Declaration of Caleb Halverson Regarding Appraisal for Property Located at 1736 East 244th Street, 2203-2245 Alameda Street" (Dkt 133), signed by Mr. Halverson on June 24, 2023.    This same declaration is attached to the DS as Exhibit F," at page 50 of 76. The Halverson declarations filed on November 13, 2023 were already in the record and add nothing.

**evidence by Mr. Halverson to demonstrate why a chapter 7 trustee would be expected to promptly do what the Debtor refuses to do**.   The Debtor has no evidence or basis to assert that a chapter 7 trustee would necessarily attempt to sell any more properties than necessary to satisfy creditor claims and capital gain tax.

> **2.** **The Debtor Has Waived a Response and Impliedly Admits that the Debtor's Plan Elevates the Debtor's Interests Above the Interests of Creditors.**

The Packo Preliminary Objection set out in detail the math of the Debtor's proposed Plan. Shown by a detailed Excel schedule attached as Exhibit 3 to the Preliminary Objection, Packo demonstrated how the Plan provides for the Debtor to retain for his own use $1,269,131.68 over the first year after the Effective Date of the Plan, even if the Debtor never refinances or sells any of his properties, and the only creditors to receive anything are the secured creditors who are to receive interest only payments during the twelve (12) month period of the Plan.     As set forth in the Preliminary Objection (and as corrected in the Errata version), as detailed in the Declaration of David W. Meadows to the Preliminary Objection, and in Exhibit 3 to the Preliminary Objection, all of which are attached hereto collectively as **Exhibit 1,** the Plan math establishes the following:

$883,540.00:   The accumulated cash held by the Debtor as of the Debtor's projected Effective Date of March, 2024, as estimated by the Debtor in the Plan.

$78,990.00:   Projected monthly rental income.

$46,857.36:   Projected monthly Plan payments.

**$32,132.64:**   **Monthly surplus the Debtor retains under the Plan.**

$1,831,420:   Sum of Effective Date cash plus the rental income for the twelve (12) month period of the Plan.

$562,288.32:   Total Plan payments, including Effective Date payments, for the twelve (12) month period of the Plan.

LAW OFFICES OF DAVID W. MEADOWS
LOS ANGELES, CALIFORNIA

8

**$1,269,131.68**    Total cash the Debtor retains at the end of the twelve (12) month period of the Plan, even if the Debtor fails to refinance and/or fails to sell property sufficient to finance the Plan. **In the event of default by the Debtor under the Plan, creditors receive none of those funds while the Debtor retains nearly $1,300,000.**

The math demonstrates why the Debtor has not retained a loan broker or a real estate broker: he has no intention to do so. The Debtor instead intends to merely keep nearly $1,300,000 of cash under the Plan, and worry about foreclosure down the road, at or about the one-year mark after the Effective Date of the Plan.     In contrast, given the valuations evidenced by Mr. Halverson in support of the Debtor's Motion to Confirm, <u>a chapter 7 trustee will readily retain a broker</u> and sell enough of the properties to pay everyone in full, with interest.    More importantly in terms of the best interests of creditors, if the Trustee is unable to sell the properties (or refinance them), and Packo then forecloses, it is possible that there will be bidding and overbidding at a foreclosure sale.    Packo is only entitled to be made whole. If made whole as a result of foreclosure sale bidding, the cash held by the Debtor will be subject to a claim by the Trustee on behalf of the estate.    Under the Plan, even if the Debtor fails to sell or refinance the properties, well over $1 million will have been retained by the Debtor and presumably be gone and no longer available to satisfy creditor claims.

The presentation of how the Plan provides for income, disbursements, and retention of cash for the benefit of the Debtor demonstrates that the Debtor is putting his interests above those of creditors. <u>The demonstration is unrebutted by the Debtor.    Whether the confirmation of the Plan enables the Debtor to use the funds, as raised in Packo's Preliminary Objection, is not rebutted or denied by the Debtor in its Confirmation Motion</u>.    Where the Disclosure Statement Order required creditors and parties in interest to file and serve preliminary objections to the Plan, and for the Debtor thereafter to file and serve its motion to confirm the Plan, the reasonable understanding of the Court's Disclosure

9

Statement Order was that the Debtor would address the timely made objections and do so in the

Debtor's Confirmation Motion.    The Debtor chose not to, as no mention of the above issues is made in

the Confirmation Motion.    Regardless, the lack of a response is reasonably interpreted as an admission

by the Debtor that the presentation of the math is correct in all respects, including its implications for

whose interests the Debtor's Plan puts first.[4]

**IV.**

**CONCLUSION**

"Cause," like the terms "good faith" "bad faith" are terms that lack specific definitions in either

the Bankruptcy Code or outside of bankruptcy practice.    The terms are conclusions, labels applied after

evaluating and judging a particular set of facts.    The facts in this case, demonstrate that the Debtor is

putting his own interest ahead of his creditors.    As debtor in possession, the Debtor was given an

opportunity to put his creditors first.  He could have done so by promptly retaining a real estate broker

and listing for sale only those properties necessary to satisfy creditor claims.    Instead, not only has he

---

[4]        In the Confirmation Motion, the Debtor made no response to any of the substantive,
confirmation issues raised by Packo in its Preliminary Objection, such as the Plan unilaterally modifying
the Bae and Sanfaz post-Effective Date interest rate, or the effect of confirmation on the interest rate
in the event of post-confirmation default, or the numerous other issues raised in the Preliminary Objection.
The Disclosure Statement Order does not expressly state that the purpose of ordering claimants and
other parties in interest to file and serve preliminary objections to the Plan is for the Debtor to address
those preliminary objections in a debtor's confirmation motion, but it should be not be necessary for the
order to so state.    Otherwise, the filing and serving of preliminary objections would be meaningless; no
purpose would be served by it or by the Court ordering preliminary objections to confirmation be filed
by a date certain.  Packo has no concept of why the Debtor did not address any of the issues raised in
the Packo's Preliminary Objection, except for this:  the Debtor impliedly admits the validity of each and
every objection and has no valid response to any of them.

Law Offices of David W. Meadows
Los Angeles, California

not done so, he has proposed a plan that intends to sweep over a million in cash for his own benefit rather than paying it to creditors (a plan provision that the Confirmation Motion does not address), even if the Debtor never refinances or sells any of his properties.   These issues, among others, were set out in detail in the Preliminary Objection, served several days prior to the deadline by Packo.   None of Packo's contentions regarding good faith and the best interests of creditors are responded to by the Debtor in the Motion to Confirm.   Rebuttals should be deemed waived and the allegations admitted.

Regardless, the facts demonstrate that it is in the best interests of creditors to convert the Debtor's chapter 11 case, enabling a trustee to do what the Debtor has chosen not to do, namely to put the interests of creditors ahead of himself.

DATED:  November  20, 2023                THE LAW OFFICES OF DAVID W. MEADOWS


                                    By:    _____/s/ David W. Meadows_____
                                            David W. Meadows

                                    Counsel to Movant Packo Investments, Inc., as Assignee of
                                    Mohamed Sanfaz, an individual.

## DECLARATION OF DAVID W. MEADOWS

I, David W. Meadows, declare as follows:

1.      I am over 18 years of age.  If called as a witness, I could and would testify to the matters set forth in this declaration.

2.      Attached as **Exhibit 1** is a true and correct copy of Packo's Preliminary Objection (Errata version) (Dkt. 131).

3.      Attached as **Exhibit 2** is a true and correct copy of the Court's Order Granting Motion to Approve Adequacy of Disclosure Statement (Dkt. 122)

4.       Attached as **Exhibit 3** is a true and correct copy of the Debtor's Motion to Confirm Chapter 11 Plan (Dkt. 134).

5.      Attached as **Exhibit 4** is a true and correct copy of Exhibit A to the Debtor's Motion to Confirm, consisting of the loan broker documents of Logan Investments, with highlighting added.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

This declaration is being executed this 20th day of November, 2023, in Los Angeles, California.


                                                          _____/s/ David W. Meadows_____
                                                          David W. Meadows

EXHIBIT 1

David W. Meadows (CA Bar No. 137052)
**LAW OFFICES OF DAVID W. MEADOWS**
1801 Century Park East, Suite 1201
Los Angeles, California  90067
Telephone: 310-557-8490
david@davidwmeadowslaw.com

Counsel to Packo Investments, Inc., as Assignee of
Mohamed Sanfaz, and Packo Investments, Inc. as Assignee
of The Bae Family Trust

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case Number 2:23-bk-12747-VZ |
| **JONG UK BYUN,** | Chapter 11 |
| Debtor and Debtor in Possession | **ERRATA TO:** |
| | **PRELIMINARY OBJECTION BY PACKO INVESTMENTS, INC. AS ASSIGNEE OF THE BAE FAMILY TRUST AND ASSIGNEE OF MOHAMAD SANFAZ TO CONFIRMATION OF CHAPTER 11 PLAN; DECLARATION OF ALLEN PARK AND DECLARATION OF DAVID W. MEADOWS IN SUPPORT THEREOF (Dkt. 129);** |
| | **Hearing on Confirmation of the Plan** |
| | Date:  December 14, 2023 |
| | Time:  11:00 a.m. |
| | Place:  Courtroom 1368 |
| | 255 E. Temple Street |
| | Los Angeles, CA 90012 |

Law Offices of David W. Meadows
Los Angeles, California

1

TO THE HONORABLE VINCENT P. ZURZOLO, TO THE DEBTOR AND DEBTOR IN

POSSESSION, AND TO INTERESTED PARTIES:

Packo Investments, Inc. as Assignee of The Bae Family Trust (the "Bae") and as Assignee of

Mohamad Sanfaz ("Sanfaz") (collectively, "Packo"), the Bae Family Trust and Sanfaz each being

secured creditors of the Debtor, hereby present their preliminary objections to confirmation of the

Debtor's proposed chapter 11 plan (the "Plan") (Dkt. 118).   Concurrently, Packo is returning the Bae

and Sanfaz ballots, each rejecting the Plan.

**ERRATA NOTE:**    Packo's previously filed preliminary objection (Dkt. 129) inadvertently

omitted the Debtor's proposed monthly Plan payment to the Internal Revenue Service (the "IRS") in the

amount of $10,954.03.   This was omitted from the Excel exhibit (**Exhibit 3**) and the presentation of

Plan payments below.   The undersigned counsel discovered the error while reviewing the "United

States of America's Objection to Amended Chapter 11 Plan (Dkt. 130) (the "IRS Objection").    The

error is corrected in this Errata version.    The IRS Objection asserts that the Debtor's Plan payments to

the IRS are understated.    This Errata below uses the Debtor's Plan number for payment to the IRS to be

consistent to the Debtor's proposed Plan, rather than the numbers asserted by the IRS in the IRS

Objection.

/ / /

/ / /

/ / /

/ / /

/ / /

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    SUMMARY OF PLAN MATH:

Attached as **Exhibit 3[1]** to the Declaration of David W. Meadows (hereinafter, the "Meadows

Decl.") is an Excel schedule (the "Exhibit") of all rents, which are cash collateral to Bae and Sanfaz, and

the use of rents throughout the Plan.    The Exhibit reveals the following, which is addressed below as

part of the objection to confirmation:

| | |
|---|---|
| $883,540.00: | The accumulated cash held by the Debtor as of the Debtor's projected Effective Date of March, 2024, as estimated by the Debtor in the Plan. |
| $78,990.00: | Projected monthly rental income. |
| $46,857.36: | Projected monthly Plan payments. |
| $32,132.64: | Monthly surplus the Debtor retains under the Plan. |
| $1,831,420: | Sum of Effective Date cash plus the rental income for the twelve (12) month period of the Plan. |
| $562,288.32: | Total Plan payments, including Effective Date payments, for the twelve (12) month period of the Plan. |
| $1,269,131.68 | Total cash the Debtor retains at the end of the twelve (12) month period of the Plan, even if the Debtor fails to refinance and/or fails to sell property sufficient to finance the Plan.  In the event of default by the Debtor under the Plan, creditors receive none of those funds while the Debtor retains nearly $1,400,000. |

---

[1]    Please review the Meadows Decl. for a detailed description of what is shown on **Exhibit 3**.

3

LAW OFFICES OF DAVID W. MEADOWS
LOS ANGELES, CALIFORNIA

## II.    THE PLAN SHOULD NOT BE CONFIRMED

### A.    <u>The Plan is not Fair and Equitable.</u>

The fair and equitable requirement for secured creditors is stated at Bankruptcy Code Section 1129(b)(2)(A).

1.    <u>The Plan violates Section 1129(b)(2)(A)(i)(II) as to both Bae and Sanfaz because Bae and Sanfaz do not receive deferred cash payments totaling at least the allowed amount of their claims as of the Effective Date of the Plan.</u>

The projected Effective Date of the Plan is March 1, 2024.    The Effective Date payment amount must be brought current to the actual Effective Date.    As evidenced by the attached Declaration of Allen Park (hereinafter the "<u>Park Decl.</u>"), the Claims of Bae and Sanfaz as of March 1, 2024 will be respectively $2,370,905.72 and $829,588.82, excluding reasonable attorneys' fees accrued after September 30, 2023.    The Plan document does not incorporate a date reference for the column heading, "Total Amount of Allowed Claim."    (See Plan, Dkt. 118, pg. 19 of 76 as to Bae, and page 72 of 76 as to Sanfaz.)    For both Bae and Sanfaz, the amounts stated are correct as of the Petition Date, incorporating the proof of claim amounts, but do not reflect the correct amounts as of the Effective Date.

The Plan also is not fair and equitable on account of the Debtor's unilateral reduction of the Bae and Sanfaz contract rate of interest to 10% as of the Effective Date of the Plan.    Possibly, given the alleged value of the Debtor's real estate, 10% interest as of the Effective Date is close to a "Till" rate of interest.    <u>Till v. SCS Credit Corp.</u>, 541 U.S. 465, 480, 124 S. Ct. 1951, 158 Led. 2d 787 (2004). However, borrowing from the "solvent debtor doctrine" which has been applied to the "pendency period" between a petition date and a plan effective date, when a debtor is fully solvent – in this case

Law Offices of David W. Meadows
Los Angeles, California

4

solvent by possibly $13 million dollars according to the Debtor's Plan evidence[2], there is no justifiable reason for the contract rate of interest on the Bae and Sanfaz claims to terminate on the Effective Date of the Plan.   "[W]e join multiple sibling circuits in recognizing that the equitable solvent-debtor exception – and its core principle that creditors should be made whole when the bankruptcy estate is sufficient – persists under the Code."   Ad Hoc Comm. Of Holders of Trade Claims v. PG&E (In re PG&E), 46 F.4th 1047, 1061 (9th Cir. 2021), citing Keystone Gas Gathering, L.L.C. v. Ad Hoc Comm. (In re Ultra Petroleum), 943 F.3d 758, 765 (5th Cir. 2019) ("As other circuits have recognized, absent compelling equitable considerations, when a debtor is solvent, it is the role of the bankruptcy court to enforce the creditors' contractual rights."); see also In re Dow Corning Corp., 456 F.3d 668, 679 (6th Cir. 2007).

In the Debtor's case, the modification of the contractual rate as of the Effective Date is not fair and equitable for several reasons, even if a 10% rate could be close to a "Till" rate.

**First**, as shown by **Exhibit 3** and the Meadows Declaration, the Debtor easily can continue to pay the contract rate post-Effective Date.  Doing so does not diminish at all the ability of the Debtor to pay the remaining Plan payments.   As shown on the Exhibit, paying the contract rate post-Effective Date still results in **$985,291.48** vesting in the Debtor even if he does not refinance or sell any properties.

---

[2]     Plan Exhibit B shows total Plan payments of $8,919,957.17.   Plan Exhibit C is a copy of Schedule A/B: Property, listing total value of $22,565,767.   Plan Exhibit A, Mr. Byun's Declaration, states that the real property is worth approximately $24 million, and contrary to the Exhibit B, Mr. Byun states his belief that his debts are less than about $8 million.  Using the lower asset value of $22 million and the higher liability value of Exhibit B, results in net value to the Debtor of approximately $13 million.   If some of his properties are sold, there would be a capital gain tax liability.

5

**Second,** satisfaction of Section 1129(b)(2)(B)(ii) does not change the outcome that Bae and Sanfaz lose their contract rate of interest accruing on the claims for the number of months between the Effective Date and when, and if, they get paid by the Debtor's refinancing or sale.   A fair and equitable plan should provide that the creditors really be made whole.  Instead, under the Plan, this allegedly overwhelmingly solvent Debtor retains the cash benefit of the reduction of the contract rate interest to the proposed 10%.   The amount is "real money."   It is not fair and equitable for this substantial amount to be retained by the Debtor.

**Third,** the Plan provisions for the "Effect of Confirmation" do not state the effect of a post-confirmation default on the issue of the interest rate.    Part A of Section X states that the "stay continues to prohibit collection or enforcement of pre-petition claims against the Debtor or the Debtor's property until the date the Debtor receives a discharge, if any." (Section X, page 22 of 76).    At Part D of Section X, the Plan provides that the "Debtor will seek an order of discharge pursuant to 11 U.S.C. § 1141(d)(5)(C)."    At Part E, Material Default, the Plan states the conditions to establish when the Debtor is in Material Default (meant to be a defined term), but the language does not state the consequences of being in Material Default. [3]    Bae and Sanfaz each have recorded court orders granting relief from stay, with each being effective May 3, 2024 (the "Stay Orders").   The Plan is silent as to its effect on the Stay Orders.  Bae and Sanfaz will presume that as long as the Debtor is in compliance with a confirmed Plan, Bae and Sanfaz may not exercise their rights under state law.    However, the Plan is

---

[3]    Given the time delays built into the Material Default provisions, the Plan should state the date on which the payments are to be made each month, such as post-marked by the 15th of each month unless that date falls on a weekend or holiday, in which case the mailing would be the next business day.

silent about the effect of a Material Default occurring after May, 2024 with respect to the interest rate applicable to Bae and Sanfaz.

This is important, and still goes to the requirement that the Plan be fair and equitable.   Upon a Material Default (assume after May, 2024), Bae and Sanfaz will record new notices of default as required under the Civil Code.   The combined period that must lapse between the recordation of the notice of default and an actual sale is at least 110 days.   Under state law, Bae and Sanfaz ordinarily would be entitled to receive all of their contractual interest accruing up to the date of the sale.  If the properties are worth what the Debtor alleges, there should be expected bids and overbids.   Suppose the Debtor himself raises the funds to be the high bidder    It is not fair and equitable for Bae and Sanfaz to not receive their contract rate of interest as of the Effective Date in the event of the Debtor's Material Default.   The Plan should so provide.

2.   The Plan is not Fair and Equitable under the Totality of Circumstances on Account of the Debtor's Plan Vesting in the Debtor on the Effective Date almost all Cash Collateral and Surplus Cash of $1,269,131.68 over the First Year of the Plan.

The "fair and equitable requirement" is not limited to narrowly satisfying Bankruptcy Code Section 1129(b)(2). The Code section states, "For purpose of this subsection, the condition that a plan be fair and equitable with respect to a class *includes* the following requirements[.]" 11 U.S.C. Section 1129(b)(2) (italics added).   The terms "includes" and "including" are not limiting."  11 U.S.C. Section 102(3).   The Debtor projects having cash on hand as of the Effective Date of $883,540.   That is almost entirely rents, which are cash collateral to Bae and Sanfaz.   By the end of the first twelve-month period under the Plan, the Debtor will have cash of $1,269,131.68.    (See Exhibit 3).

LAW OFFICES OF DAVID W. MEADOWS
LOS ANGELES, CALIFORNIA

There are several reasons why the surplus cash, meaning the cash on hand as of the Effective Date that is not necessary for Effective Date payments, and cash collected during the twelve-month period after the Effective Date that is not necessary for Plan payments, should be distributed to Bae. First, payment of the funds to Bae will reduce the Bae claim significantly.  This in turn reduces the amount of money the Debtor will need to borrow or reduces the number of properties the Debtor will need to sell.   It also reduces the interest accrual.   All of this benefits not only Bae, Sanfaz and all other creditors but also benefits the Debtor.  The secured debt is decreased and the ability to fund the remaining creditor claims increases.

In the Plan, the Debtor puts his own interest ahead of creditors; he takes no risk with respect to keeping $1,269,131.68.    On the Effective Date, the retained cash released under the Plan to the Debtor is $836,682.64. (Effective Date projected cash of $883,540 minus the first month payments of $46,857.36).  The accumulated monthly surplus between incoming rents and Plan payments provides the Debtor $1,269,131.68 of cash, for himself to keep, after the first twelve months of the Plan even if he never refinances or sells any of his properties.    A plan should be considered fair and equitable when it delivers available cash first to creditors before to equity.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

8

**B.**  **The Plan is Not Proposed in Good Faith as Required by Bankruptcy Code Section 1129(a)(3)** [4]

1.  The Debtor's Plan proposes that at the end of the first year after the Effective Date, the Debtor retains $1,269,131.68 in cash even if he fails to refinance or sell his properties.    In that scenario, the Debtor keeps for himself nearly $1,300,000 and unsecured creditors receive nothing. *See supra*, and **Exhibit 3**.

2.  The Debtor has not filed an application to retain a loan broker or a real estate broker during the entire period of the chapter 11 case, from May 4, 2023 to the present.    Bae and Sanfaz argued in connection with their motion to convert the case[5] and for relief from stay that the same indifference to getting creditors paid pre-petition justified the case being converted at the outset.    Consistently during the case, the Debtor has represented that "he is presently" retaining a loan broker and a real estate broker.  He has done neither.[6]

---

[4]  Packo intends to file and give notice of a renewed Motion to Convert the Debtor's Chapter 11 case to one under Chapter 7.    This Court's rules require that motions pertaining to the main bankruptcy case be heard on Tuesdays while motions for approval of a chapter 11 plan are heard on Thursdays. Packo intends to provide notice and set a renewed motion to convert the case for hearing on the next available Tuesday following the December 14, 2023 hearing to approve the Debtor's motion to confirm the Plan.

[5]  Dkt. 32; denied by order entered on July 27, 2023, Dkt. 90.

[6]  The following is a list of all the times the Debtor stated in a declaration that he was retaining a loan and/or a real estate broker:

LAW OFFICES OF DAVID W. MEADOWS
LOS ANGELES, CALIFORNIA

If the Court were to convert the case to one under Chapter 7, a chapter 7 trustee would promptly list the properties for sale.   The Trustee would have time to do so and likely close one or more sales well before the May 4, 2024 effective dates of the Bae and Sazfaz orders granting them relief from stay. (Should a trustee be in a *bona fide* escrow sufficient to satisfy the Bae and Sanfaz claims, Bae and Sanfaz may be amenable to delay any foreclosure for a limited period of time to allow escrow to close.)

In the event none of the properties could be sold by a trustee and foreclosure were to proceed, at least the trustee would retain and assert a right to the rents collected by the Debtor pre-Effective Date and post-Effective Date.   Although the Debtor would not receive a discharge under Section 1141(d)(5)(C) and under the Plan and still be liable for all the Plan debts, the approximately $1,400,000 will already have been released to the Debtor.

| | |
|---|---|
| "I am retaining a loan broker to arrange a loan secured by my real estate assets . . . . Simultaneously, I am also listing two of my real estate assets for sale[.]" | Supplemental Declaration of Jong Uk Byun in Support of Oppositions to Motions for Relief from Stay and to Dismiss or Convert filed by Bae and Sanfaz (Dkt 66, para. 3, pg. 2 of 5 (7/10/23) |
| Same declaratory statement. | Disclosure Statement and Plan of Reorganization, Dkt. 67, para. 11, page 27 of 75 (7/11/23) |
| Same declaratory statement. | Supplemental Declaration in Support of Opposition to Motion for Relief From the Automatic Stay Under 11 U.S.C. § 362 Filed by Creditors Adjustment Bureau; Dkt. 95, para. 3, page 2 of 5. (8/01/23) |
| Same declaratory statement. | Plan, Dkt. 118, para. 11, page 27 of 76. |

LAW OFFICES OF DAVID W. MEADOWS
LOS ANGELES, CALIFORNIA

The Ninth Circuit in <u>Platinum Capital, Inc. v. Sylmar Plaza, L.P. (In re Symar Plaza, L.P.)</u>
("<u>Sylmar</u>") rejected a per se rule that a chapter 11 plan lacks good faith where the plan is designed solely
to take advantage of provisions of the Bankruptcy Code.    Rejecting such a rigid rule, Sylmar held that
the Court would not abandon its long-settled interpretation of the good faith requirement, "to wit, that
'bankruptcy courts should determine a debtor's good faith on a case-by-case basis." *Id.* at 1075
(citations omitted.)

Here, the Debtor's Plan is extraordinarily lopsided in favor of the Debtor.    Section VIII F –
Shareholder Interests, provides that on the Effective Date, the Debtor "simply retains its property
interest in property, both encumbered and exempt."    It is not exactly clear but this language may be
understood to mean that on the Effective Date, all the surplus cash held by the Debtor, including cash
collateral, becomes property of the Debtor to use any way he chooses.  The same is true with regard to
all surplus rents during the post-Effective Date period, even if there is a Material Default under the Plan.
Exhibit 3 shows how this may amount to nearly $1,300,000 over the first year of the Plan, even if no
creditors other than secured creditors receive any Plan payments.    "A plan is proposed in good faith
where it achieves a result consistent with the objectives and purposes of the Code."  <u>In re Sylmar</u> at
1074 (citations omitted).   This Plan does not.   Filing the petition gave the Debtor the benefit of the
automatic stay.  The Debtor has done nothing with its "breathing spell" opportunity, just as the Debtor
did nothing with the same period pre-petition, even with the additional time Bae and Sanfaz extended.
Having made no effort to actually take steps to pay his creditors, at least based on the record, the Debtor
proposes a plan that puts himself before creditors.     That is not consistent with the objectives and
purposes of the Code.

**C.    The Debtor has not Demonstrated Feasibility of the Plan.**

The Plan is premised on the Debtor refinancing some or all of his properties and/or selling

sufficient of his properties to pay the Plan obligations.    However, the Debtor has provided no evidence

of his ability or intent to retain a loan broker or retain a real estate broker.    The failure to have filed an

application to retain either such professional, pre- or post-petition creates a reasonable inference that

there is a problem.    Why would the Debtor have not done so all this time?   Oddly, there is no evidence

of the Debtor's actual intention to do so.    Instead, the Debtor may choose to simply use the rents to

make Plan payments for nearly a year, retain the surplus cash, and never actually try to refinance or sell

his real estate.     The absence of an application to hire a loan or real estate broker, or both, all this time

is evidence that the Debtor will not do so post-Effective Date.

Contrast the scenario with conversion of the case.    Given the values the Debtor asserts the

properties are worth, a chapter 7 trustee will not hesitate to list the properties for sale, netting easily

more than enough to pay all claims in full, as well as all related capital gain tax.

**III.    CONCLUSION**

The foregoing sets forth the preliminary objections to confirmation of the Debtor's Plan.

DATED:   November 3, 2023                   THE LAW OFFICES OF DAVID W. MEADOWS


                                                           By:        /s/ David W. Meadows
                                                                        David W. Meadows

                                                           Counsel to Packo Investments, Inc., as Assignee of
                                                           Mohamed Sanfaz, an individual, and to Packo Investments,
                                                           Inc., as Assignee of The Bae Family Trust.

## DECLARATION OF ALLEN PARK

I, Allen Park, declare as follows:

1.      I am over 18 years of age.  If called as a witness, I could and would testify to the matters set forth in this declaration.

2.      I am the President of Packo Investments, Inc.

3.      I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Packo.  These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Packo's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Packo by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

4.       The amount due on the Bae note including principal, default interest, fees and costs as of March 1, 2024 is **$2,370,905.72.**  This amount does not include reasonable attorneys' fees accruing on or after September 30, 2023, which are preserved.   The calculation of the amount due is set forth in detail on **Exhibit 1**.

5.      The amount due on the Sanfaz note including principal, default interest, fees and costs as of March 1, 2024 is **$829,588.82.**   This amount does not include reasonable attorneys' fees accruing on or after September 30, 2023, which are preserved.   The calculation of the amount due is set forth in detail on **Exhibit 1**.

13

6. The calculations for the amounts stated above are shown on the attached **Exhibit 1**. Exhibit 1 is the same exhibit attached to the Bae and Sanfaz proofs of claim, but updated to bring the numbers current to a presumed Effective Date of the Plan, projected to be March 1, 2024.

7. Attached hereto as **Exhibit 2** is a print of the display from the Department of Real Estate Public License Lookup website, displaying my State of California Department of Real Estate license. As shown on Exhibit 2, I have been a licensed real estate broker since May 15, 1987. I personally negotiated and handled all aspects of the Bae and Sanfaz loans on behalf of Bae and Sanfaz.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

This declaration is being executed this ___of October,  2023, in Los Angeles, California.

See next page

_____

Allen Park

14

6.     The calculations for the amounts stated above are shown on the attached **Exhibit 1**. Exhibit 1 is the same exhibit attached to the Bae and Sanfaz proofs of claim, but updated to bring the numbers current to a presumed Effective Date of the Plan, projected to be March 1, 2024.

7.     Attached hereto as **Exhibit 2** is a print of the display from the Department of Real Estate Public License Lookup website, displaying my State of California Department of Real Estate license. As shown on Exhibit 2, I have been a licensed real estate broker since May 15, 1987.    I personally negotiated and handled all aspects of the Bae and Sanfaz loans on behalf of Bae and Sanfaz.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

This declaration is being executed this 31 of October, 2023, in Los Angeles, California.



Allen Park

LAW OFFICES OF DAVID W. MEADOWS
LOS ANGELES, CALIFORNIA

## DECLARATION OF DAVID W. MEADOWS

I, David W. Meadows, declare as follows:

1.      I am over 18 years of age.  If called as a witness, I could and would testify to the matters set forth in this declaration.

2.      Attached as **Exhibit 3** is a true and correct copy of an Excel worksheet that I prepared. The following is a description and explanation of what is presented on the Exhibit.   **This Declaration incorporates the corrections to the Excel attached to the previously filed Preliminary Objection. The prior version of Exhibit 3 inadvertently omitted the Plan payments to the IRS.**  As set out it in the Errata, Exhibit 3 uses the Plan payment for the IRS, which the IRS asserts is understated.  *See* "United States of America's Objection to Amended Chapter 11 Plan" (Dkt. 130).   To be consistent in correcting the Preliminary Objection, Exhibit 3 and the Statements below use the Debtor's Plan payment amount for the IRS.

3.      In the upper left corner:  $883,540.00.  That number is the Debtor's stated amount that it will have on hand as of the Effective Date.  The projected Effective Date stated in the Plan is March, 2024.

4.      The **Monthly Income** column identifies the rental income from the Debtor's four properties.  The adjacent column to the right, **Annualized**, takes the figure in the monthly column and multiplies it by 12.   Further to the right shows the amounts stated as the total amount held by the Debtor as rents received for each property through September, 2023, as reported in the most recently filed Monthly Operating Report (Dkt. 128).   The right most column, at the top, projects the remaining rent the Debtor should receive before the Effective Date.  This is derived by taking the monthly rent and multiplying it by 6, for the months of October, 2023 through March, 2024.  The total figure of $802,900

LAW OFFICES OF DAVID W. MEADOWS
LOS ANGELES, CALIFORNIA

is rent total collected per the MOR through September, 2023 ($328,960) plus the additional six months of

rent ($473,940) for a total of $802,900. This amount is close to the Debtor's estimate of $883,540.

5.    Left side, Effective Date:  $45,008.45 is the amount the Plan states is the amount to be paid

on the Effective Date.  To the right of that figure is the reference to the specific page of the Plan.   Here,

the reference is to Section VB, page 10 of 76.

6.    Left side, below the Effective Date, are listed the various claims to be paid on the Effective

Date and monthly payments through-out the first twelve-month period of the Plan.     The total is

$562,288.32 (**corrected**).  (For clarity purposes, this figure does not include the quarterly payment of

$250.00 per month to the U.S. Trustee per the Plan or the Debtor's attorneys' fees.)

7.    Left side, below the Secured heading, is Unsecured:  They receive no payments until and

unless the Debtor's real property is refinanced and/or sold.

8.    Left side, Starting Date cash is just restating for clarity the Effective Date cash per the

Debtor's Plan projection, $883,540.

9.    Left side, Total Income for 1-year post-petition is $947,880.  The math is shown at the top

center of the worksheet.   It is the annualized rental income.

10.    Left side, All Cash on the Effective Date plus the first twelve (12) months of the Plan is

the sum of $883,540.00 plus $947,880, for a total of $1,831,420.

11.    Left side, Plan Payment for 12 Months is $562,288.32 (**corrected**).   This is the total of the

annualized monthly payments, shown in the center of the Exhibit.

12.    Left side, **Equity Cash Retained** in the amount of $1,269,131.68 (**corrected**).    This

number is derived by taking the total of cash at the end of the twelve-month period (Effective Date cash

of $883,540 plus one year of rental income $947,880) and subtracting the total Plan payments through the

LAW OFFICES OF DAVID W. MEADOWS
LOS ANGELES, CALIFORNIA

first twelve months of the Plan ($562,288.32) (**corrected**), resulting in the sum of $1,269.131.68 (**corrected**). Per Section VIII, F of the Plan, on the Effective Date of the Plan, all property is revested in the Debtor.

13.    On the right side of the Exhibit, mid-way down, is a box.   On the right side of the box are the monthly payments under the Plan, with the monthly payment to Bae and Sanfaz shown at the contract, default rate.   It shows that the monthly Plan payments become $70,510.71 (**corrected**).   The monthly surplus is shown by taking the monthly rental income ($78,990.00) and subtracting $70,510.71 (**corrected**), resulting in $8,479.29 (**corrected**). This means that the Debtor can pay the Bae and Sanfaz contract rates of interest, still make all the other Plan payments, and still have a monthly surplus.   The remaining figures in the box show that same concept, but annualized.   The net number retained by the Debtor becomes $985,291.48 (**corrected**), even after paying Sanfaz and Bae the contract, default rate of interest.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

This declaration is being executed this 3rd day of November, 2023, in Los Angeles, California.

_____ /s/ David W. Meadows _____
David W. Meadows

EXHIBIT 1

Exhibit 1
Schedule of Amounts Due to Bae and Sanfaz as of March 1, 2024

| | Bae | | Sanfaz |
|---|---|---|---|
| Principal | $ 1,290,000.00 | | $ 500,000.00 |
| Interest Rate | 10% | | 10% |
| Daily Interest Rate (360/365) | $ 358.33 | | $ 138.89 |
| Default Rate | 20% | | 20% |
| Daily Default Rate (360/365) | $ 358.33 | | $ 138.89 |
| Maturity | | | |
| Paid Until | | | |
| Interest Due | $ - | | $ - |
| 5/1/2018 - 5/31/18 Interest (31 Days) | | | |
| 5/1/2018 - 5/31/18 Default Interest (31 Days) | | | |
| | | | |
| 6/1/2018 - 6/30/18 Interest (30 Days) | $ 10,750.00 | | $ 4,166.67 |
| 6/1/2018 - 6/30/18 Default Interest (30 Days) | $ 10,750.00 | | $ 4,166.67 |
| | | | |
| 7/1/2018 - 2/5/20 Interest (585 Days) | $ 209,625.00 | | $ 81,250.00 |
| 7/1/2018 - 2/5/20 Default Interest (585 Days) | $ 209,625.00 | | $ 81,250.00 |
| | | | |
| Interest & Default Penalty Total | $ 440,750.00 | | $ 170,833.33 |
| **Payment from SB Sale (02/05/20)** | $ (350,000.00) | | $ (250,000.00) |
| **Balance as of 2/05/20** | $ 90,750.00 | | $ (79,166.67) |
| Principal Reduction (if any) | | | $ (79,166.67) |
| | | | |
| **Principal as of 2/5/20** | $ 1,290,000.00 | | $ 420,833.33 |
| Interest Rate | 10% | | 10% |
| Daily Interest Rate (360/365) | $ 358.33 | | $ 116.90 |
| Default Rate | 20% | | 20% |
| Daily Default Rate (360/365) | $ 358.33 | | $ 116.90 |
| **Per Diem** | $ 716.67 | | $ 233.80 |
| **BK PETITION DATE: 8/14/20** | | | |
| | | | |
| 2/6/20 - 8/14/20 Interest (191 Days) | $ 68,441.67 | | $ 22,327.55 |
| 2/6/20 - 8/14/20 Default Interest (191 Days) | $ 68,441.67 | | $ 22,327.55 |
| Legal Fees/Foreclosure Fees | | | |
| | | | |
| Total as of 8/14/20 (Interest Only) | $ 227,633.33 | | $ 44,655.09 |
| **Total as of 8/14/20** | $ 1,517,633.33 | | $ 465,488.43 |
| | | | |
| 8/15/20 - 12/31/21 Interest (504 Days) | $ 180,600.00 | | $ 58,916.67 |
| 8/15/20 - 12/31/21 Default Interest (504 Days) | $ 180,600.00 | | $ 58,916.67 |
| Legal Fees/Foreclosure Fees | | | |
| Total as of 12/31/21 (Interest Only) | $ 588,833.33 | | $ 162,488.43 |
| **Total as of 12/31/21** | $ 1,878,833.33 | | $ 583,321.76 |
| | | | |
| **Payment from Santa Fe Sale 12/31/21** | | | |
| **Balance as of 12/31/21** | $ 1,878,833.33 | | $ 583,321.76 |
| Principal Reduction (if any) | | | |
| **Principal as of 12/31/21** | $ 1,290,000.00 | | $ 420,833.33 |
| Interest Rate | 10% | | 10% |
| Daily Interest Rate (360/365) | $ 358.33 | | $ 116.90 |
| Default Rate | 20% | | 20% |
| Daily Default Rate (360/365) | $ 358.33 | | $ 116.90 |
| **Per Diem** | $ 716.67 | | $ 233.80 |
| 01/01/22 - 01/13/22 Interest (13 Days) | $ 4,658.33 | | $ 1,519.68 |
| 01/01/22 - 01/13/22 Default Interest (13 Days) | $ 4,658.33 | | $ 1,519.68 |
| Legal Fees/Foreclosure Fees | | | |
| Total as of 01/13/22 (Interest Only) | $ 598,150.00 | | $ 165,527.78 |
| **Total as of 01/13/22** | $ 1,888,150.00 | | $ 586,361.11 |
| | | | |
| **Payment from Title (Transfer Tax Returned)** | | | |
| Applied to Interest on 1/13/22 | | | |

Exhibit 1- Payoff 030124 - With Timeline V3 10 27 23.xlsx                                                                1

|  | **Bae** |  | **Sanfaz** |
|---|---|---|---|
| Principal Reduction (if any) |  |  |  |
| New Principal as of 01/13/22 | $ 1,290,000.00 |  | $ 420,833.33 |
| Interest Rate | 10% |  | 10% |
| Daily Interest Rate (360/365) | $ 358.33 |  | $ 116.90 |
| Default Rate | 20% |  | 20% |
| Daily Default Rate (360/365) | $ 358.33 |  | $ 116.90 |
| **Per Diem** | **$ 716.67** |  | **$ 233.80** |
| Legal Fees/Foreclosure Fees (Pre Petition) |  |  |  |
|  |  |  |  |
| **New Total as of 1/13/22** | **$ 1,888,150.00** |  | **$ 586,361.11** |
|  |  |  |  |
| 01/14/22 - 02/28/22 Interest (46 Days) | $ 16,483.33 |  | $ 5,377.31 |
| 01/14/22 - 02/28/22 Default Interest (46 Days) | $ 16,483.33 |  | $ 5,377.31 |
| Legal Fees/Foreclosure Fees (Pre Petition) |  |  |  |
| Total as of 02/28/22 (Interest Only) | $ 32,966.67 |  | $ 10,754.63 |
| **Total as of 02/28/22** | **$ 1,921,116.67** |  | **$ 597,115.74** |
|  |  |  |  |
| Interest (3/1/22-3/9/22) *extra day (1) |  |  |  |
| Total 3/9/22 |  |  |  |
| RECEIVED 3/9/22 |  |  |  |
| 3/1/22 - 3/31/22 (31 days) |  |  |  |
| Per final dismissal order 4/19/22 |  |  |  |
| **Total as of 02/28/22** | **$ 1,921,116.67** |  | **$ 597,115.74** |
|  |  |  |  |
| 3/1/22 - 5/31/22 Interest (92 Days) | $ 32,966.67 |  | $ 10,754.63 |
| 3/1/22-5/31/22 Default Interest (92 Days) | $ 32,966.67 |  | $ 10,754.63 |
| Payment to BAE 4/21/22 | $ (48,567.86) |  |  |
|  |  |  |  |
| **Total as of 5/31/22** | **$ 1,938,482.14** |  | **$ 618,625.00** |
|  |  |  |  |
| 6/1/22 - 5/4/23 Interest (338 Days) | $ 121,116.67 |  | $ 39,511.57 |
| 6/1/22 - 5/4/23 Default Interest (338 Days) | $ 121,116.67 |  | $ 39,511.57 |
| Payment to BAE 6/27/22 | $ (147,496.15) |  |  |
|  |  |  |  |
| **Total as of 5/4/23 (BK PETITION DATE)** | **$ 2,033,219.32** |  | **$ 697,648.15** |
| Legal Fees per NOD | $ 8,508.50 |  | $ 20,513.49 |
| Legal Fees | $ 53,382.71 |  | $ 17,416.64 |
| Foreclosure Fees as of 5/4/23 | $ 11,269.61 |  | $ 7,713.49 |
|  |  |  |  |
| **Total with fees as of 5/4/23** | **$ 2,106,380.14** |  | **$ 743,291.77** |
|  |  |  |  |
| 5/5/23 - 3/1/24 Interest (302 Days) | $ 108,216.67 |  | $ 35,303.24 |
| 5/5/23 - 3/1/24 Default Interest (302 Days) | $ 108,216.67 |  | $ 35,303.24 |
| Post BK Legal Fees (**as of 9/30/23**) | $ 48,092.25 |  | $ 15,690.57 |
|  |  |  |  |
| **Total as of 3/1/24** | **$ 2,370,905.72** |  | **$ 829,588.82** |

Exhibit 1- Payoff 030124 - With Timeline V3 10 27 23.xlsx                                    2

EXHIBIT 2

## STATE OF CALIFORNIA
## DEPARTMENT OF REAL ESTATE

In reviewing a licensee's information, please be aware that license discipline information may have been removed from a licensee's record pursuant to Business & Professions Code Section 10083.2 (c). However, discipline information may be available from the California Department of Real Estate upon submittal of a request, or by calling the Department's public information line at 1-877-373-4542.

The license information shown below represents public information. It will not reflect pending licensing changes which are being reviewed for subsequent updating. Although the business and mailing addresses of real estate licensees are included, this information is not intended for mass mailing purposes.

Some historical disciplinary action documents may not be in compliance with certain accessibility functions. For assistance with these documents, please contact the Department's Licensing Flag Section.

License information taken from records of the Department of Real Estate on 10/24/2023 9:23:16 AM

| | |
|---|---|
| **License Type:** | BROKER |
| **Name:** | Park, Allen Haeam |
| **Mailing Address:** | 440 S VERMONT AVE #301 <br> LOS ANGELES, CA 90020 |
| **License ID:** | 00708737 |
| **Expiration Date:** | 05/14/27 |
| **License Status:** | LICENSED |
| **Salesperson License Issued:** | 04/19/83 (Unofficial -- taken from secondary records) |
| **Broker License Issued:** | 05/15/87 (Unofficial -- taken from secondary records) |
| **Former Name(s):** | NO FORMER NAMES |
| **Main Office:** | 440 S VERMONT AVE #301 <br> LOS ANGELES, CA 90020 |
| **DBA** | NO CURRENT DBAS |
| **Branches:** | NO CURRENT BRANCHES |
| **Affiliated Licensed Corporation(s):** | 01038460 - Officer Expiration Date: 08/06/25 <br> Packo Investments Inc |
| **Comment:** | NO DISCIPLINARY ACTION |
| | NO OTHER PUBLIC COMMENTS |
| | >>>> Public information request complete <<<< |

EXHIBIT 3

EXHIBIT 3
In re Byun
Schedule of Cash Collateral Plan Uses and Debtor's Retained Surplus

| Effective Date Cash Collateral Assuming Effective Date of MARCH, 2024. | Monthly Income | Annualized | Description and Source Document | Rent Totals per MOR for PE Sept., 2023, Dkt. 128 | Additional Rents - Oct. 2023 - March, 2024 - 6 Months |
|---|---|---|---|---|---|
| **$883,540.00** | | | DKT. 118; Sect B, Source of Funding; pg. 11 of 76; Effective Date definition, Section II, page 3 of 76. | | |
| | $20,800.00 | $249,600.00 | Rental Income - 17336 E. 2th St. Dkt. 118; Exh. D, page 45 of 76 | $86,200.00 | $124,800.00 |
| | $15,190.00 | $182,280.00 | Rental Income - 2445 S. Alameda St. Dkt. 118; Exh. D, page 45 of 76 | $63,760.00 | $91,140.00 |
| | $41,000.00 | $492,000.00 | Rental Income - 2203 S. Alameda St. Dkt. 118; Exh. D, page 45 of 76 | $169,000.00 | $246,000.00 |
| | $2,000.00 | $24,000.00 | Rental Income - 24399 State Hwy 58. Dkt. 118; Exh. D, page 45 of 76 | $10,000.00 | $12,000.00 |
| Subtotal: | **$78,990.00** | **$947,880.00** | Rental Income - All | **$328,960.00** | **$473,940.00** |
| | | | | Combined Total: | **$802,900.00** |

**Plan Payments:**

| | Monthly Income | Annualized | Description and Source Document |
|---|---|---|---|
| Effective Date: | $45,008.45 | | Dkt. 118; Sect. VB, Effective Date Payments; page 11 of 76. First monthly payments plus $250.00 for U.S. Trustee Fees |
| Administrative Priority: | | | |
| U.S. Trustee: | $83.33 | $1,000.00 | $250.00 per quarter; Dkt. 118, pg. 15 |
| Orantes law firm | unknown | unknown | Estimated at $120,000. Requires consent by Bae and Sanfaz or court order |
| Secured: | | | |
| **Omitted: IRS** | | | |
| Franchise Tax Board | $10,954.03 | $131,448.36 | DKT. 118, Exhibit H, pg. 70 of 76 |
| Bae Family Trust | $5,771.00 | $69,252.00 | Dkt. 118, Sect. VIII, B, 2, pg. 16 |
| Complete Bus. Solutions | $17,459.25 | $209,511.00 | Dkt. 118, Sect. VIII, E, 2, pg. 20 |
| Creditors Adj. Bureau | $2,873.62 | $34,483.44 | Dkt. 118, Sect. VIII, E, 2, pg. 20 |
| Sanfaz | $2,263.07 | $27,156.84 | Dkt. 118, Sect. VIII, E, 2, pg. 21 |
| So. Cal Oil/San Bernardino Tax | $6,194.10 | $74,329.20 | Dkt. 118, Exh. I, pg. 72 |
| So. Cal Oil/San Bernardino Tax | $1,223.85 | $14,686.20 | Dkt. 118, Exh. I, pg. 73 |
| | $118.44 | $1,421.28 | Dkt. 118, Exh. I, pg. 74 |
| Subtotal: | $46,857.36 | $562,288.32 | |
| Monthly Surplus: | **$32,132.64** | | |

| Monthly Payments if Bae and Sanfaz receive Contract Default rate: | |
|---|---|
| | $10,954.03 |
| | $5,771.00 |
| | **$34,918.50** |
| | $2,873.62 |
| | $2,263.07 |
| | **$12,388.20** |
| | $1,223.85 |
| | $118.44 |
| Total Monthly Plan Payments: | $70,510.71 |
| Monthly Plan Income: | $78,990.00 |
| Monthly Surplus: | $8,479.29 |
| Total 12 Month Plan Payments | $846,128.52 |

| | Monthly Income | Annualized | Description and Source Document |
|---|---|---|---|
| Unsecured: | $0.00 | $0.00 | Zero until paid in full no later than one year from the Effective Date by the sale or refinancing of property.. |
| Starting Effective Date Cash | | $883,540.00 | See above |
| Total Rental Income for 1 year, post Effective Date: | | $947,880.00 | See above |
| All Cash on the Effective Date plus the first twelve (12) months of the Plan. | | $1,831,420.00 | See above |
| Plan Payments for 12 Months: | | $562,288.32 | See above |
| Equity (cash) retained: | | **$1,269,131.68** | Retains all property, both encumbered and exempt; Dkt. 118, Section VIII F, pg. 22. This is the cash retained by the Debtor regardless of the success of refinancing or sale, and regardless whether any payments are made to unsecured creditors. |

| | |
|---|---|
| Ending 12 Month Cash Flow Surplus: | $101,751.48 |
| Total Cash Retained by the Debtor after 12 Months: | $985,291.48 |

Exhibit 3 Rev'd - Byun Plan Math Revised VJ 11.03.23.xlsx
Prepared by LODWM
Printed 11/3/2023

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:1801 Century Park East, Suite 1201, Los Angeles, CA  90067.

A true and correct copy of the foregoing documents entitled **ERRATA TO:  PRELIMINARY OBJECTION BY PACKO INVESTMENTS, INC. AS ASSIGNEE OF THE BAE FAMILY TRUST AND ASSIGNEE OF MOHAMAD SANFAZ TO CONFIRMATION OF CHAPTER 11 PLAN; DECLARATION OF ALLEN PARK AND DECLARATION OF DAVID W. MEADOWS IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. 11/03/23, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Please see next page.

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:

On _____, I caused to be served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 11/03/23, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

> Honorable Vincent P. Zurzolo   (Via Messenger)
> United States Bankruptcy Court
> 255 E. Temple Street, Suite 1368
> Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/03/2023 | David W. Meadows | /s/ David W. Meadows |
|---|---|---|
| _Date_ | _Printed Name_ | _Signature_ |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1.    Continued:


- **Melody G Anderson**    manderson@kjfesq.com
- **Katrina M Brown**    kbrown@pskbfirm.com
- **Matthew L Eanet**    matt@eanetpc.com, sara@eanetpc.com
- **Angela Gill**    angela.gill@usdoj.gov
- **Barry S Glaser**    bglaser@salvatoboufadel.com,
  gsalvato@salvatoboufadel.com;Jboufadel@salvatoboufadel.com;gsalvato@ecf.courtdrive.com
- **David W. Meadows**    david@davidwmeadowslaw.com
- **Kelly L Morrison**    kelly.l.morrison@usdoj.gov
- **Giovanni Orantes**    go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com
- **Matthew D. Resnik**    Matt@rhmfirm.com,
  roksana@rhmfirm.com;rosario@rhmfirm.com;sloan@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;russ@rhmfirm.com
- **Gregory M Salvato**    gsalvato@salvatoboufadel.com,
  calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

EXHIBIT 2

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| | **FILED & ENTERED**<br><br>**SEP 22 2023**<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY johnson   DEPUTY CLERK |

☐ *Individual appearing without attorney*
☐ *Attorney for:*

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| In re:<br><br>Jong Uk Byun,<br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:23-bk-12747-VZ<br><br>CHAPTER: 11 |
|---|---|
| | **ORDER GRANTING MOTION TO APPROVE ADEQUACY OF DISCLOSURE STATEMENT**<br><br>[11 U.S.C. § 1125; FRBP 3017; LBR 3017-1] |
| | **Hearing Information**<br>DATE: September 14, 2023<br>TIME: 11:00 a.m.<br>COURTROOM: 1368, Roybal Federal Building<br>ADDRESS: 255 E. Temple Street, Los Angeles, CA 90012 |

1. <u>Disclosure Statement</u>:  Pursuant to FRBP 3016(b), a Disclosure Statement and Plan of Reorganization (the "**DS and Plan**") was filed as docket entry # <u>69</u>.  The DS and Plan are combined into one document to avoid contradiction and confusion.  **Sections I – VII and XI of the DS and Plan** constitute the disclosure statement (the "**DS**") and sections VIII – X of the DS and Plan constitute the Plan.  **On September 21, 2023, the Debtor filed an Amended Disclosure Statement and Plan ("First Amended DS and Plan," docket #118) and a Notice of Revisions Reflected in First Amended Disclosure Statement and Plan ("Notice of Revisions," docket #119).**

2. <u>Motion to Approve Disclosure Statement</u>:  Pursuant to FRBP 9014(a), the Debtor filed a motion requesting that the court approve the adequacy of their disclosure statement ("**Motion to Approve DS,**" docket entry #<u>106</u>).  The Motion to Approve DS was served on the U.S. trustee as required by FRBP 9034(h).

3. <u>Hearing on Motion to Approve Disclosure Statement</u>:  The Motion to Approve DS was heard on 21 days of notice pursuant to LBR 9013-1(d).  In addition, pursuant to LBR 3017-1, on (*date*) <u>July 11, 2023</u> a Notice of Hearing on Adequacy of Disclosure Statement (docket #70) was filed and served to provide at least 42 days of notice of the hearing to the U.S. trustee and to all claimants and parties in interest.

4. <u>Appearances</u>:  Appearances by parties and counsel are noted on the record.

---

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

5. **Order:** Based on the findings and conclusions made on the record at the hearing, **IT IS ORDERED**:

   a. **The Motion to Approve DS is GRANTED**, as reflected in the First Amended DS and Notice of Revisions. **Specifically, as to the San Bernardino County Tax Collector, in accordance with its proof of claim (No. 7-1) the Debtor agrees that the amount necessary to cure any default as of the date of the petition is $89,101.04 while the portion of that which is secured is $81,590.14 and the portion of that which is unsecured is $7,510.90.**

   b. **Dates and Deadlines**. The following dates and deadlines are set, related to a hearing on a Motion to Confirm Plan of Reorganization ("Motion to Confirm Plan"), using forms posted on Judge Zurzolo's page of the court website under the "Chapter 11" Tab, and *Chapter 11 Forms for use by Nonindividual Debtors and by Individuals with Substantial Nonconsumer Debt*:

      1. <u>Hearing</u>: (*Date*) **December 14, 2023** at (*Time*) <u>11:00 a.m.</u> is set for a hearing on a Motion to Confirm Plan;

      2. <u>Notice of Hearing</u>: (*Date*) **October 3, 2023** is the deadline for the Debtor to file and serve (on all creditors and the U.S. trustee) the First Amended DS and Plan and this court's form titled: "VZ CH11.NOTICE.DEADLINES.PLAN;

      3. <u>Ballots</u>: (*Date*) **November 3, 2023** is the deadline for claimants who are entitled to vote, to submit a ballot;

      4. <u>Preliminary Objections</u>: (*Date*) **November 3, 2023** is the deadline for claimants and other parties in interest to file and serve a preliminary objection to confirmation of the Plan;

      5. <u>Motion to Confirm Plan</u>: (*Date*) **November 17, 2023** is the deadline for the Debtor to file and serve a Motion to Confirm Plan. The Debtor must use this court's form titled: "VZ CH11.MOTION.PLAN, which must be supported a declaration as to the level at which the Plan is accepted;

      6. <u>Written Response</u>: (*Date*) **November 30, 2023** is the deadline for the claimants and parties in interest to file a written response to the Motion to Confirm Plan; and

      7. <u>Reply</u>: (*Date*) **December 7, 2023** is the deadline for the Debtor to serve and file a reply to any written response to the Motion to Confirm Plan.

###

Date: September 22, 2023

Vincent P. Zurzolo
United States Bankruptcy Judge

---

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*April 2017*    Page 2    **VZ CH11.ORDER.DISCLSR.STMT**

EXHIBIT 3

<table>
<tr><td>Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Giovanni Orantes, SBN 190060<br>ORANTES LAW FIRM, P.C.<br>3435 Wilshire Blvd., 27th Floor<br>Los Angeles, CA 90010<br>Telephone: (213) 389-4362<br>Facsimile: (877) 789-5776</td><td>FOR COURT USE ONLY</td></tr>
</table>

☐ *Individual appearing without attorney*
☒ *Attorney for:* Debtor and Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| In re:<br>Jong Uk Byun,<br><br><br>Debtor(s). | CASE NO.: 2:23-bk-12747-VZ<br>CHAPTER: 11 |
|---|---|
| | **NOTICE OF MOTION AND MOTION TO TO CONFIRM PLAN OF REORGANIZATION OF DEBTOR**<br><br>[11 U.S.C. § 1129; FRBP 3020(b)] |
| | **Hearing Information**<br>DATE: December 14, 2023<br>TIME: 11:00 A.M.<br>COURTROOM: 1368, Roybal Federal Building<br>ADDRESS: 255 E. Temple Street, Los Angeles, CA 90012 |

1. Disclosure Statement and Plan of Reorganization

    a. **Disclosure Statement**: Pursuant to FRBP 3016(b), a Disclosure Statement and Plan of Reorganization (the "DS and Plan") was filed as docket entry # 69. The DS and Plan are combined in one document to avoid confusion and contradiction. Sections I-VII and XI of the DS and Plan constitute the disclosure statement (the "DS"). The DS was approved by the Court pursuant to an order entered on (*date*) September 22, 2023.

    b. **Plan of Reorganization**. Sections VIII-X of the DS and Plan constitute the plan of reorganization (the "Plan").

    c. **Identity of Plan Proponent**. Unless a trustee has been appointed, 11 U.S.C. §1121 provides Debtor a limited period within which Debtor may propose a plan under chapter 11 of this title and a limited period within which only Debtor may seek acceptance of a plan under chapter 11 of this title. If a trustee has been appointed, or the exclusivity periods for filing or for soliciting acceptance of a plan under chapter 11 of this title have terminated, any party in interest may propose a plan.

    In this Case, Plan Proponent ("Plan Proponent") is:

    ☒ Debtor
    ☐ Other:

---

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2020*          Page 1          **VZ CH11.MOTION.CONFIRM.PLAN**

2. <u>Motion to Confirm Plan</u>.  Pursuant to FRBP 9014(a), the Plan Proponent filed a motion requesting the court to confirm the Plan ("Motion to Confirm Plan").  The Motion to Confirm Plan is being served only on the U.S. trustee as required by FRBP 9034(i), and on parties in interest who filed a preliminary objection to confirmation of the Plan.

3. <u>Hearing on Motion to Confirm Plan</u>. 11 U.S.C. § 1128 requires a hearing on the Motion to Confirm Plan to determine if the Plan meets certain legal requirements, especially Bankruptcy Code §§ 1121-1129. The Motion to Confirm Plan is set on 21 days of notice pursuant to LBR 9013-1(d).  In addition, on (*date*) <u>October 3, 2023</u>, the DS and Plan was served on the U.S. trustee and all claimants along with a Notice of Dates Related to Confirmation and Deadlines to (A) Submit Ballots, (B) File Preliminary Objection to Plan Confirmation, and (C) File Response to Motion to Confirm Plan (the "Notice of Deadlines").

4. <u>Filing and Serving a Response</u>.  All parties in interest may file a response to the Motion to Confirm Plan.  If you wish to oppose the Motion to Confirm Plan, you must file and serve a written response no later than 14 days before the hearing and appear at the hearing. When serving a response, serve it on Plan Proponent and attorney for Plan Proponent, if any.  If Plan Proponent is not the Debtor, then the Debtor and attorney for Debtor (if any) must also be served.  If you fail to file a written response or fail to appear at the hearing, the court may treat such failure as a waiver of your right to oppose the Motion to Confirm Plan and may grant the Motion to Confirm Plan.

    **a.** **DEADLINE** (*date*)**:** November 30, 2023

    b. **DEBTOR'S ADDRESS:** 3439 Padua Avenue, Claremont, CA 91711

    **c.** **DEBTOR'S ATTORNEY'S ADDRESS:**

        ☐ Do not mail the response. The Debtor's attorney will be served by Notice of Electronic Filing; **or**

        ☒ Mailing Address:     Giovanni Orantes, Esq.
                           ORANTES LAW FIRM, P.C.
                           3435 Wilshire Blvd., 27th Floor
                           Los Angeles, CA 90010

    **d.** **PLAN PROPONENT'S ATTORNEY'S ADDRESS** (if proponent is not the Debtor): :

        ☐ Do not mail the response. The Debtor's attorney will be served by Notice of Electronic Filing; **or**

        ☐ Mailing Address:

Date: <u>11/17/23</u>                           /s/ Giovanni Orantes
                                          Signature of Plan Proponent/Attorney for Plan Proponent

                                        Giovanni Orantes
                                        Printed name of Plan Proponent/Attorney for Plan Proponent

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2020*                      Page 2                **VZ CH11.MOTION.CONFIRM.PLAN**

## MOTION TO CONFIRM PLAN OF REORGANIZATION

Section 1129(a) of the Bankruptcy Code sets forth the requirements that must be complied with before a plan of reorganization will be confirmed. 11 U.S.C. § 1129(a).  The declarations and other evidence attached to this Motion demonstrate that, as to each of the requirements in 11 U.S.C. § 1129(a), the Plan and Plan Proponent have either satisfied the requirement or the requirement is inapplicable in this case.
'

### I. LEGAL STANDARDS

A.   The Plan Complies with the Applicable Provisions of Chapter 11.  11 U.S.C. § **1129(a)(1)** requires that the Plan comply with the applicable provisions of title 11, generally 11 U.S.C. §§ 1122 and 1123, for a plan to be confirmed.  11 U.S.C. § 1122 governs the classification of claims while 11 U.S.C. § 1123 governs which plan provisions are mandatory and those that are permitted to be included.

1.   All claims and interests, if any, have been classified in compliance with 11 U.S.C. § 1122 as follows:

Section 1122(a) permits a plan to place a claim in a particular class only if such claim is substantially similar to the other claims in such class.

Here, the Plan clearly satisfies this requirement as secured claims have been classified separately based on their collateral and because they enjoy different priority depending on their date of perfection of their security interests and nonpriority unsecured claims are all in the same class.

2.   For the reasons stated in the following paragraph(s), the Plan contains all and only plan provisions appropriate pursuant to 11 U.S.C. § 1123 including, but not limited to the designation of classes of claims and the specification of which claims are impaired and which are unimpaired.

a.   Section 1123(a)(1) requires that a plan designate classes of claims and interests.  Section VIII of the Plan designates the classification of Claims and Interests in accordance with this requirement.

b.   Section 1123(a)(2) requires that a plan specify the treatment of any classes of claims or interests that are not "impaired" by the plan (as that term is defined under Section 1124 of the Bankruptcy Code).  In this case, pursuant to the Plan, the Plan currently designates all claims as impaired; thus this section does not apply.  Accordingly, the Plan satisfies this requirement.

c.   Section 1123(a)(3) requires that a plan specify the treatment of any classes of claims or interests that are impaired by the plan.  In accordance with this requirement, Section VIII of the Plan specifies the treatment afforded to each of the impaired Classes of Claims and Interests under the Plan.  Accordingly, the Plan satisfies this requirement.

d.   Section 1123(a)(4) requires that a plan provide the same treatment for each claim or interest of a particular class unless the holder of a particular claim or interest agrees to a less favorable treatment of such claim or interest.  Since all members of each Class established by the Plan are treated equally with respect to their Claims or Interests, the Plan satisfies this requirement.

e.   Section 1123(a)(5) requires that a plan provide adequate means for its implementation.  The means of implementation of the Plan are described in detail in Section V of the Plan in accordance with this requirement.

f.   Section 1123(a)(6) requires that, where applicable, certain provisions be included in the charter of a corporate debtor prohibiting the issuance of non-voting equity securities.  This section does not apply in this case as the Debtor is an individual and does not issue stock.

g.   Section 1123(a)(7) requires that a plan include only provisions consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director or trustee under the plan and any successor to such officer, director or trustee.  The Debtor submits that Section 1123(a)(7) is satisfied

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2020*                                    Page 3                          **VZ CH11.MOTION.CONFIRM.PLAN**

B. Proponent Has Complied with the Applicable Provisions of Title 11. 11 U.S.C. § **1129(a)(2)** requires that Proponent has complied with the applicable provisions of Title 11, generally 11 U.S.C. § 1125, which governs the solicitation of acceptances of a plan, for the Plan to be confirmed. For the reasons stated in the following paragraph(s), the Plan complies with 11 U.S.C. § 1129(a)(2).

Section 1125 provides that acceptances or rejections of a plan may not be solicited after the commencement of a Chapter 11 case unless, at the time of or before such solicitation, there is transmitted to the party being solicited the plan or a summary of the plan and a written disclosure statement approved by the bankruptcy court as containing adequate information. The Debtor has complied with the requirements of Section 1125 in that Creditors and Interest Holders received the same Disclosure Statement that was approved by the Court as containing "adequate information" in accordance with the requirements of Section 1125.

C. The Plan Has Been Proposed in Good Faith and not by Any Means Forbidden by Law. 11 U.S.C. § **1129(a)(3)** requires that the Plan be proposed in good faith and not by any means forbidden by law. For the reasons stated in the following paragraph(s), the Plan complies with 11 U.S.C. § 1129(a)(3).

Section 1129(a)(3) requires that a plan be proposed in good faith and not by any means forbidden by law. As set forth in the Orantes Declaration and in the Debtor's declaration attesting to the veracity of the information in the Chapter 11 Disclosure Statement and Chapter 11 Plan, the Plan proposes to pay creditors 100% of their claims by funds generated from the Debtor's refinancing or sale or certain assets after the Effective Date. The Debtor believes that the Plan presents a viable basis on which to pay holders of general unsecured claims. Accordingly, the Debtor believes that the Plan provides fair and equitable treatment of all creditors. Thus, it is clear that the Plan has been proposed in good faith, which is further evidenced by the acceptance to the Plan by an impaired class.

The Debtor hereby respectfully submits that, in accordance with the provisions of Rule 3020 of the Federal Rules of Bankruptcy Procedure, this Court can make a determination that the Plan was proposed in good faith and not by any means forbidden by law, without receiving evidence on such issue. Federal Rule of Bankruptcy Procedure 3020(b)(2).

D. Payment Disclosure. 11 U.S.C. § **1129(a)(4)** requires that, "Any payment made or to be made by Proponent, by the Debtor, or by a person issuing securities or acquiring property under the plan, for services or for costs and expenses in or in connection with the case, or in connection with the plan and incident to the case, has been approved by, or is subject to the approval of, the court as reasonable." For the reasons stated in the following paragraph(s), the Plan complies with 11 U.S.C. §1129(a)(4).

In this case, the Plan allows for payment of administrative expenses provided by Section 503(b) or Section 507(a)(1), which includes compensation awarded by the Court to professional persons, only with approval of the court.

E. Insider Employment or Retention Disclosure. 11 U.S.C. § **1129(a)(5)** requires that (a) Plan Proponent disclose the identity and affiliations of any individual proposed to serve after confirmation as a director, officer or voting trustee of the Debtor, an affiliate of the Debtor participating in a joint plan with the Debtor, or a successor of the Debtor under the Plan, (b) the appointment or continuance of the individual be consistent with the interest of creditors, equity security holders and with public policy and (c) Plan Proponent disclose the compensation to be paid to such individual.
In this Case:

☐ 11 U.S.C. § 1129(a)(5) is inapplicable because there are no individuals proposed to serve after confirmation as a director, officer or voting trustee of the Debtor, and there are no affiliates of the Debtor participating in the Plan, or

☒ for the reasons stated in the following paragraph(s), the Plan complies with § 1129(a)(5).

This section is inapplicable because the Debtor is a individual and has no director, officer or voting trustee.

F. Rate Changes Requiring Regulatory Approval. 11 U.S.C. § **1129(a)(6)** requires that any governmental regulatory entity with jurisdiction, after confirmation of the Plan, over the rates of the Debtor has approved any rate change provided for in the Plan, or such rate change is expressly conditioned on such approval.

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

August 2020                                    Page 4                          **VZ CH11.MOTION.CONFIRM.PLAN**

In this Case:

☒ 11 U.S.C. § 1129(a)(6) is inapplicable because Debtor is not in a business where a regulatory commission has jurisdiction over the rates charged, or

☐ for the reasons stated in the following paragraph(s), the Plan complies with 11 U.S.C. §1129(a)(6).

G. <u>Best Interest of Creditors Test.</u>  11 U.S.C. § **1129(a)(7)** requires that with respect to each impaired class of claims or interests, each holder of a claim or interest of such class has accepted the Plan or will receive or retain under the Plan property of a value, as of the Effective Date, not less than the amount that such holder would receive or retain if the Debtor were liquidated under chapter 7 on such date. Exhibits B and C attached to the DS together with the Declaration of <u>Jong Uk Byun</u> and other evidence offered in support of this Motion establish that the Plan complies with 11 U.S.C. § 1129(a)(7) for the following reasons:

   The Plan proposes to pay 100% of the allowed claims with interest, which a Trustee is not likely to offer. Note that that the Debtor is willing to pay the IRS the interest rate it requests and in the manner it requests under its objection filed as Docket No. 130, which he requests be incorporated in a confirmation order, which Debtor's counsel will run by the IRS.

H. <u>Degree of Plan Acceptance.</u>  11 U.S.C. § **1129(a)(8)** requires that each class of claims either accepts the Plan or is not impaired under the Plan.  The Plan Ballot Summary (Exhibit #1 attached to this Motion) and the declaration of <u>Andrea M. Castro</u> attached to the Motion establish the level to which the Plan is accepted, including:

   1. **Acceptance by Ballots**:  By claimants who were entitled to vote, and who voted to accept the Plan.

   2. **Deemed Acceptance**:  By claimants who were not impaired and therefore not entitled to vote (11 U.S.C. § 1126(f)), who were entitled to vote but did not vote [LBR 9013-1(h)], or who were members of an impaired class and at least two-thirds (2/3) in amount and more than one-half (1/2) in number of all allowed claims class members who actually voted, voted in favor of the Plan [11 U.S.C. § 1126(c)].

   3. **Non-Acceptance**:  By claimants who were entitled to vote, and voted to not accept the Plan, but whose claims receive treatment specified in 11 U.S.C. §§ 1129(a)(7), (9) or (10).

For the reasons stated in the paragraph that follows,

   ☐ the Plan complies with 11 U.S.C. § 1129(a)(8) or,

   ☒ 11 U.S.C. § 1129(a)(8) has not been satisfied; and, Plan Proponent requests cramdown pursuant to 11 U.S.C. § 1129(b) and all the requirements for cramdown have been met, including that the plan does not discriminate unfairly, and is fair and equitable, with respect to each rejecting class of claims or interests.

   In this regard, Section 1129(b) provides, in pertinent part, as follows:

      …if all of the applicable requirements of subsection (a) of this section other than paragraph (8) are met with respect to a plan, the court, on request of the proponent of the plan, shall confirm the plan notwithstanding the requirements of such paragraph if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan.

      (2)  For the purpose of this subsection, the condition that a plan be fair and equitable with respect to a class includes the following requirements:
* * *

         (A)   With respect to a class of secured claims, the plan provides
         (i)  (I)   that the holders of such claims retain the liens securing such claims, whether the property subject to such liens is retained by the debtor or transferred to another entity, to the extent of the allowed amount of such claims; and

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

(II)  that each holder of a claim of such class receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property …

(B)      With respect to a class of unsecured claims

(i)  the plan provides that each holder of a claim of such class receive or retain on account of such claim property of a value, as of the effective date of the plan, equal to the allowed amount of such claim; or

(ii)  the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan on account of such junior claim or interest any property, except that in a case in which the debtor is an individual, the debtor may retain property included in the estate under section 1115, subject to the requirements of subsection (a)(14) of this section.

(C)      With respect to a class of interests --

(i)      the plan provides that each holder of an interest of such class receive or retain on account of such interest property of a value, as of the effective date of the plan, equal to the greatest of the allowed amount of any fixed liquidation preference to which such holder is entitled, any fixed redemption price to which such holder is entitled, or the value of such interest; or

(ii)      the holder of any interest that is junior to the interest of such class will not receive or retain under the plan on account of such junior interest any property.

11 U.S.C. § 1129(b).

Section 1129(b) makes clear that, if a plan does not discriminate unfairly, and is fair and equitable with respect to each class of claims or interests impaired under the plan that has not accepted the plan, the bankruptcy court is required to confirm the plan.

### A.      No Unfair Discrimination.

The reference in Section 1129(b) to the requirement that a plan not "discriminate unfairly" has been held to mean that a plan cannot provide unequal treatment of similar claims or similar interests.  Sponsors' Remarks, 124 Cong. Rec. H11, 104 (daily ed. Sep. 28, 1978) (statement of Rep. Edwards; 124 Cong. Rec. S17, 420 (daily ed. Oct. 6, 1978) (statement of Sen. De Concini); *In re Tucson Self-Storage*, 166 B.R. 892, 898 (9th Cir. BAP 1994).  Only in situations proposing "widely disparate" treatment of "similarly situated" claims will courts deny confirmation of Chapter 11 plans for being unfairly discriminatory.  *Id.; In re Caldwell*, 76 B.R. 643, 646 (Bankr. E.D. Tenn. 1987) (denying confirmation of Chapter 11 plan where plan proposed to pay class of unsecured credit card claims 100%, but proposed to pay class of all other unsecured claims only 22.7%); *In re Johns-Manville Corp.*, 68 B.R. 618, 636 (Bankr. S.D.N.Y. 1986), aff'd, 78 B.R. 407 (S.D.N.Y. 1987), aff'd, 843 F.2d 636 (2d Cir. 1988) ("[A] plan proponent may not segregate two similar claims or groups of claims into separate classes and provide disparate treatment for those classes."); *In re Jartran*, Inc., 44 B.R. 331 (Bankr. N.D.Ill. 1984); *In re Pine Lake Village Apartment Co.*, 19 B.R. 819, 831 (Bankr. S.D.N.Y. 1982) (plan cannot place a secured creditor's deficiency claim in separate class receiving different treatment from other unsecured claims). Collier on Bankruptcy states that this provision requires that a plan "allocate[] value to [a] class in a manner consistent with the treatment afforded to other classes with similar legal claims against the debtor." *In re Acequia, Inc.*, 787 F.2d 1352 (9th Cir. 1986), citing 5 Collier on Bankruptcy, ¶ 1129.03, at 1129 50 (15th ed. 1993).  In this case, creditors with similar legal Claims have been treated the same in the Classes established by the Plan.  Accordingly, there is no "unfair discrimination" in these Cases.

### B.      The Plan Is Fair and Equitable.

1.      Allowed Secured Claims.

This Court still should confirm the Plan under Section 1129(b) in that the Plan is fair and equitable with respect to such classes of claims.

Section 1129(b)(2)(A)(i) provides that the requirement that a plan be "fair and equitable" with respect to a class of secured claims includes the conditions that (i) each holder of a secured claim retain its lien securing such claim, and (ii) that such holder of the secured claim receives on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property (i.e., the holder of the secured claim must receive a market rate of interest with respect to the value of its collateral).  11 U.S.C. § 1129(b)(2)(A); *In re Arnold*, 806 F.2d 937, 940 (9th Cir. 1986) ("The 'cram-down' provides three ways in which this 'fair and equitable' standard may be met with regard to secured

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2020*                                    Page 6                          **VZ CH11.MOTION.CONFIRM.PLAN**

claimholders. Among these is the provision that secured claim-holders retain their liens on the debtor's property and receive for their claims deferred cash payments totaling no less than the value of their liens."). 7 Collier on Bankruptcy at ¶ 1129.05[2] (15th Ed. Revised 2003) ("Section 1129(b)(2)(A) lists three possible treatments of a secured claim; any one of them will independently satisfy the fair and equitable requirement. The plan proponent may seek to satisfy the claim in full by giving the creditor a note in the amount of the secured claim secured by the same collateral. The plan proponent may also seek to sell the collateral free of the lien, and transfer the lien to the proceeds of sale. Finally, the proponent may seek to give the creditor the 'indubitable equivalent' of its claim.").

Here, the holders of secured claims retain their liens and will receive deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the Plan with interest at 10% or as otherwise ordered by the Court. Accordingly, the Debtor has met all of the requirements imposed by Section 1129(b)(2)(A) for "cramming down" on such Claims.

2.       Allowed Unsecured Claims.

This Court still should confirm the Plan under Section 1129(b) in that the Plan is fair and equitable with respect to the unsecured classes herein.

Section 1129(b)(2)(B) provides that the requirement that a plan be "fair and equitable" with respect to a class of unsecured claims includes the conditions that (i) each holder of a claim of such class retain on account of such claim property of a value equal to the allowed amount of such claim, or (ii) the holder of any junior claim or interest will not receive or retain any property, except that in a case in which the debtor is an individual, the debtor may retain property included in the estate under section 1115, subject to the requirements of subsection (a)(14) of Section 1129.

It is clear that the requirements of Section 1129(b)(2)(B) have been met in this case because holders of allowed unsecured claims will be paid 100% of their claim and monthly interest up to the time they are paid within one year from the Petition Date. Moreover, in this case, no holder of a claim junior to unsecured claims, if any, held by members of Class, will retain any property, except for the debtor as allowed since claimants will be paid in full. Accordingly, in the event that this Court does not determine that non-voting and non-objecting allowed unsecured claims of Class 2b are deemed to have accepted the Plan, the Debtor has met all of the requirements imposed by Section 1129(b)(2)(B) for "cramming down" on such Claims.

I.    Administrative and Priority Claim Treatment.  11 U.S.C. § **1129(a)(9)** requires that the Plan treat all priority claims consistent with the requirements of 11 U.S.C. § 507(a) which generally means that administrative claimants who have not agreed to accept other treatment and holders of non-priority tax claims that have rejected the Plan must be paid in full on the effective date; and, 11 U.S.C. § 507(a)(8) tax claims must be paid over a period not exceeding 5 years after the date of the order for relief and on terms that are not less favorable than the most favored nonpriority unsecured claim.

For the reasons stated in the following paragraph(s), the Plan complies with 11 U.S.C. § 1129(a)(9).

All allowed claims are being paid on the Effective Date or in no less than 5 years from the Petition Date. However, no administrative claim has been allowed yet. The only likely administrative claims are those of counsel for the Debtor, who is the author of this motion and agrees not to be paid on the effective date.

☒ For each administrative claimant not being paid in full on the effective date, evidence that the administrative claimant or claimants have agreed to accept other treatment is found in the Objection of the IRS bearing Docket No. 130, which is being paid in less than 5 yars from the Petition Date as are other tax claims (i.e., 11 U.S.C. § 507(a)(8) tax claims).

J.    Minimum Acceptance Required for Plan Confirmation.  11 U.S.C. § **1129(a)(10)** requires that if a class of claims is impaired under the Plan, at least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider.

In this Case:

☐ 11 U.S.C. § 1129(a)(10) is inapplicable because there are no impaired classes of claims, or

☒ for the reasons stated in the following paragraph(s), the Plan complies with 11 U.S.C. § 1129(a)(10).

The Plan has six separate classes. Classes 4a through e and Class 2b. The only rejecting votes were cast (as received by mail on November 6, 2023) by Packo Investments, which is represented by David Meadows, which filed no votes for Classes 4a and 4d and one for Class 2b as well as a no vote for Allen Park, the

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

August 2020                                  Page 7                          VZ CH11.MOTION.CONFIRM.PLAN

principal of Packo Investments, Inc. in Class 2b.  The Debtor will object to the unsupported claims of Allen Park and Packo Investments in Class 2b unless he can settle with the holders.  Class 4b voted to accept the plan.  The remaining classes neither objected to plan confirmation nor voted to reject the Plan.

A non-voting and non-objecting class is deemed to have accepted a Chapter 11 plan for the purposes of Section 1129.[1]  *See In re Ruti-Sweetwater*, 57 B.R. 748, 750 (D.Utah 1985) *affirmed* 836 F.2d 1263 (10th Cir. 1988) ("Accordingly, the court concludes as a matter of law that a non-voting, non-objecting creditor who is a member of a class that casts no votes is deemed to have accepted the plan of reorganization for the purposes of section 1129(a)(8) and 1129(b)."); *In re Limited Gaming of America, Inc.*, 228 B.R. 275, 290 (Bankr. N.D. Okla. 1998) ("Classes 4 through 8 did not cast any votes with respect to the Third Amended Plan; they are therefore deemed to have accepted the Third Amended Plan."); *In re Szostek*, 886 F.2d 1405, 1413 (10th Cir. 1989) ("failure to make a timely objection constitutes acceptance of the plan."); *In re Campbell*, 89 B.R. 187, 188 (Bankr. N.D.Fla. 1988) ("those impaired classes which failed to vote and did not object to confirmation of the plan are deemed to have accepted the plan for purposes of meeting the requirements of § 1129(a)(8)"); *In re Neff*, 60 B.R. 448, 457-458 (Bankr. N.D. Tex. 1985) affirmed 785 F.2d 1033 (5th Cir. 1986) (classes of claims whose ballots had not been received prior to the confirmation hearing "were deemed to have accepted the plan by the failure to vote"). *Cf. In re Pardee*, 218 B.R. 916, 926 (B.A.P. 9th Cir. 1998) ("a creditor's failure to object to the chapter 13 plan at the plan confirmation hearing constitutes an implied acceptance of the plan."); *In re Brown*, 108 B.R. 738, 740 (Bankr. C.D. Cal. 1989) ("I have determined that creditors who do not object to confirmation of a Chapter 13 plan, have accepted it"). In contrast, a creditor who objects to the Plan and fails to vote, is not deemed to accept the Plan.  *In re M. Long Arabians*, 103 B.R. 211, 215 (9th Cir.BAP 1989).

K.  Feasibility of Plan.  11 U.S.C. § **1129(a)(11)** requires that the Plan is feasible and not likely to be followed by a liquidation or need for further reorganization, unless such liquidation or reorganization is proposed in the plan.  Evidence establishing the feasibility of the Plan is found in Exhibit D (attached to the DS and Plan) and in the Declaration of Jong Uk Byun and other evidence offered in support of this Motion.  For the reasons stated in the following paragraph(s), the Plan complies with 11 U.S.C. § 1129(a)(11).

Section 1129(a)(11) contains the "feasibility" standard.  More than any other section of the Bankruptcy Code, Section 1129(a)(11) conveys Congress' belief that the overall economic good will ultimately be served through the confirmation of Chapter 11 plans, as opposed to the liquidation of businesses.  Congress states in this subsection that a plan shall be confirmed as long as it is "not likely to be followed by further financial reorganization."  11 U.S.C. § 1129(a)(11).  In other words, the feasibility test is satisfied if the bankruptcy court finds that the debtor's reorganization is not likely to fail.  Congress intentionally made this a very lenient standard, because it desired Chapter 11 plans to succeed, as long as a reasonable opportunity for success existed.

In construing the feasibility standard provided for by Section 1129(a)(11), courts have consistently made clear that, in order for a debtor to comply with the requirements of Section 1129(a)(11), it need demonstrate only that the plan has a reasonable opportunity for success.  *Acequia Inc. v. Clinton*, 787 F.2d 1352, 1364 (9th Cir. 1986) ("The Debtor has presented ample evidence to demonstrate that the Plan has a reasonable probability of success"); *Prudential Ins. Co. of America v. Monnier Bros.*, 755 F.2d 1336, 1341 (8th Cir. 1985) (". . . reasonable prospect of success and is workable."); *Clarkson v. Cooke Sales and Service Co.*, 767 F.2d 417, 420 (8th Cir. 1985) ("The test is whether the things which are to be done after confirmation can be done as a practical matter . . ."); *In re Mullberry Phosphates, Inc.*, 149 B.R. 702, 708 (Bankr. M.D. Fla. 1993) ("A plan meets the § 1129(a)(11) feasibility standard if the Court determines that it offers a reasonable prospect of success and is workable."); *In re Trails End Lodge, Inc.*, 54 B.R. 898, 904 (Bankr. D. Vt. 1985) (§ 1129(a)(11) is satisfied as long as the proposed plan is capable of being done or carried out.); *In re Prudential Energy Co.*, 58 B.R. 857, 862 (Bankr. S.D.N.Y. 1986) (guaranteed success in the stiff winds of commerce is not the standard.); *In re Drexel Burnham Lambert Group, Inc.*, 138 B.R. 723 (Bankr. S.D.N.Y. 1992).

In *Drexel Burnham*, the bankruptcy court determined as follows:

"The feasibility test set forth in § 1129(a)(11) requires us to determine independently whether the Plan is workable and has a reasonable likelihood of success…As noted in Collier on Bankruptcy, **a guarantee of success is not required…. The mere prospect of financial uncertainty cannot defeat confirmation on feasibility grounds since a guarantee of the future is not required**."

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

August 2020                                                                Page 8                                    VZ CH11.MOTION.CONFIRM.PLAN

*Id.* at 762 (bold added).

In summary, the law on the issue of feasibility is clear.  If the bankruptcy court finds that a reasonable prospect for success exists, the feasibility test is satisfied.

Here, the Debtor's Plan will be funded by the cash generated from the Debtor's rental income after the Effective Date and by proceeds of refinancing or from a sale of assets worth enough to pay all the claims infull with interest.

Expenses of the Reorganized Debtor.  The Debtor has assumed, for the purpose of the Financial Projections (i.e., Exhibit D to the Plan prepared between July 11, 2023 and September 21, 2023), that the expenses of the Reorganized Debtor will remain fairly constant as a percentage of historical income for variable cost and constant in terms of fixed cost based on current expectation during the term of the Plan.

Funding of Distributions Required by the Plan.  The Debtor's Financial Projections indicate that, for the year after the Effective Date, the Reorganized Debtor will have cash sufficient to pay the expenses that will be incurred in connection with the Reorganized Debtor's rental and business income and to make all payments required to be made pursuant to the Plan.
The Debtor respectfully submits, therefore, that the record before this Court, as supplemented by any evidence that will be presented to the Court at or before the time of the hearing on the confirmation of the Plan, demonstrates clearly the Debtor's compliance with the requirements of Section 1129(a)(11).

L.  Payment of Fees.  11 U.S.C. § **1129(a)(12)** all fees payable under section 1930 of title 28, as determined by the Court at the hearing on confirmation of the Plan, have been paid or the Plan provides for the payment of all such fees on the effective date of the Plan.  For the reasons stated in the following paragraph(s), the Plan complies with 11 U.S.C. § 1129(a)(12).

All fees payable under section 1930 of title 28 have been or will be paid as allowed by the Court.

M.  Continuance of Retiree Benefits.11 U.S.C. § **1129(a)(13)** provides that the Plan provides for the continuation after its effective date of payment of all retiree benefits, as that term is defined in section 1114 of this title, at the level established pursuant to subsection (e)(1)(B) or (g) of section 1114 of this title, at any time prior to confirmation of the plan, for the duration of the period the debtor has obligated itself to provide such benefits.

In this Case:

☒ 11 U.S.C. § 1129(a)(4) is inapplicable because Debtor is not obligated for any retiree benefits as that term is defined in section 1114, or

☐ For the reasons stated in the following paragraph(s), the Plan complies with 11 U.S.C. § 1129(a)(13).

N.  Domestic Support Obligations.11 U.S.C. § **1129(a)(14)** requires that if the Debtor is required by a judicial or administrative order, or by statute, to pay a domestic support obligation, the Debtor has paid all amounts payable under such order or such statute for such obligation that first become payable after the date of the filing of the petition.

In this Case:

☒ 11 U.S.C. § 1129(a)(14) is inapplicable because Debtor has not domestic support obligation(s), or

☐ for the reasons stated in the following discussed in the paragraph which follows, the Plan complies with 11 U.S.C. § 1129(a)(14).

O.  Debtor's Prospective Income.  11 U.S.C. § **1129(a)(15)** provides that where Debtor is an individual and the holder of an allowed unsecured claim objections to confirmation of the plan, "the value as of the effective date of the Plan, of the property to be distributed under the Plan on account of such claim is not less than the amount of such claim", or "the value of the property to be distributed under the Plan or not less than the projected disposable income of the debtor [as defined in Section 1325(b)(2)] to be received during the 5-year

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

August 2020                                    Page 9                         **VZ CH11.MOTION.CONFIRM.PLAN**

period beginning on the date that the first payment is due under the plan, or during the period for which the plan provides payments, whichever is longer."

In this case:

☐ 11 U.S.C. § 1129(a)(15) is inapplicable because the Debtor is not an individual, or

☒ for the reasons stated in the following paragraph(s), the Plan complies with 11 U.S.C. § 1129(a)(15).

The Plan proposes to pay all claims in full within 12 months from the Plan's effective date.

P.  Corporate or Trust Transfers of Property 11 U.S.C. § **1129(a)(16)** requires that all transfers of property under the Plan be made in accordance with any applicable provisions of nonbankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

In this case:

☒ 11 U.S.C. § 1129(a)(16) is inapplicable because Debtor is not a corporation or trust that is not a moneyed, business, or commercial corporation or trust, or

☐ for the reasons stated in the following paragraph(s), the Plan complies with 11 U.S.C. § 1129(a)(16).

## II. EVIDENCE IN SUPPORT OF MOTION TO CONFIRM PLAN:

A.  Declarations [LBR 9013-1(i)]

☒ Principal of Debtor or Other Plan Proponent (must be attached to this Motion)
☒ Person who completed service of the Notice of Deadlines was filed as Docket No. 126 which is incorporated by reference as if set forth in full herein.
☒ Person who prepared and authenticates the Plan Ballot Summary (Declaration of Giovanni Orantes, Esq.)
☒ Person who testifies that the Plan does not discriminate unfairly (Declaration of Giovanni Orantes, Esq.)
☒ Person who testifies that the Plan is fair and equitable (Declaration of Giovanni Orantes, Esq.)
☒ Other(s): Appraiser with respect to the value of the Debtor's Los Angeles properties filed as Docket Nos. 132 and 133, which are hereby incorporated by reference.

B.  Exhibits: Documents Authenticated by Declarations [LBR 9013-1(c)(3)(A)]

☒ Exhibit #1: Plan Ballot Summary and Ballots (must be attached to this Motion)
☐ Exhibit #2:
☐ Exhibit #3:
☐ Exhibit #4:
☐ Exhibit #5:

**III. RELIEF SOUGHT.** Based on the foregoing, the Plan Proponent requests that the court confirm the Plan and enter an order granting the Motion to Confirm Plan.

Date: <u>11/17/23</u>

<u>/s/ Giovanni Orantes</u>
Signature of Plan Proponent/Attorney for Plan Proponent

<u>Giovanni Orantes</u>
Printed Name of Plan Proponent/Attorney for Plan Proponent

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

August 2020                          Page 10                          **VZ CH11.MOTION.CONFIRM.PLAN**

*Exhibit 1*

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Giovanni Orantes 190060**<br>**3435 Wilshire Blvd., 27th Floor**<br>**Los Angeles, CA 90010**<br>**(888) 619-8222 Fax:  (877) 789-5776**<br>**190060 CA**<br>**go@gobklaw.com** | |
| ☐  *Individual appearing without attorney*<br>☒  *Attorney for: Debtor and Debtor-In-Possession* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>      **Jong Uk Byun** | CASE NO.: **2:23-bk-12747-VZ** |
|---|---|
| | CHAPTER: **11** |
| | **PLAN BALLOT SUMMARY** <br>*(Note: The Plan Proponent must file a Plan Ballot Summary at least 1 day prior to the Confirmation Hearing.)* |
| | DATE:     December 14, 2023<br>TIME:     11:00 A.M.<br>COURTROOM:   1368<br>ADDRESS:       255 E. Temple Street<br>Los Angeles, CA 90012 |
| Debtor(s). | |

1. Proponent of Plan (*specify name*): __Jong Uk Byun___

2. Are there any competing plans filed with the court?     ☐ Yes ☒ No

3. Is a cramdown requested?     ☒ Yes ☐ No

4. Unimpaired classes *(specify class numbers)*: _____

5. Impaired classes *(specify class numbers)*: **4a through e and 2b.**

6. Has any impaired class approved the Plan?     ☒ Yes ☐ No
   *(If YES, specify which class or classes)*: **4b**

7. Pursuant to 11 U.S.C. §1126(c), only the actual ballots cast are counted to determine whether a given class has voted to accept or reject the plan. That section further provides that a class will have accepted the plan if voting creditors in such class holding at least **two-thirds in amount** and more **than one-half in number** have voted to accept the plan.

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2014*                          Page 1                          **F 3018-2.PLAN.BALLOT.SUMMARY**

The following is a summary by creditor class of the ballots that were returned in a timely manner (an example is included on the following page):

| Class | Impaired? | Total number of claims voted by members of class (N) | | Number of claims voted in favor of accepting the plan (A) and rejecting the plan (R) | | Percentage accepting (A ÷ N) | | Aggregate dollar amount of claims voted by members of class (Amt) | Dollar amount of claims voted in favor of accepting the plan (A) and rejecting the plan (R) | Percentage accepting (A ÷ Amt) |
|---|---|---|---|---|---|---|---|---|---|---|
| 2b | Y | (N) | 2 | (A) | 0 | 0.00 | % (Amt) | 1,000,000.00 | (A)<br>(R)1,000,000.00 | 0 % |
| | | | | (R) | 2 | | | | | |
| 4a | Y | (N) | 1 | (A) | 0 | 0.00 | % (Amt) | 2,095,110.53 | (A)<br>(R)2,095,110.53 | 0 % |
| | | | | (R) | 1 | | | | | |
| 4b | Y | (N) | 1 | (A) | 1 | 100 | % (Amt) | 344,834.96 | (A) 344,834.96<br>(R) | 100 % |
| | | | | (R) | 0 | | | | | |
| 4d | y | (N) | 1 | (A) | 0 | 0.00 | % (Amt) | 743,291.77 | (A)<br>(R) 743,291.77 | 0 % |
| | | | | (R) | 1 | | | | | |
| | | (N) | | (A) | | | % (Amt) | | (A)<br>(R) | % |
| | | | | (R) | | | | | | |
| | | (N) | | (A) | | | % (Amt) | | (A)<br>(R) | % |
| | | | | (R) | | | | | | |
| | | (N) | | (A) | | | % (Amt) | | (A)<br>(R) | % |
| | | | | (R) | | | | | | |
| | | (N) | | (A) | | | % (Amt) | | (A)<br>(R) | % |
| | | | | (R) | | | | | | |
| | | (N) | | (A) | | | % (Amt) | | (A)<br>(R) | % |
| | | | | (R) | | | | | | |
| | | (N) | | (A) | | | % (Amt) | | (A)<br>(R) | % |
| | | | | (R) | | | | | | |

☐ see attached continuation page

Comments:

Date: **November 17, 2023**

/s/ Giovanni Orantes
Signature of Debtor, or attorney for Debtor

**Giovanni Orantes 190060**
Printed name of Debtor, or attorney for Debtor

Form B14 - (Rev. 7/98)                                                    1998 USBC, Central District of California

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number<br>Giovanni Orantes, Esq. 190060<br>THE ORANTES LAW FIRM, P.C.<br>3435 Wilshire Blvd. – 27th Floor<br>Los Angeles CA, 90010<br>Telephone: (213) 389-4362, Facsimile: (877) 789-5776<br>go@gobklaw.com<br><br>Attorney for Plan Proponent  Debtor and Debtor-in-Possession | FOR COURT USE ONLY |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | CHAPTER: 11<br><br>CASE NO.: 2:23-bk-12747-VZ |
| In re:<br><br>JONG UK BYUN | Date:  December 14, 2023<br>Time:  11:00 A.M.<br>Crtrm:  1368 |

### BALLOT FOR ACCEPTING OR REJECTING PLAN

1.  Proponent of Plan *Jong Uk Byun* has filed a Plan of Reorganization ("Plan") on *September 21 , 2023*, for the Debtor in this case.  By this ballot you will vote to accept or reject this Plan.

2.  The Disclosure Statement provides information to assist you in deciding how to vote your ballot.  If you do not have a Disclosure Statement, you may obtain a copy from the proponent or proponent's attorney at the address set forth above.  Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

3.  You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

    Your *[check one box only]* ☒ **claim** ☐ **equity interest**  has been placed in Class *2b* under the Plan.  If you hold claim(s) or equity interest(s) in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.

4.  If your ballot is not received by the proponent's attorney or other party, <u>Giovanni Orantes, 3435 Wilshire Blvd., 27th Floor, Los Angeles, CA 90010</u> on or before **November 3, 2023**, and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan, unless the Judge otherwise determines that a non-vote will be treated as a rejection of the plan.

5.  If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

### ACCEPTANCE OR REJECTION OF THE PLAN

6.  Complete the appropriate line below that describes your claim or equity interest *[select only one]*:

☒ 6.1   The undersigned is the holder of a Class *2b* ☐ **secured**   ☐ **priority** ☒ **unsecured nonpriority** claim against the Debtor in the unpaid amount of $500,000
                                                                                  Allen Park

☐ 6.2   The undersigned is the holder of a Class *[insert Class]* ____   *[check one]* ☐ **bond** ☐ **debenture** ☐ **debt security**

         claim against the Debtor, consisting of $_____, principal amount of *[describe bond, debenture, or other debt security]* _____of the Debtor.  (For purposes of this Ballot, you should not adjust the principal amount for any accrued or unmatured interest.)

☐ 6.3   The undersigned is the holder of a Class *[insert Class]* ____equity interest in the Debtor, consisting of *[number of shares]* ____or other interests *[describe equity interest]* _____in the Debtor.

Form B14 (Continued) - (Rev. 7/98)                                                    1998 USBC, Central District of California

Ballot for Accepting or Rejecting Plan - Page Two of Three

| In re: | **JONG UK BYUN** | CHAPTER 11 |
|---|---|---|
| | Debtor and Debtor-in-Possession | CASE NO.: 2:23-bk-12747-VZ |

7. **The undersigned** *[check one box only]*:

☐    ACCEPTS THE PLAN          ☒    REJECTS THE PLAN

Dated: 11/1/2023

Name *[Print or type]*:          Allen Park

Signature:

Title *[if corporation or partnership]*:

Address:          c/o Packo Investments, Inc.

440 S. Vermont Ave., Suite 301

Los Angeles, CA  90020

Telephone No.:          (213) 382-8888

Fax No.:          apark@ipacko.com

RETURN THIS BALLOT TO:

THE ORANTES LAW FIRM, P.C.
3435 Wilshire Blvd. 27th Floor
Los Angeles CA. 90010

Case No. 2:23-bk-12747-VZ

FORM   B14

Form B14 - (Rev. 7/98)                                                        1998 USBC, Central District of California

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number<br>Giovanni Orantes, Esq. 190060<br>THE ORANTES LAW FIRM, P.C.<br>3435 Wilshire Blvd. – 27th Floor<br>Los Angeles CA. 90010<br>Telephone: (213) 389-4362, Facsimile: (877) 789-5776<br>go@gobklaw.com<br><br>Attorney for Plan Proponent  Debtor and Debtor-in-Possession | FOR COURT USE ONLY |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | CHAPTER: 11<br><br>CASE NO.: 2:23-bk-12747-VZ |
| In re:<br><br>JONG UK BYUN | Date:  December 14, 2023<br>Time:  11:00 A.M.<br>Crtrm:  1368 |

## BALLOT FOR ACCEPTING OR REJECTING PLAN

1.  Proponent of Plan *Jong Uk Byun* has filed a Plan of Reorganization ("Plan") on *September 21 , 2023*, for the Debtor in this case. By this ballot you will vote to accept or reject this Plan.

2.  The Disclosure Statement provides information to assist you in deciding how to vote your ballot. If you do not have a Disclosure Statement, you may obtain a copy from the proponent or proponent's attorney at the address set forth above. Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

3.  You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

    Your *[check one box only]* ☒ **claim** ☐ **equity interest** has been placed in Class *2b* under the Plan. If you hold claim(s) or equity interest(s) in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.

4.  If your ballot is not received by the proponent's attorney or other party, Giovanni Orantes, 3435 Wilshire Blvd., 27th Floor, Los Angeles, CA 90010 on or before **November 3, 2023**, and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan, unless the Judge otherwise determines that a non-vote will be treated as a rejection of the plan.

5.  If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

## ACCEPTANCE OR REJECTION OF THE PLAN

6.  Complete the appropriate line below that describes your claim or equity interest *[select only one]*:

☒  6.1    The undersigned is the holder of a Class **2b** ☐ **secured**   ☐ **priority** ☒ **unsecured nonpriority** claim against the Debtor in the unpaid amount of $500,000
                                                                          Packo Investments, Inc.

☐  6.2    The undersigned is the holder of a Class *[insert Class]* ___   *[check one]* ☐ **bond** ☐ **debenture** ☐ **debt security**

          claim against the Debtor, consisting of $_____, principal amount of *[describe bond, debenture, or other debt security]* _____of the Debtor. (For purposes of this Ballot, you should not adjust the principal amount for any accrued or unmatured interest.)

☐  6.3    The undersigned is the holder of a Class *[insert Class]* ___equity interest in the Debtor, consisting of *[number of shares]* ____or other interests *[describe equity interest]* _____in the Debtor.

---

Other Classes:               ☐ See Attached Continuation Page                **FORM  B14**
Rev. 7/98

Form B14 (Continued) - (Rev. 7/98)                                      1998 USBC, Central District of California

Ballot for Accepting or Rejecting Plan - Page Two of Three

| In re:  **JONG UK BYUN** | CHAPTER 11 |
| --- | --- |
| Debtor and Debtor-in-Possession | CASE NO.: 2:23-bk-12747-VZ |

7.  **The undersigned** *[check one box only]*:

☐   ACCEPTS THE PLAN            ☒   REJECTS THE PLAN

Dated: 11/1/2023

Name *[Print or type]*:            Allen Park, on behalf of Packo Investments, Inc.

Signature:

Title *[if corporation or partnership]*:   President

Address:                    Packo Investments, Inc.

440 S. Vermont Ave., Suite 301

Los Angeles, CA  90020

Telephone No.:            (213) 382-8888

Fax No.:                  apark@ipacko.com

RETURN THIS BALLOT TO:

THE ORANTES LAW FIRM, P.C.
3435 Wilshire Blvd. 27th Floor
Los Angeles CA. 90010

Case No. 2:23-bk-12747-VZ

Rev. 7/98                                               FORM   B14

Form B14 - (Rev. 7/98)                                                    1998 USBC, Central District of California

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number<br>Giovanni Orantes, Esq. 190060<br>THE ORANTES LAW FIRM, P.C.<br>3435 Wilshire Blvd. – 27th Floor<br>Los Angeles CA. 90010<br>Telephone: (213) 389-4362, Facsimile: (877) 789-5776<br>go@gobklaw.com<br><br>Attorney for Plan Proponent  Debtor and Debtor-in-Possession | FOR COURT USE ONLY |
|---|---|
| **UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA** | CHAPTER: 11<br><br>CASE NO.: 2:23-bk-12747-VZ |
| In re:<br><br>JONG UK BYUN | Date:  December 14, 2023<br>Time:  11:00 A.M.<br>Crtrm:  1368 |

### BALLOT FOR ACCEPTING OR REJECTING PLAN

1.  Proponent of Plan *Jong Uk Byun* has filed a Plan of Reorganization ("Plan") on *September 21 , 2023*, for the Debtor in this case.  By this ballot you will vote to accept or reject this Plan.

2.  The Disclosure Statement provides information to assist you in deciding how to vote your ballot.  If you do not have a Disclosure Statement, you may obtain a copy from the proponent or proponent's attorney at the address set forth above.  Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

3.  You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

    Your *[check one box only]* ☒ **claim** ☐ **equity interest**  has been placed in Class *4a* under the Plan.  If you hold claim(s) or equity interest(s) in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.

4.  If your ballot  is  not  received by the proponent's attorney  or  other party, Giovanni Orantes, 3435 Wilshire Blvd., 27th Floor, Los Angeles, CA 90010 on or before **November 3, 2023**, and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan, unless the Judge otherwise determines that a non-vote will be treated as a rejection of the plan.

5.  If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

### ACCEPTANCE OR REJECTION OF THE PLAN

6.  Complete the appropriate line below that describes your claim or equity interest *[select only one]*:

☒ 6.1    The undersigned is the holder of a Class *4a* ☒ **secured**  ☐ **priority** ☐ **unsecured nonpriority** claim against the Debtor in the unpaid amount of $ _2,095,110.53_   (Petition Date
                                                                    Bae Family Trust (Packo Investments Inc.)

☐ 6.2    The undersigned is the holder of a Class *[insert Class]* ____  *[check one]* ☐ **bond** ☐ **debenture** ☐ **debt security** claim against the Debtor, consisting of $_____, principal amount of *[describe bond, debenture, or other debt security]* _____of the Debtor.  (For purposes of this Ballot, you should not adjust the principal amount for any accrued or unmatured interest.)

☐ 6.3    The undersigned is the holder of a Class *[insert Class]* ____equity interest in the Debtor, consisting of *[number of shares]* ____or other interests *[describe equity interest]* _____in the Debtor.

Other Classes: _____    See Attached Continuation Page _____

Rev. 7/98                                                                    FORM   B14

Form B14 (Continued) – (Rev. 7/98)                                                      1998 USBC, Central District of California

Ballot for Accepting or Rejecting Plan - Page Two of Three

In re:    **JONG UK BYUN**                                                        CHAPTER 11

                                                    Debtor and Debtor-in-Possession    CASE NO.: 2:23-bk-12747-VZ

7.  **The undersigned** *[check one box only]:*

    ☐    ACCEPTS THE PLAN              ☒    REJECTS THE PLAN

Dated: 11/1/2023

              Name *[Print or type]:*              Allen Park

              Signature:

              Title *[if corporation or partnership]:*    President of Packo Investments, Inc., as Assignee of
                                                          the Bae Family Trust

              Address:

                                                    444 S. Vermont Avenue, Suite 301

                                                    Los Angeles, CA  90020

              Telephone No.:                        (213) 382-8888

              Fax No.:                              apark@ipacko.com

**RETURN THIS BALLOT TO:**

THE ORANTES LAW FIRM, P.C.
3435 Wilshire Blvd. 27th Floor
Los Angeles CA. 90010

Case No. 2:23-bk-12747-VZ

Form B14 - (Rev. 7/98)                                                    1998 USBC, Central District of California

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number<br>Giovanni Orantes, Esq. 190060<br>THE ORANTES LAW FIRM, P.C.<br>3435 Wilshire Blvd. – 27th Floor<br>Los Angeles CA. 90010<br>Telephone: (213) 389-4362, Facsimile: (877) 789-5776<br>go@gobklaw.com<br><br>Attorney for Plan Proponent Debtor and Debtor-in-Possession | FOR COURT USE ONLY |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | CHAPTER: 11<br><br>CASE NO.: 2:23-bk-12747-VZ |
| In re:<br><br>JONG UK BYUN | Date:  December 14, 2023<br>Time:  11:00 A.M.<br>Crtrm:  1368 |

## BALLOT FOR ACCEPTING OR REJECTING PLAN

1.  Proponent of Plan *Jong Uk Byun* has filed a Plan of Reorganization ("Plan") on *September 21 , 2023*, for the Debtor in this case. By this ballot you will vote to accept or reject this Plan.

2.  The Disclosure Statement provides information to assist you in deciding how to vote your ballot. If you do not have a Disclosure Statement, you may obtain a copy from the proponent or proponent's attorney at the address set forth above. Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

3.  You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

    Your *[check one box only]* ☒ **claim** ☐ **equity interest** has been placed in Class *4b* under the Plan. If you hold claim(s) or equity interest(s) in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.

4.  If your ballot is not received by the proponent's attorney or other party, Giovanni Orantes, 3435 Wilshire Blvd., 27th Floor, Los Angeles, CA 90010 on or before **November 3, 2023**, and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan, unless the Judge otherwise determines that a non-vote will be treated as a rejection of the plan.

5.  If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

## ACCEPTANCE OR REJECTION OF THE PLAN

6.  Complete the appropriate line below that describes your claim or equity interest *[select only one]*:

☒ 6.1  The undersigned is the holder of a Class **4b** ☒ **secured** ☐ **priority** ☐ **unsecured nonpriority** claim against the Debtor in the unpaid amount of $ 344,834.96
Complete Business Solutions Group/Broadway Finance

☐ 6.2  The undersigned is the holder of a Class *[insert Class]* ___ *[check one]* ☐ **bond** ☐ **debenture** ☐ **debt security** claim against the Debtor, consisting of $_____, principal amount of *[describe bond, debenture, or other debt security]* _____ of the Debtor. (For purposes of this Ballot, you should not adjust the principal amount for any accrued or unmatured interest.)

☐ 6.3  The undersigned is the holder of a Class *[insert Class]* ___equity interest in the Debtor, consisting of *[number of shares]* ___ or other interests *[describe equity interest]* _____ in the Debtor.

Other Classes:           See Attached Continuation Page

Form B14 (Continued) - (Rev. 7/98)

Ballot for Accepting or Rejecting Plan - Page Two of Three

1998 USBC, Central District of California

| In re:  **JONG UK BYUN** | CHAPTER 11 |
|---|---|
| Debtor and Debtor-in-Possession | CASE NO.: 2:23-bk-12747-VZ |

7. **The undersigned** [check one box only]:

☒  ACCEPTS THE PLAN          ☐   REJECTS THE PLAN

Dated: 10/12/2023

Name [Print or type]:  Complete Business Solutions Group, Inc. by its Receiver

Signature:  Ruan J. Rogan, duly authorized representative of Ryan Stumphauzer,
Court Appointed Trustee of Complete Business Solutions Group Inc.

Title [if corporation or partnership]:

Address:  Pietragallo Gordon Alfano Bosick & Raspanti LLP

46 W. State Street, Suite 100

Sharon, PA 16146

Telephone No.:  (724) 981-1397

Fax No.:  (724) 981-1398

rjp@pietragallo.com

RETURN THIS BALLOT TO:

THE ORANTES LAW FIRM, P.C.
3435 Wilshire Blvd. 27th Floor
Los Angeles CA. 90010

Case No. 2:23-bk-12747-VZ

Form B14 - (Rev. 7/98)                                                                1998 USBC, Central District of California

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number<br>Giovanni Orantes, Esq. 190060<br>THE ORANTES LAW FIRM, P.C.<br>3435 Wilshire Blvd. – 27th Floor<br>Los Angeles CA. 90010<br>Telephone: (213) 389-4362. Facsimile: (877) 789-5776<br>go@gobklaw.com<br><br>Attorney for Plan Proponent Debtor and Debtor-in-Possession | FOR COURT USE ONLY |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | CHAPTER: 11<br><br>CASE NO.: 2:23-bk-12747-VZ |
| In re:<br><br>JONG UK BYUN | Date:  December 14, 2023<br>Time:  11:00 A.M.<br>Crtrm:  1368 |

## BALLOT FOR ACCEPTING OR REJECTING PLAN

1. Proponent of Plan *Jong Uk Byun* has filed a Plan of Reorganization ("Plan") on *September 21 , 2023*, for the Debtor in this case.  By this ballot you will vote to accept or reject this Plan.

2. The Disclosure Statement provides information to assist you in deciding how to vote your ballot.  If you do not have a Disclosure Statement, you may obtain a copy from the proponent or proponent's attorney at the address set forth above.  Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

3. You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

   Your *[check one box only]* ☒ **claim** ☐ **equity interest**  has been placed in Class *4d* under the Plan.  If you hold claim(s) or equity interest(s) in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.

4. If your ballot is not received by the proponent's attorney or other party, Giovanni Orantes, 3435 Wilshire Blvd., 27th Floor, Los Angeles, CA 90010 on or before **November 3, 2023**, and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan, unless the Judge otherwise determines that a non-vote will be treated as a rejection of the plan.

5. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

## ACCEPTANCE OR REJECTION OF THE PLAN

6. Complete the appropriate line below that describes your claim or equity interest *[select only one]*:

☒ 6.1   The undersigned is the holder of a Class *4d* ☒ **secured** ☐ **priority** ☐ **unsecured**
         **nonpriority** claim against the Debtor in the unpaid amount of $ _743,291.77_ (Petition Date)
                                           Mohamed Sanfaz (Packo Investments Inc.)

☐ 6.2   The undersigned is the holder of a Class *[insert Class]* ____ *[check one]* ☐ **bond** ☐ **debenture** ☐ **debt security**

         claim against the Debtor, consisting of $_____, principal amount of *[describe bond, debenture, or other debt security]* _____ of the Debtor.  (For purposes of this Ballot, you should not adjust the principal amount for any accrued or unmatured interest.)

☐ 6.3   The undersigned is the holder of a Class *[insert Class]* ____equity interest in the Debtor, consisting of *[number of shares]* ____or other interests *[describe equity interest]* _____in the Debtor.

Other Classes:        ☐ See Attached Continuation Page                    **FORM   B14**
Rev. 7/98

Form B14 (Continued) - (Rev. 7/98)                                              1998 USBC, Central District of California
Ballot for Accepting or Rejecting Plan - Page Two of Three

| In re:  **JONG UK BYUN** | CHAPTER 11 |
|---|---|
| Debtor and Debtor-in-Possession | CASE NO.: 2:23-bk-12747-VZ |

7.  **The undersigned** *[check one box only]*:

☐    ACCEPTS THE PLAN              ☒    REJECTS THE PLAN

Dated: 11/1/2023

Name *[Print or type]*:              Allen Park

Signature:

Title *[if corporation or partnership]*:  President of Packo Investments, Inc., as Assignee of
                                          Mohamad Sanfaz

Address:                             444 S. Vermont Avenue, Suite 301

                                     Los Angeles, CA  90020

Telephone No.:                       (213) 382-8888

Fax No.:                             apark@ipacko.com

RETURN THIS BALLOT TO:

THE ORANTES LAW FIRM, P.C.
3435 Wilshire Blvd. 27th Floor
Los Angeles CA. 90010

Case No. 2:23-bk-12747-VZ

Rev. 7/98                                                              FORM    B14

### DECLARATION OF <u>JONG UK BYUN</u> IN SUPPORT OF MOTION TO CONFIRM PLAN

1.  I, <u>Jong Uk Byun</u> declare under penalty of perjury under the laws of the United States of America that the following statements are true and based upon personal knowledge.

2.  With respect to this bankruptcy case, Case No.: <u>2:23-bk-12747-VZ</u>, I am the principal of the:

    ☒ Debtor (declarant cannot be an attorney for Debtor).

    ☐ Other Plan Proponent: _____ (declarant cannot be an attorney for Plan Proponent).

3.  Plan Proponent has proposed a Plan that is ☒ an Operating Plan, or ☐ a Liquidating Plan.

4.  The Plan has a term of <u>1</u> year(s) or <u>12</u> month(s).

5.  The effective date of the Plan is ☐ 14 days after order confirming Plan or ☒ other date: <u>Specifically,</u>. the effective date of this Plan is the first day of the month that is a business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated.

6.  The Plan has been proposed in good faith and not by any means forbidden by law.

7.  I have personally reviewed **Section V of the DS and Plan** (which contains assertions about sources of money to satisfy claims and interests) and the **Exhibit D of Section XI of the DS and Plan** (which contains projected income, expenses and plan payments); all information contained therein is true and correct and ~~that~~ the information establishes that the Plan is feasible.

    ☐ Additional evidence supporting the feasibility of the Plan is attached as Exhibit _____ to this Motion.

    ☒ Additional facts supporting the feasibility of the Plan are as follows:

Contrary to the speculation by Attorney David Meadows on behalf of his clients in his objection to plan confirmation, Docket No. 129, I have received at least one offer for financing an amount enough to pay the claims in my bankruptcy estate (a true and correct copy of the Transmittal Sheet and the Mortgage Loan Disclosure Statement that is part of the proposal is attached hereto as Exhibit "A"), especially after taking into account the well over one million dollars Mr. Meadows admits that I will generate in rent before the payments are finally due a year after the Plan's effective date (which I am depositing in segregated bank accounts as the record of this case shows); however, I believe that I will get better terms on a refinancing in the near future after the results of inspections already conducted on behalf of Central Metal, Inc. at my Los Angeles properties to assess environmental issues are captured in appropriate expert reports because the results have been favorable. Note that the amounts due to creditors will be less if I pay them earlier, also. Moreover, Mr. Meadows has filed two proofs of claim for $500,000 for unspecified counterclaims against the Debtor. While I will direct my attorney to object to the proofs of claim filed by Mr. Meadows if necessary, I have been requesting information from Mr. Meadows, which he has been providing, to attempt to resolve amicably Claims No. 8, 9, 10 and 11, which have an original amount of $3,838,402.30, accounting for almost half of the total claims against my estate. Nevertheless, there is no need to settle claims 8-11 before plan confirmation. I caused my Disclosure Statement and Plan approval and confirmation process to start early on in the case to have more flexibility with respect to choosing from possible lenders or, if necessary, purchasers.

The foregoing notwithstanding, as Mr. Meadows admits and as formal appraisals confirm, my Los Angeles Properties (for which duly authenticated appraisals are filed separately due to their large size as Docket Nos. 132 and 133 and are hereby incorporated by reference) do have ample equity and my Plan proposes to pay my claims from proceeds of sales of some of such assets in the unlikely event that I cannot refinance. However, even burdensome refinancing terms are better than losing my properties to a Trustee who has no motivation to maximize the sale price of such properties and has to pay capital gains taxes as part of a bankruptcy case while I can reduce capital gain exposure as I did with respect to the Santa Fe sale on December 31, 2021 for which the IRS recently filed an amended claim reducing its claim by over two million dollars or, alternatively, even comfortably paying new capital gains taxes through a payment plan over a number of years outside of

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2020*                                    Page 11                    **VZ CH11.MOTION.CONFIRM.PLAN**

bankruptcy. In short, the claims in this case will be paid with accrued interest due under Bankruptcy law, especially secured claims, which, I am informed and believe, are allowed interest when oversecured.

In addition, feasibility of my Plan is enhanced by the fact that the co-debtor for many of the claims in my case, Central Metal, Inc., has a property in Kern County, California, that it can sell, which in my opinion has a value of approximately no less than $500,000. The property is unimproved land in (or near) Shafter, APN 088-190-07-00-7. Creditors Adjustment Bureau, Inc. ("CAB"), which filed Proof of Claim No. 1 for $271,568.64 in this case, has recorded a Notice of Levy against it on October 2023. As such, if CAB conducts a Sheriff's sale of it, it would eliminate a claim in this estate for $271,568.64 (before accruing interest). This further enhances the feasibility of my Plan. However, since a Sheriff's sale takes several months to complete, I anticipate that Central Metal, Inc., which I direct, can sell it at a market price before such forced sale, which will result in my having additional funds made available to me by Central Metal, Inc. to fund this Plan.

8.  I have personally reviewed **Section VII of the DS and Plan** (which contains a "liquidation analysis") tion Analysis and **Exhibit C of section XI of the DS and Plan** (which contains assertions about valuation of estate property on a liquidation vs. going concern analysis); all information contained therein is true and correct, including the identity and valuation of the estate property listed.

☐ Additional evidence demonstrating that impaired creditors will not receive less under the Plan than in liquidation under chapter 7 is attached as Exhibit ____ to this Motion.

☐ Additional facts demonstrating that impaired creditors will not receive less under the Plan than in liquidation under chapter 7 are as follows:

Date: <u>December 17, 2023</u>

<u>Signature of Declarant</u>

<u>Jong Uk Byun</u>
Printed name of Declarant

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

August 2020                                    Page 12                        VZ CH11.MOTION.CONFIRM.PLAN

*Exhibit A*

## LOGAN INVESTMENTS

818-755-0880 – PHONE

818-755-0881 – FAX

### TRANSMITTAL SHEET

TO: **Jong Uk Byun**
Email: jongukbyung@gmail.com

FROM: **ANKINE MIHALIAN**

DATE: **AUGUST 2, 2023**

**C/o: Pleasant Horizon Financial, Inc.**
Email: walterleyva@rocketmail.com

TOTAL NO. OF PAGES INCLUDING
COVER:

45

**DICLOSURES ON:**

**1) 2203-2245 S. Alameda Street**
  **Los Angeles, CA 90058**
  **APN: 5167-015-064 & 5167-015-065**

**2) 2445 S. Alameda Street**
  **Los Angeles, Ca 90058**
  **APN: 5167-015-063**

**3) 1736 E. 24th Street**
  **Los Angeles, CA 90058**
  **APN: 5167-015-067**

URGENT☐    FOR REVIEW☐    PLEASE COMMENT PLEASE REPLY☐

NOTES/COMMENTS:

PLEASE FIND ATTACHED THE DISCLOSURES FOR YOUR REVIEW AND SIGNATURE:

- MORTGAGE LOAN DISCLOSURE STATEMENT & ADDENDUM
- ADDENDUM TO MLDS
- PAYOFF DEMAND

- BORROWER AKNOWLEDGEMENT
- AGREEMENT TO PROCURE LENDER
- FEDERAL EQUAL CREDIT OPPORTUNITY ACT NOTICE
- THE HOUSING FINANCIAL DISCRIMINATION ACT OF 1977 FAIR LENDING NOTICE
- APPRAISAL NOTICE
- PREPAYMENT RIDER
- DEFAULT INTEREST RIDER
- BORROWERS' CERTIFICATION AND AUTHORIZATION
- PRIVACY POLICY
- HAZARD INSURANCE DISCLOSURE
- DOCUMENT CORRECTION AGREEMENT
- CREDIT AUTHORIZATION
- E-SIGN AUTHORIZATION
- INFORMATION DISCLOSURE AUTHORIZATION
- CALIFORNIA COPIES OF SIGNED DOCUMENTS
- IMPORTANT INFORMATION (PATRIOT ACT) **(sign & date and include a copy of each Driver License)**
- LOAN APPLICATION **(to be fully completed, signed & dated by all signers) ON EACH PROPERTY**
- CALIFORNIA DOMESTIC PARTNERSHIP ADDENDUM TO LOAN APPLICATION
- AUTHORIZATION TO RELEASE SOCIAL SECURITY NUMBER

**PLEASE FAX ALL COMPLETED DOCUMENTATION REFERENCED ABOVE TO (818) 755-0881 OR EMAIL TO LOGANANI@HOTMAIL.COM.**

IF YOU HAVE ANY FURTHER QUESTIONS, PLEASE DO NOT HESITATE TO CONTACT RON SENTCHUK OR MYSELF AT (818) 755-0880.

THANK YOU,

ANKINE MIHALIAN-ADLER

Loan Number: JONGUKBYUN

STATE OF CALIFORNIA
DEPARTMENT OF REAL ESTATE
*Providing Service, Protecting You*

## MORTGAGE LOAN DISCLOSURE STATEMENT (TRADITIONAL)
RE 882 (Rev. 10/10)

BORROWER'S NAME(S)    JONG UK BYUN

REAL PROPERTY COLLATERAL: THE INTENDED SECURITY FOR THIS PROPOSED LOAN WILL BE A DEED OF TRUST OR MORTGAGE ON (STREET ADDRESS OR LEGAL DESCRIPTION)    2203-2245 S. ALAMEDA STREET (APN: 5167-015-064 & 5167-015-065), LOS ANGELES, CALIFORNIA 90058    *

THIS MORTGAGE LOAN DISCLOSURE STATEMENT IS BEING PROVIDED BY THE FOLLOWING CALIFORNIA REAL ESTATE BROKER ACTING AS A MORTGAGE BROKER    LOGAN INVESTMENTS

INTENDED LENDER TO WHOM YOUR LOAN APPLICATION WILL BE DELIVERED (IF KNOWN)    ☐ Unknown
TO BE DETERMINED

- For any federally related mortgage loans, HUD/RESPA laws require that a Good Faith Estimate (GFE) be provided.  A RE 882 Mortgage Loan Disclosure Statement (MLDS) is required by California law and must also be provided.
- The information provided below reflects estimates of the charges you are likely to incur at the settlement of your loan.  The fees, commissions, costs and expenses listed are estimates; the actual charges may be more or less.  Your transaction may not involve a charge for every item listed and any additional items charged will be listed.

| Item | Paid to Others | | Paid to Broker |
|---|---|---|---|
| *Items Payable in Connection with Loan* | | | |
| Mortgage Broker Commission/Fee | ▓▓▓▓▓▓ | ** $ | 665,000.00 |
| Lender's Loan Origination Fee | $ | | ▓▓▓▓▓▓ |
| Lender's Loan Discount Fee | $ | | |
| Appraisal Fee | $ | | $ |
| Credit Report | $ | | $ |
| Lender's Inspection Fee | $ | | $ |
| Tax Service Fee | $ | | $ |
| Processing Fee (Pleasant Horizon Financial) | $ 1,800.00 | | $ 2,500.00 |
| Underwriting Fee | $ | | $ |
| Wire Transfer Fee | $ 250.00 | | $ |
| *Items Required by Lender to be Paid in Advance* | | | |
| Interest for 17 days at $ 2,397.26 per day | $ 40,753.43 | | $ |
| Hazard Insurance Premiums | $ | | $ |
| County Property Taxes | $ | | $ |
| Mortgage Insurance Premiums | $ | | $ |
| VA Funding Fee/FHA MIP/PMI | $ | | $ |
| Other: -- | $ | | $ |
| *Reserves Deposited with Lender* | | | |
| Hazard Insurance: ——— months at $ ——— /mo. | $ | | $ |
| Co. Property Taxes: ——— months at $ ——— /mo. | $ | | $ |
| Mortgage Insurance: ——— months at $ ——— /mo. | $ | | $ |
| Other: Aggregate Adjustment | $ | | $ |
| *Title Charges* | | | |
| Settlement or Closing/Escrow Fee | $ 3,500.00 | | $ |

✱ DocMagic

* 2445 S. Alameda Street, Los Angeles, CA 90058 (APN: 5167-015-063)
  1736 E. 24th Street, Los Angeles, CA 90058 (APN: 5167-015-067)
** Out of the $665,000.00 Origination fee, $210,000.00 will be disbursed to
   Pleasant Horizon Financial, Inc.

| | | | | |
|---|---|---|---|---|
| Document Preparation Fee | $ | | $ | |
| Notary Fee | $ | 300.00 | $ | |
| Title Insurance | $ | | $ | |
| Other: Title - Courier Fee | $ | 100.00 | $ | |
| *Government Recording and Transfer Charges* | | | | |
| Recording Fees | $ | | $ | |
| City/County Tax/Stamps | $ | | $ | |
| Other: Recording Deed Fee | $ | 250.00 | $ | |
| *Additional Settlement Charges* | | | | |
| Pest Inspection | $ | | $ | |
| Credit Life, and/or Disability Insurance (See Note below)* | $ | | $ | |
| Subtotals of Initial Fees, Commissions, Costs and Expenses | $ | 65,033.43 | $ | 675,000.00 |

Total of Initial Fees, Commissions, Costs and Expenses   (e) $   740,033.43

*Compensation to Broker (Not Paid Out of Loan Proceeds)*

Yield Spread Premium, Service Release Premium or Other Rebate Received from Lender   *   $ See attached Addendum

Yield Spread Premium, Service Release Premium or Other Rebate Credited to Borrower   $ n/a   to MLDS

Total Amount of Compensation Retained by Broker   *   $ See attached Addendum   to MLDS

\* Note: The purchase of Credit Life and/or Disability Insurance is NOT required as a condition of making this proposed loan.

---

### ADDITIONAL REQUIRED CALIFORNIA DISCLOSURES

Proposed Loan Amount   $ 7,000,000.00

Initial Commissions, Fees, Costs, and Expenses Summarized on Page 1   (e)   $ 740,033.43

Down Payment or Loan Payoffs/Creditors: (List):
SEE PAYOFF SCHEDULE   (e)   $ 5,200,000.00
   $
   $

Subtotal of All Deductions   (e)   $ 5,940,033.43

Estimated Cash at Closing ☒ To You ☐ That You Must Pay   (e)   $ 1,059,966.57 \*\*

---

### GENERAL INFORMATION ABOUT LOAN

PROPOSED INTEREST RATE:

12.500 %

☒ FIXED RATE ☐ INITIAL VARIABLE RATE

Proposed Monthly Loan Payments: $ 72,916.67   Principal☒ Interest (P&I) x
If the loan is a variable interest rate loan, the payment will vary. See loan documents for details.

Total Number of Installments: 18
Loan Term: _____ Years 18 Months

---

### BALLOON PAYMENT INFORMATION

IS THIS LOAN SUBJECT TO A BALLOON PAYMENT?
☒ Yes ☐ No

DUE DATE OF FINAL BALLOON PAYMENT
(ESTIMATED MONTH/DAY/YEAR)
03/01/2025

AMOUNT OF BALLOON PAYMENT
$7,072,916.67

IF YES, THE FOLLOWING PARAGRAPH APPLIES:
NOTICE TO BORROWER: IF YOU DO NOT HAVE THE FUNDS TO PAY THE BALLOON PAYMENT WHEN IT COMES DUE, YOU MAY HAVE TO OBTAIN A NEW LOAN AGAINST YOUR PROPERTY TO MAKE THE BALLOON PAYMENT. IN THAT CASE, YOU MAY AGAIN HAVE TO PAY COMMISSIONS, FEES, AND EXPENSES FOR THE ARRANGING OF THE NEW LOAN. IN ADDITION, IF YOU ARE UNABLE TO MAKE THE MONTHLY PAYMENTS OR THE BALLOON PAYMENT, YOU MAY LOSE THE PROPERTY AND ALL OF YOUR EQUITY THROUGH FORECLOSURE. KEEP THIS IN MIND IN DECIDING UPON THE AMOUNT AND TERMS OF THIS LOAN.

\*\* less any delinquent property taxes owed on each parcel/property and remaining to be held for environmental clean-up of all subject parcels/properties

| PREPAYMENT INFORMATION | | |
|---|---|---|
| PREPAYMENT PENALTY?<br>☒ Yes ☐ No | # OF YEARS THAT PREPAYMENT PENALTY IS IN EFFECT<br>6 months | MAXIMUM DOLLAR AMOUNT OF PENALTY<br>437,500.02 plus per-diem |

IS THERE A PREPAYMENT PENALTY FOR PAYING IN EXCESS OF 20% OF THE ORIGINAL OR UNPAID LOAN BALANCE? interest
☒ Yes ☐ No   If Yes, see loan documents for details

| TAXES AND INSURANCE | | | | |
|---|---|---|---|---|
| IMPOUND ACCOUNT?<br>☐ Yes ☒ No | IMPOUND ACCOUNT WILL INCLUDE | | | |
| APPROXIMATE AMOUNT<br>THAT WILL BE COLLECTED<br>MONTHLY<br>$ | County Property<br>Taxes<br>☐ Yes ☐ No | Mortgage<br>Insurance<br>☐ Yes ☐ No | Hazard Insurance<br>☐ Yes ☐ No | Flood Insurance<br>☐ Yes ☐ No | Other: ———<br>☐ Yes ☐ No |
| IF NO, PLAN FOR THESE<br>PAYMENTS ACCORDINGLY | BORROWER MUST PLAN FOR PAYMENTS OF THE FOLLOWING ITEMS | | | |
| ▶ | County Property<br>Taxes<br>☒ Yes ☐ No | Mortgage<br>Insurance<br>☐ Yes ☐ No | Hazard Insurance<br>☒ Yes ☐ No | Flood Insurance<br>☐ Yes ☐ No | Other: Liability<br>☒ Yes ☐ No |

Note: In a purchase transaction, county property taxes are calculated based on the sales price of the property and may require the payment of an additional (supplemental) tax bill issued by the county tax authority.  The payment of county property taxes (including supplemental bills) may be paid by your lender if an impound/escrow account has been established.

If an impound/escrow account has not been established, the payment of all tax bills including any and all supplemental tax bills will be the responsibility of the borrower(s).

| OTHER LIENS | | |
|---|---|---|

LIENS CURRENTLY ON THIS PROPERTY FOR WHICH THE BORROWER IS OBLIGATED

| Lienholder's Name | Amount Owing | Priority |
|---|---|---|
| UNKNOWN | (e)  2,300,000.00 | 1st  * |
| | | |
| | | |

LIST LIENS THAT WILL REMAIN OR ARE ANTICIPATED TO REMAIN ON THIS PROPERTY AFTER THE PROPOSED LOAN FOR WHICH YOU ARE APPLYING IS MADE OR ARRANGED (INCLUDING THE PROPOSED LOAN FOR WHICH YOU ARE APPLYING):

| Lienholder's Name | Amount Owing | Priority |
|---|---|---|
| TO BE DETERMINED | 7,000,000.00 | 1st |
| | | |
| | | |

NOTICE TO BORROWER: BE SURE THAT YOU STATE THE AMOUNT OF ALL LIENS AS ACCURATELY AS POSSIBLE.  IF YOU CONTRACT WITH THE BROKER TO ARRANGE THIS LOAN, BUT IT CANNOT BE ARRANGED BECAUSE YOU DID NOT STATE THESE LIENS CORRECTLY, YOU MAY BE LIABLE TO PAY COMMISSIONS, COSTS, FEES, AND EXPENSES EVEN THOUGH YOU DO NOT OBTAIN THE LOAN.

* on all the subject parcels/properties



INITIAL HERE

| ARTICLE 7 COMPLIANCE | | |
|---|---|---|

If this proposed loan is secured by a first deed of trust in a principal amount of less than $30,000 or secured by a junior lien in a principal amount of less than $20,000, the undersigned broker certifies that the loan will be made in compliance with Article 7 of Chapter 3 of the Real Estate Law.

WILL THIS LOAN BE MADE WHOLLY OR IN PART FROM BROKER CONTROLLED FUNDS AS DEFINED IN SECTION 10241(J) OF THE BUSINESS AND PROFESSIONS CODE?

☑ May     ☐ Will     ☐ Will Not

Note: If the broker indicates in the above statement that the loan "may" be made out of broker-controlled funds, the broker must inform the borrower prior to the close of escrow if the funds to be received by the borrower are in fact broker-controlled funds.

| STATED INCOME | | |
|---|---|---|

IS THIS LOAN BASED ON LIMITED OR NO DOCUMENTATION OF YOUR INCOME AND/OR ASSETS?

☑ Yes   ☐ No     If Yes, be aware that this loan may have a higher interest rate or more points or fees than other products requiring documentation.

| NOTICE TO BORROWER: THIS IS NOT A LOAN COMMITMENT | | |
|---|---|---|

Do not sign this statement until you have read and understood all of the information in it. All parts of this form must be completed before you sign it. Borrower hereby acknowledges the receipt of a copy of this statement.

| NAME OF BROKER<br>LOGAN INVESTMENTS | LICENSE ID NUMBER<br>01170032 | BROKER'S REPRESENTATIVE<br>RON L. SENTCHUK | LICENSE ID NUMBER<br>00902607 |
|---|---|---|---|
| | NMLS ID NUMBER | | NMLS ID NUMBER |

BROKER'S ADDRESS     12725 VENTURA BOULEVARD, SUITE B, STUDIO CITY, CALIFORNIA 91604

| BROKER'S SIGNATURE | DATE 8-2-23 | OR SIGNATURE OF REPRESENTATIVE | DATE |
|---|---|---|---|
| BORROWER'S SIGNATURE | DATE | BORROWER'S SIGNATURE | DATE |

Jong Uk Byun
Department of Real Estate license information telephone number: 877-373-4542, or check license status at www.dre.ca.gov

NMLS - http://mortgage.nationwidelicensingsystem.org/about/pages/nmlsconsumeraccess.aspx

The Real Estate Broker negotiating the loan shall retain on file for a period of three years a true and correct copy of this disclosure signed and dated by the borrower(s).

THE RE 885 MORTGAGE LOAN DISCLOSURE STATEMENT, NON-TRADITIONAL MORTGAGE MUST BE USED FOR NON-TRADITIONAL MORTGAGE LOANS OF RESIDENTIAL PROPERTY (1-4 UNITS).

Non-Traditional Mortgage Loans are loan products that allow the borrower to defer payments of principal or interest. If any of the payments are not full principal and interest payments, then it is considered a Non-Traditional Mortgage Loan.

**DECLARATION OF GIOVANNI ORANTES**

I, Giovanni Orantes, hereby declare and state as follows:

1.      I am over 18 years of age. I am counsel of record for Jong Uk Byun. I am Board Certified in Business and Consumer Bankruptcy Law by the American Board of Certification and I am also a Certified Bankruptcy Specialist, State Bar of California, Board of Legal Specialization. Except when based on information and belief, I make this declaration on facts within my personal knowledge and if called as a witness, could and would testify thereto.

2.      I drafted and revised that combined DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION ("Plan") filed as Docket No. 118 with the assistance of the Debtor Jong Uk Byun, who also provided me information to prepare it.

3.      I provide this declaration as required by that MOTION TO CONFIRM PLAN OF REORGANIZATION OF DEBTOR ("Motion") to which this Declaration is appended as evidence that the Plan does not discriminate unfairly and is fair and equitable and to authenticate the ballots and the Plan Ballot Suymmary attached as Exhibit "1" to the Motion.

4.      The reference in 11 U.S.C. § 1129(b) to the requirement that a plan not "discriminate unfairly" has been held to mean that a plan cannot provide unequal treatment of similar claims or similar interests.  I drafted the Plan with the Debtor's input to pay all claims 100% of their claim with interest up until they are paid within 12 months of the Effective of the Plan. Therefore, similar claims are provided equal treatment. As such, the Plan does not discriminate unfairly.

5.      Section[1] 1129(b)(2)(A)(i) provides that the requirement that a plan be "fair and equitable" with respect to a class of secured claims includes the conditions that (i) each holder of a secured claim retain its lien securing such claim, and (ii) that such holder of the secured claim receives on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property (i.e., the holder of the secured claim must receive a market rate of interest with respect to the value of its collateral).  Here, the holders of secured

---

[1] References to sections are to sections of the Bankruptcy Code, i.e., 11 U.S.C. §§101, et seq.

1  claims retain their liens and will receive deferred cash payments totaling at least the allowed

2  amount of such claim, of a value, as of the effective date of the Plan with interest at 10% or as

3  otherwise ordered by the Court.

4      6.    Section 1129(b)(2)(B) provides that the requirement that a plan be "fair and

5  equitable" with respect to a class of unsecured claims includes the conditions that (i) each holder

6  of a claim of such class retain on account of such claim property of a value equal to the allowed

7  amount of such claim, or (ii) the holder of any junior claim or interest will not receive or retain

8  any property, except that in a case in which the debtor is an individual, the debtor may retain

9  property included in the estate under section 1115, subject to the requirements of subsection

10  (a)(14) of Section 1129. The requirements of Section 1129(b)(2)(B) have been met in this case

11  because holders of allowed unsecured claims will be paid 100% of their claim and monthly

12  interest up to the time they are paid within one year from the Petition Date. Junior claimants,

13  which here is only the Debtor, will keep property only because the Debtor is paying everyone

14  100% of their claims with monthly interest until paid at 10%.

15      7.    Attached as part of Exhibit "1" to the Motion is a true and correct copy of the Plan

16  Ballot Summary which I prepared. Also attached as part of Exhibit "1" are true and correct

17  copies of ballots as follows:

18      a.    Ballot rejecting the Plan by Class 2b creditor Allen Park.

19      b.    Ballot rejecting the Plan by Class 2b creditor Packo Investments, Inc..

20      c.    Ballot rejecting the Plan by Class 4a creditor Bac Family Trust (Packo

21      Investment, Inc.).

22      d.    Ballot accepting the Plan by Class 4b creditor Complete Business Solutions

23      Group/ Broadway Finance.

24      e.    Ballot rejecting the Plan by Class 4d creditor Mohamed Sanfaz (Packo

25      Investment, Inc).

26

27

28

EXECUTED this 17th day of November, 2023, at Los Angeles County, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Giovanni Orantes

Giovanni Orantes

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**3435 Wilshire Blvd., 27th Floor**
**Los Angeles, CA 90010**

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION TO CONFIRM PLAN OF REORGANIZATION OF DEBTOR WHO IS NOT AN INDIVIDUAL** [11 U.S.C. § 1129, FRBP 3020(b)] will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) November 17, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Melody G Anderson on behalf of Creditor Creditors Adjustment Bureau, Inc.
manderson@kjfesq.com

Katrina M Brown on behalf of Creditor Titan Asset Purchasing, LLC
kbrown@pskbfirm.com

Matthew L Eanet on behalf of Debtor Jong Uk Byun
matt@eanetpc.com, sara@eanetpc.com

Angela Gill on behalf of Creditor UNITED STATES OF AMERICA on behalf of the INTERNAL REVENUE SERVICE
angela.gill@usdoj.gov

Barry S Glaser on behalf of Creditor San Bernardino County Tax Collector
bglaser@salvatoboufadel.com, gsalvato@salvatoboufadel.com;Jboufadel@salvatoboufadel.com;gsalvato@ecf.courtdrive.com

David W. Meadows on behalf of Creditor Packo Investments, Inc. as Assignee of The Bae Family Trust
david@davidwmeadowslaw.com

David W. Meadows on behalf of Creditor Packo Investments, Inc. as Assignee of The Bae Family Trust, and Packo Investments, Inc. as Assignee of Mohamed Sanfaz
david@davidwmeadowslaw.com

David W. Meadows on behalf of Creditor Packo Investments, Inc., as Assignee of Mohamed Sanfaz
david@davidwmeadowslaw.com

David W. Meadows on behalf of Interested Party Courtesy NEF
david@davidwmeadowslaw.com

Kelly L Morrison on behalf of U.S. Trustee United States Trustee (LA)
kelly.l.morrison@usdoj.gov

Giovanni Orantes on behalf of Debtor Jong Uk Byun
go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com

Matthew D. Resnik on behalf of Interested Party Courtesy NEF
Matt@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;sloan@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;russ@rhmfirm.com

Gregory M Salvato on behalf of Creditor San Bernardino County Tax Collector
gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

---

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) November 17, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

United States Bankruptcy Court
Honorable Vincent P. Zurzolo
255 E. Temple Street, Suite 1360
Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 17, 2023 | Andrea M. Castro | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

*Printed Name*

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*August 2020*                    Page 14                    **VZ CH11.MOTION.CONFIRM.PLAN**

EXHIBIT 4

## LOGAN INVESTMENTS

818-755-0880 — PHONE

818-755-0881 — FAX

### TRANSMITTAL SHEET

TO: **Jong Uk Byun**

Email: jongukbyung@gmail.com

FROM: **ANKINE MIHALIAN**

**C/o: Pleasant Horizon Financial, Inc.**

Email: walterleyva@rocketmail.com

DATE: **AUGUST 2, 2023**

TOTAL NO. OF PAGES INCLUDING COVER:

45

**DICLOSURES ON:**

**1) 2203-2245 S. Alameda Street
    Los Angeles, CA 90058
    APN: 5167-015-064 & 5167-015-065**

**2) 2445 S. Alameda Street
    Los Angeles, Ca 90058
    APN: 5167-015-063**

**3) 1736 E. 24th Street
    Los Angeles, CA 90058
    APN: 5167-015-067**

URGENT☐      FOR REVIEW☐      PLEASE COMMENT PLEASE REPLY☐

NOTES/COMMENTS:

PLEASE FIND ATTACHED THE DISCLOSURES FOR YOUR REVIEW AND SIGNATURE:

- MORTGAGE LOAN DISCLOSURE STATEMENT & ADDENDUM
- ADDENDUM TO MLDS
- PAYOFF DEMAND

- BORROWER AKNOWLEDGEMENT
- AGREEMENT TO PROCURE LENDER
- FEDERAL EQUAL CREDIT OPPORTUNITY ACT NOTICE
- THE HOUSING FINANCIAL DISCRIMINATION ACT OF 1977 FAIR LENDING NOTICE
- APPRAISAL NOTICE
- PREPAYMENT RIDER
- DEFAULT INTEREST RIDER
- BORROWERS' CERTIFICATION AND AUTHORIZATION
- PRIVACY POLICY
- HAZARD INSURANCE DISCLOSURE
- DOCUMENT CORRECTION AGREEMENT
- CREDIT AUTHORIZATION
- E-SIGN AUTHORIZATION
- INFORMATION DISCLOSURE AUTHORIZATION
- CALIFORNIA COPIES OF SIGNED DOCUMENTS
- IMPORTANT INFORMATION (PATRIOT ACT) **(sign & date and include a copy of each Driver License)**
- LOAN APPLICATION **(to be fully completed, signed & dated by all signers) ON EACH PROPERTY**
- CALIFORNIA DOMESTIC PARTNERSHIP ADDENDUM TO LOAN APPLICATION
- AUTHORIZATION TO RELEASE SOCIAL SECURITY NUMBER

**PLEASE FAX ALL COMPLETED DOCUMENTATION REFERENCED ABOVE TO (818) 755-0881 OR EMAIL TO LOGANANI@HOTMAIL.COM.**

IF YOU HAVE ANY FURTHER QUESTIONS, PLEASE DO NOT HESITATE TO CONTACT RON SENTCHUK OR MYSELF AT (818) 755-0880.

THANK YOU,

ANKINE MIHALIAN-ADLER

Loan Number: JONGUKBYUN

STATE OF CALIFORNIA
DEPARTMENT OF REAL ESTATE
*Providing Service, Protecting You*

## MORTGAGE LOAN DISCLOSURE STATEMENT (TRADITIONAL)

RE 882 (Rev. 10/10)

BORROWER'S NAME(S)   JONG UK BYUN

REAL PROPERTY COLLATERAL: THE INTENDED SECURITY FOR THIS PROPOSED LOAN WILL BE A DEED OF TRUST OR MORTGAGE ON (STREET ADDRESS OR LEGAL DESCRIPTION)   2203-2245 S. ALAMEDA STREET (APN: 5167-015-064 & 5167-015-065), LOS ANGELES, CALIFORNIA 90058   *

THIS MORTGAGE LOAN DISCLOSURE STATEMENT IS BEING PROVIDED BY THE FOLLOWING CALIFORNIA REAL ESTATE BROKER ACTING AS A MORTGAGE BROKER   LOGAN INVESTMENTS

INTENDED LENDER TO WHOM YOUR LOAN APPLICATION WILL BE DELIVERED (IF KNOWN)   ☐ Unknown
TO BE DETERMINED

- For any federally related mortgage loans, HUD/RESPA laws require that a Good Faith Estimate (GFE) be provided. A RE 882 Mortgage Loan Disclosure Statement (MLDS) is required by California law and must also be provided.
- The information provided below reflects estimates of the charges you are likely to incur at the settlement of your loan. The fees, commissions, costs and expenses are estimates; the actual charges may be more or less. Your transaction may not involve a charge for every item listed and any additional items charged will be listed.

| Item | Paid to Others | Paid to Broker |
|---|---|---|
| *Items Payable in Connection with Loan* | | |
| Mortgage Broker Commission/Fee | | ** $ 665,000.00 |
| Lender's Loan Origination Fee | $ | |
| Lender's Loan Discount Fee | $ | |
| Appraisal Fee | $ | $ |
| Credit Report | $ | $ |
| Lender's Inspection Fee | $ | $ |
| Tax Service Fee | $ | $ |
| Processing Fee (Pleasant Horizon Financial) | $ 1,800.00 | $ 2,500.00 |
| Underwriting Fee | $ | $ |
| Wire Transfer Fee | $ 250.00 | $ |
| *Items Required by Lender to be Paid in Advance* | | |
| Interest for 17 days at $ 2,397.26 per day | $ 40,753.43 | $ |
| Hazard Insurance Premiums | $ | $ |
| County Property Taxes | $ | $ |
| Mortgage Insurance Premiums | $ | $ |
| VA Funding Fee/FHA MIP/PMI | $ | $ |
| Other: -- | $ | $ |
| *Reserves Deposited with Lender* | | |
| Hazard Insurance: ——— months at $ ———/mo. | $ | $ |
| Co. Property Taxes: ——— months at $ ———/mo. | $ | $ |
| Mortgage Insurance: ——— months at $ ———/mo. | $ | $ |
| Other: Aggregate Adjustment | $ | $ |
| *Title Charges* | | |
| Settlement or Closing/Escrow Fee | $ 3,500.00 | $ |

INITIAL HERE

*  2445 S. Alameda Street, Los Angeles, CA 90058 (APN: 5167-015-063)
   1736 E. 24th Street, Los Angeles, CA 90058 (APN: 5167-015-067)
** Out of the $665,000.00 Origination fee, $210,000.00 will be disbursed to
   Pleasant Horizon Financial, Inc.

| | | | | |
|---|---|---|---|---|
| Document Preparation Fee | $ | | $ | |
| Notary Fee | $ | 300.00 | $ | |
| Title Insurance | $ | | $ | |
| Other: Title - Courier Fee | $ | 100.00 | $ | |
| *Government Recording and Transfer Charges* | | | | |
| Recording Fees | $ | | $ | |
| City/County Tax/Stamps | $ | | $ | |
| Other: Recording Deed Fee | $ | 250.00 | $ | |
| *Additional Settlement Charges* | | | | |
| Pest Inspection | $ | | $ | |
| Credit Life, and/or Disability Insurance (See Note below)* | $ | | $ | |
| Subtotals of Initial Fees, Commissions, Costs and Expenses | $ | 65,033.43 | $ | 675,000.00 |

Total of Initial Fees, Commissions, Costs and Expenses          (e) $     740,033.43

*Compensation to Broker (Not Paid Out of Loan Proceeds)*

Yield Spread Premium, Service Release Premium or Other Rebate Received from Lender          *          $ See attached Addendum

Yield Spread Premium, Service Release Premium or Other Rebate Credited to Borrower          $ n/a          to MLDS

Total Amount of Compensation Retained by Broker          *          $ See attached Addendum          to MLDS

* Note: The purchase of Credit Life and/or Disability Insurance is NOT required as a condition of making this proposed loan.

## ADDITIONAL REQUIRED CALIFORNIA DISCLOSURES

Proposed Loan Amount          $ 7,000,000.00

Initial Commissions, Fees, Costs, and Expenses Summarized on Page 1          (e)          $     740,033.43

Down Payment or Loan Payoffs/Creditors: (List):          $ _____
SEE PAYOFF SCHEDULE          (e)          $ 5,200,000.00

_____          $ _____

_____          $ _____

Subtotal of All Deductions          (e)          $ 5,940,033.43

Estimated Cash at Closing ☒ To You ☐ That You Must Pay          (e)          $ 1,059,966.57 **

## GENERAL INFORMATION ABOUT LOAN

PROPOSED INTEREST RATE:          Proposed Monthly Loan Payments: $ 72,916.67          Principal XX Interest (P&I) X

12.500 %          If the loan is a variable interest rate loan, the payment will vary. See loan documents for details.

☒ FIXED RATE ☐ INITIAL VARIABLE RATE          Total Number of Installments: 18

Loan Term: _____ Years    18    Months

## BALLOON PAYMENT INFORMATION

| IS THIS LOAN SUBJECT TO A BALLOON PAYMENT? ☒ Yes ☐ No | DUE DATE OF FINAL BALLOON PAYMENT (ESTIMATED MONTH/DAY/YEAR) 03/01/2025 | AMOUNT OF BALLOON PAYMENT $7,072,916.67 |
|---|---|---|

IF YES, THE FOLLOWING PARAGRAPH APPLIES:
NOTICE TO BORROWER: IF YOU DO NOT HAVE THE FUNDS TO PAY THE BALLOON PAYMENT WHEN IT COMES DUE, YOU MAY HAVE TO OBTAIN A NEW LOAN AGAINST YOUR PROPERTY TO MAKE THE BALLOON PAYMENT. IN THAT CASE, YOU MAY AGAIN HAVE TO PAY COMMISSIONS, FEES, AND EXPENSES FOR THE ARRANGING OF THE NEW LOAN. IN ADDITION, IF YOU ARE UNABLE TO MAKE THE MONTHLY PAYMENTS OR THE BALLOON PAYMENT, YOU MAY LOSE THE PROPERTY AND ALL OF YOUR EQUITY THROUGH FORECLOSURE. KEEP THIS IN MIND IN DECIDING UPON THE AMOUNT AND TERMS OF THIS LOAN.

INITIAL HERE

MORTGAGE LOAN DISCLOSURE STATEMENT (TRADITIONAL)
RE882.MSC 10/01/10          Page 2 of 4          ☆ DocMagic

** less any delinquent property taxes owed on each parcel/property and remaining
to be held for environmental clean-up of all subject parcels/properties

## PREPAYMENT INFORMATION

| PREPAYMENT PENALTY?<br>☒ Yes ☐ No | # OF YEARS THAT PREPAYMENT PENALTY IS IN EFFECT<br>6 months | MAXIMUM DOLLAR AMOUNT OF PENALTY<br>437,500.02 plus per-diem<br>interest |
|---|---|---|

IS THERE A PREPAYMENT PENALTY FOR PAYING IN EXCESS OF 20% OF THE ORIGINAL OR UNPAID LOAN BALANCE?
☒ Yes ☐ No    If Yes, see loan documents for details

## TAXES AND INSURANCE

| IMPOUND ACCOUNT?<br>☐ Yes ☒ No | IMPOUND ACCOUNT WILL INCLUDE | | | | |
|---|---|---|---|---|---|
| APPROXIMATE AMOUNT<br>THAT WILL BE COLLECTED<br>MONTHLY<br>$ | County Property<br>Taxes<br>☐ Yes ☐ No | Mortgage<br>Insurance<br>☐ Yes ☐ No | Hazard Insurance<br>☐ Yes ☐ No | Flood Insurance<br>☐ Yes ☐ No | Other: —<br>☐ Yes ☐ No |
| IF NO, PLAN FOR THESE<br>PAYMENTS ACCORDINGLY | BORROWER MUST PLAN FOR PAYMENTS OF THE FOLLOWING ITEMS | | | | |
| ▶ | County Property<br>Taxes<br>☒ Yes ☐ No | Mortgage<br>Insurance<br>☐ Yes ☐ No | Hazard Insurance<br>☒ Yes ☐ No | Flood Insurance<br>☐ Yes ☐ No | Other: Liability<br>☒ Yes ☐ No |

Note: In a purchase transaction, county property taxes are calculated based on the sales price of the property and may require the payment of an additional (supplemental) tax bill issued by the county tax authority. The payment of county property taxes (including supplemental bills) may be paid by your lender if an impound/escrow account has been established.

If an impound/escrow account has not been established, the payment of all tax bills including any and all supplemental tax bills will be the responsibility of the borrower(s).

## OTHER LIENS

LIENS CURRENTLY ON THIS PROPERTY FOR WHICH THE BORROWER IS OBLIGATED

| Lienholder's Name | Amount Owing | Priority |
|---|---|---|
| UNKNOWN | (e)  2,300,000.00 | 1st * |
| | | |
| | | |

LIST LIENS THAT WILL REMAIN OR ARE ANTICIPATED TO REMAIN ON THIS PROPERTY AFTER THE PROPOSED LOAN FOR WHICH YOU ARE APPLYING IS MADE OR ARRANGED (INCLUDING THE PROPOSED LOAN FOR WHICH YOU ARE APPLYING):

| Lienholder's Name | Amount Owing | Priority |
|---|---|---|
| TO BE DETERMINED | 7,000,000.00 | 1st |
| | | |
| | | |

NOTICE TO BORROWER: BE SURE THAT YOU STATE THE AMOUNT OF ALL LIENS AS ACCURATELY AS POSSIBLE. IF YOU CONTRACT WITH THE BROKER TO ARRANGE THIS LOAN, BUT IT CANNOT BE ARRANGED BECAUSE YOU DID NOT STATE THESE LIENS CORRECTLY, YOU MAY BE LIABLE TO PAY COMMISSIONS, COSTS, FEES, AND EXPENSES EVEN THOUGH YOU DO NOT OBTAIN THE LOAN.

* on all the subject parcels/properties



| | ARTICLE 7 COMPLIANCE | |
|---|---|---|

If this proposed loan is secured by a first deed of trust in a principal amount of less than $30,000 or secured by a junior lien in a principal amount of less than $20,000, the undersigned broker certifies that the loan will be made in compliance with Article 7 of Chapter 3 of the Real Estate Law.

WILL THIS LOAN BE MADE WHOLLY OR IN PART FROM BROKER CONTROLLED FUNDS AS DEFINED IN SECTION 10241(J) OF THE BUSINESS AND PROFESSIONS CODE?

☑ May    ☐ Will    ☐ Will Not

Note: If the broker indicates in the above statement that the loan "may" be made out of broker-controlled funds, the broker must inform the borrower prior to the close of escrow if the funds to be received by the borrower are in fact broker-controlled funds.

| | STATED INCOME | |
|---|---|---|

IS THIS LOAN BASED ON LIMITED OR NO DOCUMENTATION OF YOUR INCOME AND/OR ASSETS?

☑ Yes  ☐ No    If Yes, be aware that this loan may have a higher interest rate or more points or fees than other products requiring documentation.

| | NOTICE TO BORROWER: THIS IS NOT A LOAN COMMITMENT | |
|---|---|---|

Do not sign this statement until you have read and understood all of the information in it. All parts of this form must be completed before you sign it. Borrower hereby acknowledges the receipt of a copy of this statement.

| NAME OF BROKER<br>LOGAN INVESTMENTS | LICENSE ID NUMBER<br>01170032 | BROKER'S REPRESENTATIVE<br>RON L. SENTCHUK | LICENSE ID NUMBER<br>00902607 |
|---|---|---|---|
| | NMLS ID NUMBER | | NMLS ID NUMBER |

BROKER'S ADDRESS    12725 VENTURA BOULEVARD, SUITE B, STUDIO CITY, CALIFORNIA 91604

| BROKER'S SIGNATURE | DATE 8-2-23 | OR SIGNATURE OF REPRESENTATIVE | DATE |
|---|---|---|---|
| BORROWER'S SIGNATURE | DATE | BORROWER'S SIGNATURE | DATE |

Jong Uk Byun
Department of Real Estate license information telephone number: 877-373-4542, or check license status at www.dre.ca.gov

NMLS - http://mortgage.nationwidelicensingsystem.org/about/pages/nmlsconsumeraccess.aspx

The Real Estate Broker negotiating the loan shall retain on file for a period of three years a true and correct copy of this disclosure signed and dated by the borrower(s).

THE RE 885 MORTGAGE LOAN DISCLOSURE STATEMENT, NON-TRADITIONAL MORTGAGE MUST BE USED FOR NON-TRADITIONAL MORTGAGE LOANS OF RESIDENTIAL PROPERTY (1-4 UNITS).

Non-Traditional Mortgage Loans are loan products that allow the borrower to defer payments of principal or interest. If any of the payments are not full principal and interest payments, then it is considered a Non-Traditional Mortgage Loan.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:1801 Century Park East, Suite 1201, Los Angeles, CA  90067.

A true and correct copy of the foregoing documents entitled **MOTION TO CONVERT CHAPTER 11 CASE TO CASE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF DAVID W. MEADOWS IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. 11/20/23, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

   Please see next page.

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:

On _____, I caused to be served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 11/20/23, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| Honorable Vincent P. Zurzolo (Via Messenger)<br>United States Bankruptcy Court<br>255 E. Temple Street, Suite 1368<br>Los Angeles, CA 90012 | The Debtor: (via FedEx)<br>Jong Uk Byun<br>3439 Padua Avenue<br>Claremont, CA  91711 |
|---|---|

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/20/2023 | David W. Meadows | /s/ David W. Meadows |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1.   Continued:


- **Melody G Anderson**     manderson@kjfesq.com
- **Katrina M Brown**     kbrown@pskbfirm.com
- **Matthew L Eanet**     matt@eanetpc.com, sara@eanetpc.com
- **Angela Gill**     angela.gill@usdoj.gov
- **Barry S Glaser**     bglaser@salvatoboufadel.com,
  gsalvato@salvatoboufadel.com;Jboufadel@salvatoboufadel.com;gsalvato@ecf.courtdrive.com
- **David W. Meadows**     david@davidwmeadowslaw.com
- **Kelly L Morrison**     kelly.l.morrison@usdoj.gov
- **Giovanni Orantes**     go@gobklaw.com, gorantes@orantes-
  law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bes
  tcase.com
- **Matthew D. Resnik**     Matt@rhmfirm.com,
  roksana@rhmfirm.com;rosario@rhmfirm.com;sloan@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rh
  mfirm.com;david@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;russ@rhmfirm.com
- **Gregory M Salvato**     gsalvato@salvatoboufadel.com,
  calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **United States Trustee (LA)**     ustpregion16.la.ecf@usdoj.gov


This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                              **F 9013-3.1.PROOF.SERVICE**